Ross C. Goodman
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088

*Attorneys for Plaintiff Monica Contreras*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS,<br><br>    Plaintiff,<br><br>vs.<br><br>RONALD D. FOX; JAMES KENYON; PATRICIA DONINGER; CLARK COUNTY, NEVADA; STATE OF NEVADA, ex rel. THE EIGHTH JUDICIAL DISTRICT COURT, DOES 1-10; and ROE ENTITIES 11-20, inclusive,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff MONICA CONTRERAS, for her Complaint against Defendants, and each of them, jointly and severally, alleges and claims as set forth below. Plaintiff also respectfully requests a Jury Trial.

1.      This Court has jurisdiction under 28 U.S.C. §1331 and §1343, and 42 U.S.C. §1983, and supplemental jurisdiction with respect to state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial portion of the events and conduct giving rise to the violations of law complained of herein occurred in this District.

2. Plaintiff MONICA CONTRERAS is a resident and citizen of Clark County, Nevada.

3. The Family Court referred to herein is a division of the Eighth Judicial District Court, also known as the Clark County District Court. On information and belief, for purposes relevant to the claims herein, the District Court, including the Family Court, is operated by and on behalf of, and is a part of, each and both of Defendants CLARK COUNTY and STATE OF NEVADA.

4. Defendant RONALD D. FOX was at relevant times a court marshal at the Family Court and is sued in his individual capacity.

5. Defendant JAMES KENYON was at relevant times a court marshal at the Family Court and is sued in his individual capacity.

6. Defendant PATRICIA DONINGER was at relevant times a hearing master at the Family Court and is sued in her individual capacity.

7. Upon information and belief, Defendant CLARK COUNTY and Defendant STATE of NEVADA, through its EIGHTH JUDICIAL DISTRICT COURT, were, for purposes relevant to the claims herein, co-employers of Defendants FOX, KENYON and DONINGER.

8. The true names and/or capacities of Defendants DOES 1-10 and ROE ENTITIES 11-20, are unknown to Plaintiff, who therefore sues said Defendants, and each of them, by such fictitious names. On information and belief, each of the Defendants so designated are responsible in some manner for the events and happenings referred to, and caused damages to the Plaintiff as alleged herein, and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of such DOE and ROE Defendants, when same have been ascertained, together with appropriate charging allegations, and to join such parties in this action.

///

9. On August 8, 2011, Plaintiff appeared in the Family Court, with her young daughter, at a hearing concerning a temporary restraining order that had been moved for by her ex-husband.

10. Defendant PATRICIA DONINGER, a hearing master, was presiding at this hearing.

11. After Hearing Master DONINGER denied the ex-husband's motion, Plaintiff began to leave the courtroom with her daughter.

12. As Plaintiff was leaving the courtroom, she was approached by Defendant FOX who told her she needed to go into an anteroom for a drug search.

13. Defendant FOX told Plaintiff that he had been directed to do a drug search by Defendant DONINGER.

14. On information and belief, on or about the same day, Defendant FOX told a representative of Child Protective Services that he had been directed to do a drug search by Defendant DONINGER.

15. Neither Defendant FOX or Defendant DONINGER had any reason to have a drug search done, or any reason to detain Plaintiff.

16. While in the anteroom, Defendant FOX engaged in non-consensual improper sexual contact with Plaintiff's body and made sexually abusive and harassing requests.

17. Plaintiff returned to the courtroom and addressed Defendant DONINGER concerning Fox' actions.

18. Both Defendants FOX and KENYON intimidated and threatened to arrest Plaintiff in an attempt to coerce Plaintiff into addressing Defendant Hearing Master DONINGER and recanting her statements about FOX's actions.

///

19. When Plaintiff did not recant her statements, Defendants FOX and KENYON arrested Plaintiff, placed her in handcuffs, issued her criminal citations, and detained her for an extended period in a holding cell at the Family Court.

20. After that extended detention in the holding cell, other officers arrived and released Plaintiff from custody.

21. While Plaintiff was being arrested and detained, Defendants had the court clerk call Child Protective Services to come and take custody of Plaintiff's daughter.

22. Child Protective Services did come to the court and took custody of Plaintiff's daughter, holding her for several hours before she was released to her father.

23. For an extended period of months, Plaintiff was only allowed limited supervised visits with her daughter at Child Haven.

24. Upon information and belief, many months after Plaintiff submitted a complaint, FOX's employment was terminated due to his improper actions with respect to Plaintiff.

25. Upon information and belief, Defendant KENYON was a supervisor over Defendant FOX.

26. Defendant DONINGER had an administrative duty to supervise the conduct of the court staff, including the court marshals.

27. Defendant DONINGER's administrative duty to supervise included a duty to not permit court staff to engage in abuse and harassment.

28. Particularly in view of the dramatic difference in Plaintiff's demeanor between her initial appearance at the motion hearing and upon her return into the courtroom, Defendant DONINGER had notice that something untoward and traumatic had occurred.

29. As part of her administrative supervisory duties, Defendant DONINGER had sufficient reason, and a duty, to intervene, inquire and consider what Plaintiff and the Marshals',

had to say about whether Plaintiff had been subjected to improprieties and, related thereto, to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

30. Defendant DONINGER ignored Plaintiff, took no steps to allow Plaintiff to fully explain what she had to say about what had and was happening to her, no steps to ascertain what the marshals had to say, and related thereto, no step to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

31. At all relevant times, the acts and conduct of Defendants FOX, KENYON, and DONINGER were done within the course and scope of their employment as employees and/or agents of Defendants CLARK COUNTY and STATE of NEVADA.

32. As a direct and proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff suffered injury and damages, including, but not limited to, deprivation of her personal liberty, deprivation of her maternal rights with respect to her daughter, and emotional distress.

**FIRST CLAIM FOR RELIEF**

(Against Defendants FOX, KENYON and DONINGER, pursuant to 42 USC 1983 for violation of 4th Amendment rights)

33. Plaintiff repeats and realleges the allegations of paragraphs 1 through 32 as if fully set forth hereat.

34. Defendants FOX and KENYON subjected Plaintiff to an unreasonable search and seizure in violation of her rights pursuant to the 4th Amendment of the United States Constitution.

35. Defendant DONINGER'S conscious disregard of Plaintiff's rights and failure to act as alleged above was a contributing cause of Plaintiff being subjected to an unreasonable search and seizure.

36. As a direct and proximate result of the violation of such rights, Plaintiff suffered injury and damages, including, but not limited to, deprivation of her personal liberty and emotional distress.

37. The wrongful conduct of Defendant FOX was intentional and evilly motivated.

38. The wrongful conduct of Defendants KENYON and DONINGER involved reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

39. Plaintiff is entitled to an award of punitive damages pursuant to 42 USC § 1983.

40. Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42 USC 1988.

## SECOND CLAIM FOR RELIEF

(Against Defendants FOX, KENYON, and DONINGER pursuant to 42 USC 1983 for violation of 14th Amendment rights)

41. Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 as if fully set forth hereat.

42. Defendants FOX, KENYON and DONINGER subjected Plaintiff to a deprivation of her liberty interest in her right of familial relationship and society with her daughter, in violation of her rights pursuant to the 14th Amendment of the United States Constitution.

43. As a direct and proximate result of the violation of such rights, Plaintiff suffered injury and damages, including, but not limited to, deprivation of her right of familial relationship and society with her daughter and emotional distress.

44. The wrongful conduct of Defendant FOX was intentional and evilly motivated, and the wrongful conduct of Defendants KENYON and DONINGER involved reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

///

45. Plaintiff is entitled to an award of punitive damages pursuant to 42 USC § 1983.

46. Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42 USC 1988.

### THIRD CLAIM FOR RELIEF

(Against Defendant DONINGER, supervisory liability pursuant to 42 USC 1983 for violation of 4th and 14th Amendment rights)

47. Plaintiff repeats and realleges the allegations of paragraphs 1 through 46 as if fully set forth hereat.

48. Defendant DONINGER had supervisory authority and responsibility for the conduct of court marshals Defendants FOX and KENYON.

49. Defendant DONINGER knowingly failed to take actions within her administrative supervisory authority and responsibility which would have prevented the violation of Plaintiff's rights.

50. The wrongful failure to supervise involved reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

51. Plaintiff is entitled to an award of punitive damages pursuant to 42 USC § 1983.

52. Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42 USC 1988.

### FOURTH CLAIM FOR RELIEF

(Against Defendant CLARK COUNTY, municipal liability pursuant to 42 USC 1983)

53. Plaintiff repeats and realleges the allegations of paragraphs 1 through 52 as if fully set forth hereat.

54. Upon information and belief, there were numerous prior incidents of improper conduct by Family Court personnel, including court marshals, and including unreasonable search

and seizure, use of excessive force, and other violations of citizen's constitutional rights.

55. Upon information and belief, Defendant CLARK COUNTY was aware of such prior incidents.

56. Upon information and belief, Defendant CLARK COUNTY, with deliberate indifference, failed to adequately train, supervise or discipline Family Court personnel, including marshals, concerning unreasonable searches and seizures and other violations of citizen's constitutional rights, and has retained personnel with knowledge of unfitness for their position.

57. Upon information and belief, the failure of Defendant CLARK COUNTY to adequately train, supervise or discipline Family Court personnel and the retention of unfit personnel constituted a de facto policy causing a custom and practice of Family Court personnel engaging in unreasonable searches and seizures and other violations of citizen's constitutional rights.

58. Upon information and belief, the just-noted failures, de facto policy, and custom and practice were a proximate cause of the violation of Plaintiff's Constitutional rights as herein alleged.

59. Pursuant to 42 USC 1983 and 1988, Plaintiff is entitled to compensatory damages, reasonable attorneys' fees and costs against Defendant CLARK COUNTY.

## FIFTH CLAIM FOR RELIEF

(Battery against Defendant FOX)

60. Plaintiff repeats and realleges the allegations of paragraphs 1 through 59 as if fully set forth hereat.

61. The conduct of Defendant FOX, in engaging in non-consensual improper sexual contact with Plaintiff's body, without any legal privilege, constituted a battery against Plaintiff.

62. As a direct and proximate result of such battery, Plaintiff suffered injury and

damages, including, but not limited to, severe emotional distress.

63. Defendant FOX's battery was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages.

### SIXTH CLAIM FOR RELIEF

(False Imprisonment against Defendants FOX and KENYON)

64. Plaintiff repeats and realleges the allegations of paragraphs 1 through 63 as if fully set forth hereat.

65. The arrest and detention of Plaintiff by Defendants FOX and KENYON was without any legal cause or justification.

66. The arrest and detention of Plaintiff by Defendants FOX and KENYON caused Plaintiff to be falsely imprisoned.

67. As a direct and proximate result of such false imprisonment, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

68. The false imprisonment was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages.

### SEVENTH CLAIM FOR RELIEF

(Defamation against Defendants FOX and KENYON)

69. Plaintiff repeats and realleges the allegations of paragraphs 1 through 68 as if fully set forth hereat.

70. Defendant FOX falsely stated to third parties that Plaintiff had committed a crime.

71. Defendant FOX's false statement to third parties that Plaintiff had committed a crime was defamation per se.

72. By arresting and placing Plaintiff in restraints in view of third parties, without legal justification or privilege, Defendant KENYON negligently defamed Plaintiff.

73. As a direct and proximate result of such defamation, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

74. The defamation by Defendant FOX was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages against said Defendant.

## EIGHTH CLAIM FOR RELIEF

(False Light against Defendants FOX and KENYON)

75. Plaintiff repeats and realleges the allegations of paragraphs 1 through 74 as if fully set forth hereat.

76. Defendant FOX intentionally and unreasonably placed Plaintiff in a false light in view of third parties by his false statements and participation in her arrest.

77. By arresting and placing Plaintiff in restraints in view of third parties, without legal justification or privilege, Defendant KENYON negligently placed Plaintiff in a false light in view of third parties.

78. As a direct and proximate result of being placed in such false light, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

79. The placing if Plaintiff in false light by Defendant FOX was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages against said Defendant.

## NINTH CLAIM FOR RELIEF

(Infliction of Emotional Distress against Defendants FOX and KENYON)

80. Plaintiff repeats and realleges the allegations of paragraphs 1 through 79 as if fully set forth hereat.

81. By his unreasonable search, non-consensual improper sexual contact with Plaintiff's body, defamatory statements, and arrest and detention, Defendant FOX intentionally

inflicted severe emotional distress upon Plaintiff

82. By his arrest and detention of Plaintiff, without taking steps to ascertain whether there was probable cause to do so, Defendant KENYON negligently inflicted severe emotional distress upon Plaintiff.

83. As a direct and proximate result of such infliction of severe emotional distress, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

84. The infliction by Defendant FOX was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages against said Defendant.

## TENTH CLAIM FOR RELIEF

(Negligent Supervision against Defendant DONINGER)

85. Plaintiff repeats and realleges the allegations of paragraphs 1 through 84 as if fully set forth hereat.

86. Defendant DONINGER had a duty to supervise the conduct of court marshals Defendants FOX and KENYON.

87. Defendant DONINGER breached that duty when she took no steps to supervise the court marshals' conduct, including no steps to allow Plaintiff to fully explain what she had to say about what had and was happening to her, no steps to ascertain what the marshals had to say, and related thereto, no step to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

88. If and to the extent that her failure was not knowingly done, Defendant DONINGER negligently failed to supervise the court marshals' conduct.

89. As a direct and proximate result of such negligent breach of duty, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

///

### ELEVENTH CLAIM FOR RELIEF

(Negligence against Defendant FOX)

90. Plaintiff repeats and realleges the allegations of paragraphs 1 through 89 as if fully set forth hereat.

91. While Plaintiff has reason to believe and allege the contrary, if and to the extent that Defendant FOX was not aware that he was not conducting a proper search, that he was conducting a search in an improper and offensive manner, that Plaintiff's statements did not violate any law, and that her arrest and detention were without basis and improper, then he was negligent in connection with such conduct.

92. As a direct and proximate result of such negligence, t breach if duty, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

### TWELFTH CLAIM FOR RELIEF

(Negligent Training/Supervision/Retention against Defendants CLARK COUNTY and STATE OF NEVADA)

93. Plaintiff repeats and realleges the allegations of paragraphs 1 through 92 as if fully set forth hereat.

94. Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA had a duty to provide proper and adequate training to court marshals concerning the searching of citizens and the ascertainment of probable cause and other requirements prior to arrest.

95. Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA had a duty to properly supervise personnel, including court marshals, and to properly investigate and take appropriate disciplinary actions with respect to misconduct of personnel.

///

96. Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA had a duty to refrain from retaining personnel for whom there was reason to belief were not fit for their positions.

97. Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA negligently failed to provide proper and adequate training to court marshals, including Defendants FOX and KENYON, concerning the searching of citizens and the ascertainment of probable cause and other requirements prior to arrest.

98. Upon information and belief, there were numerous prior incidents of improper conduct by Family Court personnel, including court marshals, and including unreasonable search and seizure, use of excessive force, and other violations of citizen's constitutional rights.

99. Upon information and belief, Defendants CLARK COUNTY and STATE of NEVADA was aware of such prior incidents.

100. Upon information and belief, Defendants CLARK COUNTY and STATE of NEVADA negligently failed to supervise or discipline Family Court personnel, including marshals, concerning unreasonable searches and seizures and other violations of citizen's constitutional rights, and have retained personnel with knowledge of unfitness for their position.

101. Upon information and belief, the negligent failure of Defendants CLARK COUNTY and STATE of NEVADA were a proximate cause of the violation of Plaintiff's Constitutional rights, and caused her injury and damages, as herein alleged.

### THIRTEENTH CLAIM FOR RELIEF

(Respondeat superior liability against Defendants CLARK COUNTY and STATE OF NEVADA)

102. Plaintiff repeats and realleges the allegations of paragraphs 1 through 101 as if fully set forth hereat.

103. Upon information and belief, the acts and conduct of Defendants FOX, KENYON, and DONINGER were done within the course and scope of their employment as employees and/or agents of Defendants CLARK COUNTY and STATE of NEVADA.

104. Pursuant to the principle of respondeat superior, Defendants CLARK COUNTY and STATE of NEVADA are liable for the injury and damages caused to Plaintiff by said individual Defendants.

WHEREFORE, Plaintiff requests that this Court enter a judgment in her favor and against Defendants, jointly and severally, and award:

1. Compensatory damages in an amount to be determined;

2. Punitive damages against the individual Defendants in an amount to be determined;

3. Reasonable attorneys' fees and costs; and

4. Such other and further relief as the Court deems proper.

Dated this 5th day of March, 2013.

> *s/ Ross C. Goodman, Esq.*
> Ross C. Goodman
> Nevada Bar No. 7722
> **GOODMAN LAW GROUP, P.C.**
> ross@goodmanlawgroup.com
> 520 S. Fourth St., 2nd Floor
> Las Vegas, Nevada 89101
> *Attorneys for Plaintiff Philip Kelley*