CATHERINE CORTEZ MASTO
Attorney General
C. WAYNE HOWLE
Solicitor General
WHowle@ag.nv.gov
Nevada State Bar #3443
100 North Carson Street
Carson City, Nevada  89701-4717
Telephone:  (775) 684-1227
Facsimile:  (775) 684-1108
*Attorneys for State of Nevada and
Eighth Judicial District Court*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS, | Case No. 2:13-cv-00591-APG-PAL |
| Plaintiff, | |
| vs. | |
| RONALD D. FOX; JAMES KENYON, PATRICIA DONINGER; CLARK COUNTY, NEVADA; THE STATE OF NEVADA, ex rel. THE EIGHTH JUDICIAL DISTRICT COURT; DOES 1-10; and ROE ENTITIES 11-20, inclusive, | |
| Defendants. | |

**DEFENDANT STATE OF NEVADA'S MOTION TO DISMISS**

The State of Nevada, by and through its counsel, Catherine Cortez Masto, Attorney General, and C. Wayne Howle, Solicitor General,  comes now and presents its motion to dismiss the complaint filed against it by Plaintiff Monica Contreras (Contreras).  This motion is made and based upon the Eleventh Amendment of the United States Constitution, and on Rule 12(b)(6) of the Federal Rules of Civil Procedure, as set forth below.

**INTRODUCTION**

The complaint in this action filed by Plaintiff Monica Contreras (Contreras) is one brought pursuant to 42 U.S.C. § 1983 and state tort law.  It purports to allege violations of Contreras' civil rights arising out of certain alleged actions occurring in the Eighth Judicial

Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

District Court.   It names numerous defendants, among them the State of Nevada, acting through its Eighth Judicial District Court.   It specifically alleges that, "[u]pon information and belief, Defendant CLARK COUNTY and Defendant STATE of NEVADA, through its EIGHTH JUDICIAL DISTRICT COURT, were, for purposes relevant to the claims herein, co-employers of Defendants FOX, KENYON and DONINGER."  *See* Complaint at ¶ 7.

## ARGUMENT

A.   <u>RELEVANT LAW AND STANDARDS OF REVIEW.</u>

The Eleventh Amendment states simply:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. 11.

The effect of the amendment is greater than its literal words.  Since *Hans v. Louisiana,* 134 U.S. 1 (1890), it has been construed to prohibit suit against a state in federal court by any citizen.  Even though the Amendment "by its terms . . . applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States."  *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 363 (2001).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides the basis for dismissal of a complaint against a State based upon the Eleventh Amendment:

> Dismissal based on Eleventh Amendment immunity is not under Fed.R.Civ.P.  12(b)(1)  subject-matter  jurisdiction;  rather,  the Eleventh Amendment itself provides the controlling legal authority for dismissing a defendant or a claim.  *Ernst v. Roberts,* 379 F.3d 373, 392 (6th Cir. 2004).   Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable legal theory.  See *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

*Smith v. Reyes,* ____ F. Supp. 2d ____, 2012 WL 5831173 *2 (S.D. Cal. 2012).

Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

B.   THE STATE OF NEVADA IS IMMUNE FROM CITIZEN SUIT IN FEDERAL COURT UNDER  THE ELEVENTH AMENDMENT

The State respectfully submits that it is entitled to immunity in this Court and should be dismissed.   Absent waiver by the state or valid congressional abrogation, the Eleventh Amendment bars a damages action against a state in federal court.  *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 269 (1997).  *See also Coleman v. Court of Appeals of Maryland,* 566 U.S. ___, 132 S.Ct. 1327, 1333 (2012) ("[a] foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense").

There simply is no question about States' immunity from citizen suit in federal court.  It is and has for many years been the subject of extensive scholarship.  *See e.g.* Bradford R. Clark*, The Eleventh Amendment and the Nature of the Union,* 123 Harv. L. Rev. 1817 (2010); Justin Schwartz, *Less Than Meets the Eye: Antidiscrimination and the Development of Section 5 Enforcement and Eleventh Amendment Abrogation Law Since City of Boerne v. Flores,* 38 Hastings Const. L.Q. 259 (2011).

Although Congress may, in appropriate cases, abrogate the States' immunity, this must be done by a clear statement.

> The modern clear statement rule is that the statement must be express and clear from the statutory language alone. See *Dellmuth v. Muth,* 491 U.S. 223, 228 (1989); see also *Green v. Mansour*, 474 U.S. 64, 68 (1985) (same); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

Schwartz, 38 Hastings Const. L.Q. 259, at 266 n.28 (2011).

Congress did not abrogate States' immunity by enactment of 42 U.S.C. § 1983. Neither States nor state officials sued in their official capacities are "persons" who may be sued under 42 U.S.C. § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  *See also Cortez v. County of Los Angeles*, 294 F.3d 1186 (9th Cir. 2002) (a State and its officials sued in their official capacity are not considered "persons" who can be sued for

Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

1    constitutional violations, within the meaning of § 1983, due to the sovereign immunity

2    generally afforded states by the Eleventh Amendment).

3        Congress has not waived Nevada's immunity under any of Contreras' claims.  Nor has

4    Nevada waived, and has instead expressly reserved, its immunity from suit in federal courts.

5    Nev. Rev. Stat. 41.031(3).  Nevada's Eleventh Amendment immunity has specifically been

6    repeatedly recognized.  *See e.g. Carey v. Nevada Gaming Control Bd.,* 279 F.3d 873, 877

7    (9th Cir. 2002), *Progressive Games, Inc. v . Shuffle Master, Inc.*, 69 F.Supp. 2d 1274, 1275

8    (D. Nev. 1999).

9                                    **III.  CONCLUSION**

10       The State of Nevada should be dismissed from this action because it is immune from

11   citizen suit in federal court pursuant to the Eleventh Amendment.  Contreras has therefore

12   failed to state a claim upon which relief can be granted to him.

13       DATED this 1st day of May, 2013.

14                               CATHERINE CORTEZ MASTO
                                 Attorney General
15

16                               By:  s/ C. Wayne Howle
                                     C. Wayne Howle
17                                   Solicitor General

18

19

20

21

22

23

24

25

26

27

28

Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court District of Nevada by using the appellate CM/ECF system on May 1, 2013.

Participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

s/Vicki Beavers, SLS
Vicki Beavers, an employee of
the Office of the Attorney General

Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717