GARCIA-MENDOZA & SNAVELY CHTD.
EVA GARCIA-MENDOZA, ESQ.
NEVADA BAR NO. 1779
LUTHER M. SNAVELY ESQ.
NEVADA BAR NUMBER 5507
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484
ATTORNEYS FOR DEFENDANT
RONALD D. FOX

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MONICA CONTRERAS,

Plaintiff,

Vs.

RONALD D. FOX, JAMES KENYON, PATRICIA DONINGER, CLARK COUNTY NEVADA, STATE OF NEVADA ex rel. DOES 1-10, and ROE ENTITIES 11-20, inclusive

Case No: 2:13 CV-00591-APG-PAL

# RONALD D. FOX'S ANSWER TO COMPLAINT

Comes now, Ronald D. Fox, by and through his attorneys Eva Garcia Mendoza Esq. and Luther M. Snavely III, Esq. of the law firm of Garcia Mendoza & Snavely who hereby files his Answer to the Complaint and alleges as follows:

1. Defendant Fox admits Paragraphs 2, 9-11, 25, and 31;
2. Defendant Fox denies Paragraphs 12-16, 18-19, 21, 32, 33, 34, 36-46, 60-84, and 90-92 ;

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484 FAX (702) 384-0207

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484 FAX (702) 384-0207

3. Defendant Fox is without sufficient information so as to respond to paragraphs 3, 5-8, 22, 23, 26-30, 35, 47-59, 85-89, and 93-104 and on that basis denies the same;
4. As to Paragraph 1, Defendant Fox admits lines 22-23 up to the words "Section 1983", denies lines 23-25 from the words " and supplemental jurisdiction" through the words "Section 28 U.S.C. Section 1391(b)(2)"; and is without sufficient information so as to respond to the rest of the paragraph from lines 25 - 27and on that basis denies the same;
5. As to Paragraph 4, Defendant Fox admits lines 9-10 up to the word "Court" and denies the rest of the paragraph;
6. As to Paragraph 17, Defendant Fox admits line 22 up to the word " courtroom" but denies the rest of the paragraph;
7. As to Paragraph 20, Defendant Fox denies line 4 up to the words "holding cell" but admits the rest of the paragraph;
8. As to Paragraph 24, Defendant Fox admits that his employment was terminated but denies the rest of the paragraph;

## AFFIRMATIVE DEFENSES

1) The complaint on file herein fails to state a claim upon which relief can be granted.

2) The incident alleged in the Complaint, and the resulting damage, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence and conduct, and such conduct and negligence was greater than the conduct and negligence, if any, of Defendant.

3) Defendant alleges that the occurrence referred to in the Complaint, and all injuries and damages, if any, resulting there from, were caused by the acts or omissions of a third party over whom Defendant had no control.

4) Plaintiff has failed to mitigate her damages, if any.

5) Defendant alleges that at the time and place alleged in the complaint, plaintiff did not exercise ordinary care, caution or prudence in the premises to avoid said alleged injury and the resulting injuries, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness and negligence of the plaintiff.

6) The damages, if any, incurred by Plaintiff are not attributable to any act, conduct or omission on the part of Defendant and Defendant denies that he was negligent or that he breached any other duty in any manner or in any degree with respect to the matter set forth in plaintiff's complaint.

7) The Plaintiff was contributorily negligent and her negligence exceeds any alleged negligence of the Defendant.

8) The Defendant has had to hire counsel to defend this matter by reason of which he are entitled to attorney fees and costs.

9) The damages or injuries, if any, suffered by Plaintiff were caused in whole or in part by the acts of Plaintiff and/or third parties over which Defendant had no control.

10) There is no causal connection between the alleged violations and the alleged damages.

11) The Plaintiff was not detrimentally affected by the alleged conduct.

12) The action is barred by the statute of limitations;

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484 FAX (702) 384-0207

13) The federal claims are barred by the doctrine of qualified immunity.

14) The Defendant is immune from the State law claims pursuant to NRS 41.032;

15) The Defendant did not act in a deliberately indifferent way to Plaintiff's rights;

16) The Defendant exercised an objectively reasonable reliance on existing law;

17) This court lacks subject matter jurisdiction on the state law claims.

18) Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff did not suffer a physical impact or a serious emotional distress causing physical injury or illness.

19) Defendant did not give unreasonable publicity to private facts and did not place Plaintiff in a false light before the public because Defendant made no public disclosure of any facts relating to the Plaintiff.

20) At all times relevant to this case, the Defendant exercised due care in the execution of statutes and regulations.

21) The Defendant is immune from State law claims of negligence against him pursuant to NRS 41.0336.

22) At all times relevant to this case, the Defendant was acting within the scope of his public duty or employment;

23) At no time did the Defendant behave in any manner which was wanton or malicious;

24) The Defendant's conduct was not malicious, oppressive or in reckless disregard for the Plaintiff's constitutional rights;

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484 FAX (702) 384-0207

25) No award of damages for the State law claims may include any amount as exemplary or punitive damages;

26) There was probable cause for a reasonable police officer to believe that the Plaintiff had committed or was in the process of committing a crime at the time of her arrest;

27) The Plaintiff's daughter was temporarily taken from Plaintiff pursuant to the instructions from a judicial officer;

28) The Plaintiff's daughter was placed with her father, who has legal custody rights to the Plaintiff's daughter, shortly after the Plaintiff's daughter was taken from the Plaintiff;

29) The Defendant did not act with deliberate indifference to the parental rights of the Plaintiff;

30) The arrest of the Plaintiff was valid;

31) There was not an unnecessary delay in releasing the Plaintiff after her arrest;

32) The Defendant made no false statements about the Plaintiff to third parties.

33) Pursuant to F.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend his Answer to allege additional affirmative defenses if subsequent investigation warrants.

**WHEREFORE**, Defendant respectfully prays for judgment as follows:

a. That the Plaintiff take nothing by way of her Complaint.

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484 FAX (702) 384-0207

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484 FAX (702) 384-0207

b. That the Court enter an order forever releasing, discharging and exonerating Defendant Fox from all liability in this case.

c. That Defendant Fox be awarded all of his attorney fees and costs.

DATED this 14th day of May 2013.

GARCIA-MENDOZA & SNAVELY

BY: s/ *EVA GARCIA MENDOZA Esq.*
EVA GARCIA-MENDOZA, ESQ.
NEVADA BAR NO.: 1779
501 SO. SEVENTH STREET
LAS VEGAS, NEVADA 89101
ATTORNEY FOR DEFENDANT
RONALD D. FOX
DISTRICT