1  ROBERT W. FREEMAN
   Nevada Bar No. 3062
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
3  Las Vegas, Nevada 89118
   702.893.3383
4  FAX: 702.893.3789
       Attorneys for Defendant
5      Clark County

6

7              UNITED STATES DISTRICT COURT

8            DISTRICT OF NEVADA, SOUTHERN DIVISION

                             ***
9
   MONICA CONTRERAS,                    CASE NO. 2:13-cv-0591-MMD-PAL
10
              Plaintiff,                 **CLARK COUNTY'S MOTION TO
11                                        DISMISS**

12        vs.

13 RONALD D. FOX; JAMES KENYON;
   PATRICIA DONNIGER, CLARK COUNTY,
   NEVADA, STATE OF NEVADA , ex rel,
14 THE EIGHTH JUDICIAL DISTRICT
   COURT, DOES 1-10; and ROE ENTITIES11-
15 20, inclusive

16            Defendants.

17
         COMES NOW, Defendant Clark County, Nevada ("County") by and through their
18
   attorneys of record, Robert W. Freeman, Esq., of Lewis, Brisbois, Bisgaard, & Smith, and hereby
19
   moves this Court for an order dismissing all claims against them with prejudice.  Herein, Plaintiff
20
   Contreras alleges that Clark County is liable for violating her constitutional rights pursuant to 42
21
   U.S.C. § 1983 and for negligent training/supervision/retention pursuant to state tort law.
22
   However, as is shown below, Clark County is not the employer of any of the individual
23
   Defendants, is not responsible for implementing any policy, plan, custom, or scheme defining or
24
   driving their actions, and does not have the authority to train, supervise or retain them.
25
         This motion is made and based upon all the pleadings and papers on file herein, together
26
27 with any argument this Court may entertain at the hearing in this matter.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4842-3102-4404.1

1

## POINTS AND AUTHORITIES

2

## I.     STATEMENT OF RELEVANT FACTS

3

### A.     Allegations of the Complaint

4

5

6     Plaintiff Monica Contreras alleges that she appeared in the Eighth Judicial District Court -

Family Division on August 8, 2011, before Defendant Hearing Master Patricia Doninger.

7     Complaint ¶s 9-10.  Contreras alleges that shortly after her hearing she was approached by

8     Defendant Deputy Marshall Ronald D. Fox who asked her to go into a room adjacent to the Court

9     for a drug search ordered by Defendant Doninger.  Complaint ¶s 12-13 While in the anteroom,

10    Plaintiff Contreras alleges that Defendant Fox engaged in non consensual improper sexual contact

11    with her and made sexually abusive and harassing requests.  Complaint ¶ 16.  Thereafter, when

12

13    Plaintiff Contreras complained in Court about the actions of Defendant Fox, she alleges that

14    Defendants Fox and James Kenyon threatened her with arrest and the loss of her child to Child

15    Protective Services if she did not recant her story.  Complaint ¶ 18.  When she refused to recant,

16    Plaintiff Contreras alleges that Defendants Fox and Kenyon arrested her, put her in a detention

17    cell, and notified CPS to pick up her child.  Complaint ¶s 19-23.

18    Plaintiff Contreras included Defendant Clark County in her lawsuit based on her allegation

19    that the County is the employer of Defendants Fox, Kenyon, and Doninger.  Complaint ¶ 7

20

21    Contreras sued Clark County for municipal liability pursuant to 42 U.S.C. § 1983 and for

negligent training, supervision, and retention of the individual Defendants.  As is

22    shown herein, the individual Defendants sued by Plaintiff are employees of the Eighth Judicial

23

24    District Court, not Clark County.

25

26    ### B.     Pursuant to state law, Defendants Fox, Kenyon, and Doninger are employees

of the Court, not Clark County.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff Contreras claims that Defendants Fox, Kenyon, and Doninger are employees of Clark County, however, under Nevada law they are employees of the Court.

The Nevada Revised Statutes govern the creation and administration of the Court System in Nevada, including appointment of bailiffs, deputy marshals, and hearing masters.  NRS 3.310 governs the appointment and responsibilities of bailiffs and deputy marshals for the District Court. The statute reads,

> **Bailiffs and deputy marshals: Appointment; duties; qualifications; compensation**.
>
> 1.  Except as otherwise provided in this subsection, the judge of each district court may appoint a bailiff for the court in counties polling 4,500 or more votes. In counties polling less than 4,500 votes, the judge may appoint a bailiff with the concurrence of the sheriff. Subject to the provisions of subsections 2, 4 and 10, in a county whose population is 700,000 or more, the judge of each district court may appoint a deputy marshal for the court instead of a bailiff. In each case, the bailiff or deputy marshal serves at the pleasure of the judge he or she serves.
>
> 2.  In all judicial districts where there is more than one judge, there may be a number of bailiffs or deputy marshals at least equal to the number of judges, and in any judicial district where a circuit judge has presided for more than 50 percent of the regular judicial days of the prior calendar year, there may be one additional bailiff or deputy marshal, each bailiff or deputy marshal to be appointed by the joint action of the judges. If the judges cannot agree upon the appointment of any bailiff or deputy marshal within 30 days after a vacancy occurs in the office of bailiff or deputy marshal, then the appointment must be made by a majority of the board of county commissioners.
>
> 3.  Each bailiff or deputy marshal shall:
>
>     (a) Preserve order in the court.
>
>     (b) Attend upon the jury.
>
>     (c) Open and close court.
>
>     (d) Perform such other duties as may be required of him or her by the judge of the court.

4. The bailiff or deputy marshal must be a qualified elector of the county and shall give a bond, to be approved by the district judge, in the sum of $2,000, conditioned for the faithful performance of his or her duty.

5. The compensation of each bailiff or deputy marshal for his or her services must be fixed by the board of county commissioners of the county and his or her salary paid by the county wherein he or she is appointed, the same as the salaries of other county officers are paid.

6. The board of county commissioners of the respective counties shall allow the salary stated in subsection 5 as other salaries are allowed to county officers, and the county auditor shall draw his or her warrant for it, and the county treasurer shall pay it.

7. The provisions of this section do not:

(a) Authorize the bailiff or deputy marshal to serve any civil or criminal process, except such orders of the court which are specially directed by the court or the presiding judge thereof to him or her for service.

(b) Except in a county whose population is 700,000 or more, believe the sheriff of any duty required of him or her by law to maintain order in the courtroom.

8. If a deputy marshal is appointed for a court pursuant to subsection 1, each session of the court must be attended by the deputy marshal.

9. For good cause shown, a deputy marshal appointed for a court pursuant to subsection 1 may be assigned temporarily to assist other judicial departments or assist with court administration as needed.

10. A person appointed to be a deputy marshal for a court pursuant to subsection 1 must be certified by the Peace Officers' Standards and Training Commission as a category I peace officer not later than 18 months after appointment.

Thus, every aspect of the appointment and supervision of bailiffs and deputy marshals is reserved to the courts by statute. For example, the judges of the individual courts appoint their own marshals (NRS 3.310(1)). The appointed marshals serve "at the pleasure of the judges he or she serves". (NRS 3.310(1)). The appointed marshals are directed to perform only court

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   functions: maintaining order, attend upon the jury, opening and closing court, and most

2   importantly, "other such duties as may be required" by judges.  (NRS 3.310(3)).  The appointed

3   marshals are required to provide a bond that is approved by the judges.  (NRS 3.310(4)).  Apart

4   from statutory duties, the appointed marshals cannot serve civil or criminal process unless so

5   ordered by a judge.  (NRS 3.310(7)).  The Courts even reserve the right to determine their

6
7   marshal's salary, merit increases, and entitlement to overtime.

8        Hearing Masters, like Defendant Patricia Doninger, are also appointed by the Court and are

9   not County employees.  Nevada Revised Statute 3.405 governs the appointment of masters and

10  reads,

11          **NRS 3.405  Masters: Appointment; powers and duties;**
12          **findings**.

13              1.  In an action to establish paternity, the court may appoint a
                master to take testimony and recommend orders.
14
                2.  The court may appoint a master to hear all cases in a county to
15              establish or enforce an obligation for the support of a child, or to
16              modify or adjust an order for the support of a child pursuant to
                NRS 125B.145.
17
                3.  The master must be an attorney licensed to practice in this
18              State. The master:

19                  (a) Shall take testimony and establish a record;
20
                    (b) In complex cases shall issue temporary orders for
21                  support pending resolution of the case;

22                  (c) Shall make findings of fact, conclusions of law and
23                  recommendations for the establishment and enforcement
                    of an order;
24
                    (d) May accept voluntary acknowledgments of
25                  paternity or liability for support and stipulated
26                  agreements setting the amount of support;

27                  (e) May, subject to confirmation by the district court,
                    enter default orders against a responsible parent who does
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4842-3102-4404.1                                     5

1
     not respond to a notice or service within the required
     time; and

2

3
     (f) Has any other power or duty contained in the
     order of reference issued by the court.

4

5
   If a temporary order for support is issued pursuant to paragraph
   (b), the master shall order that the support be paid to the Division
   of Welfare and Supportive Services of the Department of Health

6
   and Human Services, its designated representative or the district
   attorney, if the Division of Welfare and Supportive Services or

7
   district attorney is involved in the case, or otherwise to an

8
   appropriate party to the action, pending resolution of the case.

9
   4.  The findings of fact, conclusions of law and recommendations
   of the master must be furnished to each party or the party's

10
   attorney at the conclusion of the proceeding or as soon thereafter

11
   as possible. Within 10 days after receipt of the findings of fact,
   conclusions of law and recommendations, either party may file

12
   with the court and serve upon the other party written objections
   to the report. If no objection is filed, the court shall accept the

13
   findings of fact, unless clearly erroneous, and the judgment may
   be entered thereon. If an objection is filed within the 10-day

14
   period, the court shall review the matter upon notice and motion.

15
  As with deputy marshals, it is the Court, not Clark County, who appoints,

16
supervises, and defines their responsibilities.

17

18
  C. **Both the County and Courts consider bailiffs and deputy marshals as**

19
    **employees of the Court.**

20
  With respect to Deputy Marshals Fox and Kenyon there is other evidence supporting the

21
conclusion that they are Court employees.  Presently, certain terms and conditions of court

22
personnel, including deputy marshals, are governed by a Letter of Understanding, executed by the

23
Clark County Commission and the Eighth Judicial District Court and Las Vegas Justice Court.

24
See Letter of Agreement, attached hereto as Exhibit "A".  The Letter of Understanding ("Letter")

25
makes clear that Deputy Marshals are employees of the Courts, not the County.

26

27
  The position of Bailiff/Deputy Marshal is provided for as a non-management position

28
appointed by the Court.  See ¶ 3.4(a)4.  Paragraph 3.5 of the Letter reads in part, "[a]ppointed non-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 management employees are not subject to the hiring and termination provisions of the CLARK

2 COUNTY MERIT PERSONNEL SYSTEM and may be hired and terminated at the discretion of

3 the COURT." [emphasis in original] Paragraph 3.6 of the Letter acknowledges the Court's

4 authority to hire entrance level non management personnel like bailiffs and deputy marshals.

5
6 Paragraph 3.7 of the Letter acknowledges that the judges decide on merit salary increases on

7 appointed non-management employees like bailiffs and deputy marshals. Paragraph 6 of the

8 Letter of Agreement governs overtime wages for Court employees like deputy marshals. Pursuant

9 to subsection (B) of the paragraph, bailiffs and deputy marshals are entitled to overtime pay when

10 required to work after hours by the court when it is in session, to assist with jury deliberations or

11 bench trials, to attend training, or as otherwise approved by the Court.

12
**D.       The bailiffs and deputy marshals consider themselves employees of the Court**.

13
Bailiffs and deputy marshals consider themselves employees of the Court. Upon
14
information and belief, Defendants Fox and Kenyon are members of an employee organization
15
16 called the Clark County Deputy Marshals Association NAPSO/CWA LOCAL 910/AFL-CIO.

17 ("the Association"). In September, 2011, the Association entered into an agreement with the

18 EIGHTH JUDICIAL DISTRICT COURT, their employer ("the Agreement"). See Agreement,

19 attached hereto as Exhibit "B". The Agreement includes so many references to the Court as the

20 employer of the deputy marshals that it really brooks no legitimate dispute. In "Article 1

21
22 Preamble" to the Agreement, the parties acknowledge the employer/employee relationship that

23 exists between them and announce their joint purpose as:

24
(1) Promote and provide a responsible labor relations policy
between the Court and the Deputy Marshals covered herein;
25

26
(2) To secure an orderly and equitable disposition of grievances
which may arise under the Agreement; and

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(3) To set forth the understanding of the parties regarding the specified conditions of employment of the deputy marshals covered hereby.

At paragraph D of the Preamble, the Court emphasizes that it "shall have full power over their deputy marshals, including those covered by this Agreement". Similarly, at "Article 2 Recognition" there is reference to the marshals as "employed by the Courts". "Article 3 Management Rights" reads,

The Courts reserve all rights with respect to matters of general judicial and managerial policy including, but not limited to, the exclusive right to determine the mission of their constituent departments; to set the standards of service; to determine the procedures and standards of selection for employment; to direct their deputy marshals; to take disciplinary action; to relive their deputy marshals of duties because of lack of work; to maintain the efficiency of governmental operations; to determine the methods, means, and personnel by which governmental operations are to be conducted; to take all necessary actions to carry out their mission in emergencies; and to exercise complete control and discretion over their organization and the technology of performing their work. These rights shall be limited only as specified in this Agreement."

The parties to the Agreement recognize the absolute and unfettered power of the judges to discipline and/or terminate their marshals at "Article 14 Hiring, Recruitment, and Courtroom Assignments". Section C, Subsection 2, of Article 14 reads,

A deputy marshal working in a court-assigned capacity does so at the pleasure of the judge and may be removed from that position and returned to the pool of eligible deputies with or without cause.

In addition, a deputy marshal working for a particular judge may be removed from that position and returned to the pool of eligible deputies by any procedures approved by a majority of the Judges of the Eighth Judicial District Court.

Although a deputy marshal who is removed from judicial assignment will return to the pool of eligible deputy marshals, the Courts retain the right to discipline the deputy marshal when necessary, subject to the grievance procedures referenced in Article 13.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Based upon the above, Defendants Fox and Kenyon are employees of the Court, not Clark
2   County. The Court, not the County, has the power to hire and fire the deputy marshals. The
3   Court, not the County, has the power to supervise and control the work schedules of deputy
4   marshals. The Court, not the County, has the power to discipline deputy marshals. The Court, not
5   the County, has the power to determine and define the duties of the deputy marshals. The Court,
6   not the County, has the power to establish conditions of employment for the deputy marshals.
7   Although constrained by budgetary concerns, the Court, not the County, determines the rate of pay
8   for the deputy marshals. The Court, not the County, determines the amount and character of
9   overtime worked by deputy marshals. In sum, the Court, not the County, has control over the very
10   nature and structure of the employment relationship.

## II.   LEGAL ARGUMENT

### A.   Legal Standards Relevant to this Motion - FRCP 12 and 56

The standard and authority for a motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6) is well established. In considering a motion to dismiss, "all well pleaded
allegations of material fact are taken as true and construed in a light most favorable to the non-
moving party." *Wyler Summit P'ship v. Turner Broad, Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.
1998). However, the Court does not necessarily assume the truth of legal conclusions merely
because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v.
Cult Awareness Network*, 18 F.3d 752,754-55 (9th Cir. 1994). In the context of this case, Plaintiff
Contreras alleges that Defendants Fox, Kenyon, and Doninger are employees of Clark County, a
conclusion of law the Court does not have to accept in ruling on the motion.

There is a strong presumption against dismissing an action for failure to state a claim. *Ileto
v. Glock Inc.*, 349 F. 3d 1191, 1200 (9th Cir. 2003). "The issue is not whether a plaintiff will
ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4842-3102-4404.1                                                                9

1  *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232,

2  236 (1974).  On the other hand, a plaintiff must make sufficient factual allegations to establish a

3  plausible entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,

4  1965, 167 L. Ed. 2d 929 (2007).  Such allegations must amount to "more than labels and

5
   conclusions, [or] a formulaic recitation of the elements of a cause of action."  *Id.* at 1964-65.
6
7  Again, in this case, Plaintiff Contreras' allegation that Defendants Fox, Kenyon, and Doninger are

8  employees of Clark County is not a fact, much less a "sufficient factual allegation to establish a

9  plausible entitlement to relief".

10        Under the Federal Rules of Civil Procedure a motion to dismiss brought pursuant to Rule

11  12(b)(6) may be converted to a motion for summary judgment under Rule 56 if matters outside the

12
   pleadings are presented.  *See Fed.R.Civ.P 12(d)*.  Thus, even if the Court finds that Plaintiff's
13
14  allegations are matters of fact and not law and the County has presented matters outside the

15  pleadings, Defendant Clark County is entitled to summary judgment.  Pursuant to Rule 56(c) of

16  the Federal Rules of Civil Procedure, summary judgment is proper "where the record before the

17  Court on the motion reveals the absence of any material facts and [where] the moving party is

18  entitled to prevail as a matter of law." *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th

19
   Cir. 1982), cert. denied, 460 U.S. 1085 (1983)(quoting *Portland Retail Druggists Association v.*
20
   *Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981), cert. denied, 460 U.S. 1085
21
22  (1983).  "A material issue of fact is one that affects the outcome of the litigation and requires a

23  trial to resolve the parties differing versions of the truth." *Securities and Exchange Commission v.*

24  *Seaboard Corporation*, 677 F.2d 1289, 1293 (9th Cir. 1982); *United States v. First National Bank*

25  *of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).

26        The party moving for summary judgment has the burden of showing the absence of a
27
   genuine issue of material fact, and the court must view all facts and inferences in the light most
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4842-3102-4404.1                                    10

1  favorable to the responding party. *See Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 157, 90 S. Ct.

2  1598, 26 L. Ed. 2d 142  (1970)(footnote omitted).  *See also, Zoslaw, supra*, 693 F.2d at 883;

3  *Lessard v. Applied Risk Management*, 2002 U.S. App Lexis 20810 (9th Cir. October 3, 2002);

4  *Warren v. City of Carlsbad*, 58 F.3d 439 (9th Cir. 1995).  Once this burden has been met, "[t]he

5
6  opposing party must then present specific facts demonstrating that there is a factual dispute about

7  a material issue." *Zoslaw, supra*, 693 F.2d at 883.  The movant is entitled to summary judgment if

8  the non-moving party, who bears the burden of persuasion, fails to designate "'specific facts

9  showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106

10  S.Ct. 2548, 91 L. Ed. 2d 265 (1986).  Thus, in order to preclude a grant of summary judgment, the

11  non-moving party must set forth "'specific facts  showing that there is a genuine issue for trial.'"

12
13  *Matsushita Elec. Indust. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106

14  S.Ct. 1348 (1986)(quoting Fed. R. Civ. P. 56 (e)).

15      In *Celotex , supra*, 477 U.S. at 323-324, speaking of the standards involved in

16  summary judgment, the Court stated:

17          [R]egardless of whether the moving party accompanies its
            summary judgment motion with affidavits, the motion may,
18          and should, be granted so long as whatever is before the
            district court demonstrates that the standard for the entry of
19          summary judgment, as set forth in Rule 56(c), is satisfied.
            One of the principal purposes of the summary judgment
20          rule is to isolate and dispose of factually unsupported
            claims or defenses, and we think it should be interpreted in
21          a way that allows it to accomplish this purpose.
22
23      The Court went on to further explain, "A [s]ummary judgment procedure is properly

24  regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules

25  as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every

26  action.'"  *Celotex Corp.*, 477 U.S. at 327.  *See also Avia Group International, Inc., v. L.A. Gear*

27  *Cal.*, 853 F.2d 1557, 1560 (Fed.Cir. 1988)(The moving party need not "produce evidence showing

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | the absence of a genuine issue of material fact"; rather, "the burden on the moving party may be
2 | discharged by 'showing' - that is, by pointing out to the district court - that there is an absence of
3 | evidence to support the nonmoving party's case.")

4 | **B.    Legal Standard Relevant to this Motion - Municipal Liability**

5
6 | In her Fourth Claim for Relief, Plaintiff Contreras alleges that Clark County is liable for
7 | violation of her civil rights pursuant to 42 U.S.C. § 1983.  In her Twelfth Claim for Relief,
8 | Plaintiff Contreras alleges that Clark County is liable for negligent training/supervision/retention
9 | with respect to Defendants Fox, Kenyon, and Doninger.

10 | "Municipalities, their agencies, and their supervisory personnel cannot be held liable under
11 | section 1983 on a theory of respondeat superior." *Shaw v. State of Cal. Dep't of Alcoholic*
12 | *Beverage Control*, 788 F.2d 600, 610 (9th Cir. 1986).  In order to prove civil rights liability against
13
14 | a municipality, a plaintiff must show that she suffered a violation of her rights as guaranteed by
15 | the United States Constitution and that the defendant promulgated a policy, practice, custom or
16 | scheme which was the actual cause of the allegedly underlying constitutional violation.  *See*
17 | *Munger v. City of Glasgow Police Department*, 227 F.3d 1082 (9th Cir. 2000)(citing *Monell v.*
18 | *Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978); *Wallis v.*
19 | *Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000).

20
21 | The Supreme Court has held that a municipality may be held liable in a Section 1983 suit
22 | only when the municipality is the moving force (pursuant to an existing policy or custom) behind
23 | their employees undertaking unconstitutional actions.  *See Monell*, supra 436 U.S. at 694; *Polk*
24 | *County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L. Ed. 2d 509 (1981).  Stated another
25 | way, "[m]unicipal liability under Section 1983 attaches where - and only where - a deliberate
26 | choice to follow a course of action is made from among various alternatives by the . . . officials
27 | responsible for establishing final policy with respect to the subject matter in question." *Pembaur*

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 89 L. Ed. 2d 452 (1986).  An official

2  capacity suit is only viable when the underlying governmental entity is the moving force behind

3  the unconstitutional behavior.  *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L. Ed. 2d

4  114 (1985); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L. Ed. 2d 791

5  (1985).

6

7       There must be significant evidence to show that a policy existed specifically authorizing or

8  condoning the alleged practice.  *Davis v. City of Ellensburg*, 869 F.2d 1230 (9th Cir. 1989).  On the

9  quantum of proof necessary for a municipal liability suit, the Supreme Court concluded that

10  "considerably more proof than the single incident will be necessary to establish both the requisite

11  fault on the part of the municipality, and the causal connection between the policy and the

12  constitutional deprivation."  *Tuttle*, supra 471 U.S. at 824; *Nadell v. Las Vegas Metropolitan*

13  *Police Dept.*, 268 F.3d 924 (9th Cir. 2001).  Such a policy must result from a deliberate choice

14  made by a policy-making official, and may be inferred from widespread practices or "evidence of

15  repeated constitutional violations for which the errant municipal officers were not discharged or

16  reprimanded," *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992); *Nadell v. Las Vegas*

17  *Metropolitan Police Department*, 268 F.3d 924 (9th Cir 2001).

18

19       "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled'

20  practice may liability attach for injury resulting from a local government custom." *McDade v.*

21  *West*, 223 F.3d 1135, 1141 (9th Cir. 2000) quoting *Thompson v. City of Los Angeles*, 885 F.2d

22  1439, 1444 (9th Cir 1989).

23

24       Herein, Plaintiff's municipal liability claim requires her alleged deprivation come directly

25  from a plan or policy of the state, municipality or political subdivision.  *Jones v. Smith*, 784 F. 2d

26  149 (2d Cir. 1986).  Plaintiff cannot recover against Clark County without proof that some extant

27  policy, custom or practice caused her constitutional violation.  Since Clark County is not

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4842-3102-4404.1                                                              13

1  responsible for the hiring, firing, discipline, training, or supervision of Defendants Fox, Kenyon,

2  or Doninger, it cannot be liable for her alleged constitutional violation.

3      For the same reasons, Clark County is not liable for negligent training, supervision and/or

4  retention of Fox, Kenyon, or Doninger.  As is shown herein, Clark County has nothing to do with

5  the hiring, training, supervision, or discipline of Fox, Kenyon, or Doninger.  In these

6

7  circumstances, Clark County cannot be liable for negligence with their training, supervision or

8  retention.

9  **III.    CONCLUSION**

10     Plaintiff Monica Contreras alleges she was the victim of the unconstitutional behavior of

11  individual Defendant Fox, Kenyon, and Doninger.  Contreras alleges that Clark County is

12  responsible for the behavior of Fox, Kenyon, and Doninger, because the County is their employer.

13
    As is shown herein, Clark County is not the employer of any of the individual Defendants and is
14
    not liable for their behavior under federal or state law.
15

16     For the above and foregoing reasons, Defendant Clark County respectfully requests an

17  order dismissing all claims against them with prejudice.

18     DATED this /4 day of May, 2013.

19                                     LEWIS BRISBOIS BISGAARD & SMITH LLP

20

21

22                                     _____
                                       Robert W. Freeman, Jr. Esq.
23                                     Nevada Bar No. 3062
                                       6385 S. Rainbow Blvd., Suite 600
24                                     Las Vegas, Nevada 89118
                                       Attorney for Defendant
25                                     Clark County

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15 day of May, 2013, I electronically filed the **CLARK COUNTY'S MOTION TO DISMISS** with the Clerk of the Court through Case Management/Electronic Filing System.

Ross C. Goodman, Esq.
GOODMAN LAW GROUP
520 S. Fourth Street, 4th Floor
Las Vegas, Nevada 89101
Attorneys for Plaintiff
Monica Contreras

Eva Garcia-Mendoza, Esq.
GARCIA-MENDOZA & SNAVELY
501 South Seventh Street
Las Vegas, Nevada 89101
Attorneys for Defendant
Ronald D. Fox

Walt R. Cannon, Esq.
OLSON, CANNON, GORMELY, ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
Patricia Donniger

Lyssa S. Anderson, Esq,
KAEMPFER CROWELL RENSHAW GRONAUER & FIRENTINO
8345 W. Sunset Road, Suite 250
Las Vegas, Nevada 89113
Attorneys for Defendant
James Kenyon

Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

.

.

**CLARK COUNTY'S MOTION TO DISMISS**
**Exhibit "A"**

## LETTER OF UNDERSTANDING
## BETWEEN CLARK COUNTY AND THE EIGHTH JUDICIAL DISTRICT COURT
## AND THE LAS VEGAS JUSTICE COURT

IT IS MUTUALLY AGREED by and between CLARK COUNTY (hereinafter COUNTY) and the EIGHTH JUDICIAL DISTRICT COURT and the LAS VEGAS JUSTICE COURT (hereinafter jointly referred to as the COURT), as follows:

1.    PERSONNEL SERVICES

Except as otherwise provided in subparagraphs 1(A) and 1(B), the COURT and the COUNTY authorize the Clark County Human Resources Department to provide comprehensive personnel services to the COURT, including classification and compensation, recruitment, employee relations, personnel systems and records, employee assistance and wellness, and other related services including support from the Office of Diversity.

(A)    The COURT will maintain primary responsibility for the recruitment and selection of employees for Management Plan positions. This includes recruitment preparation, advertising, screening, examination(s), and selection processes. The COURT is authorized to request assistance from the Clark County Human Resources Department.

(B)    The COURT shall submit its position reclassification requests to the Clark County Manager on February 1st and August 1st of each calendar year. Reclassification requests will be processed and approved or denied no later than the 3rd Monday in May and the 3rd Monday in November. Any denial will be accompanied with the rationale for the decision.

2.    MERIT PERSONNEL SYSTEM AND MANAGEMENT COMPENSATION PLAN

(A)    The COURT hereby adopts both the CLARK COUNTY MERIT PERSONNEL SYSTEM as adopted by the Board of County Commissioners for the COUNTY and the MANAGEMENT COMPENSATION PLAN (July 2002) except as hereinafter set forth with specificity in this LETTER OF UNDERSTANDING.

3.    CATEGORIES OF POSITIONS

The COURT will have two categories of employees, competitive and appointed.

3.1    Competitive employees – With the exception of the specific positions enumerated in paragraphs 3.4 and 4, all employees of the COURT are competitive service employees and shall be governed by, and subject to the policies,

1

procedures, and provisions of the CLARK COUNTY MERIT PERSONNEL SYSTEM unless an exception is specifically provided for herein.

    3.2    (a) Except as provided in sub-paragraph (b) the COURT shall hire new competitive service employees from outside the County at the entrance level for their particular class, unless an exception is approved by the County Manager or his/her designee; however, if the employee is currently a COUNTY employee earning in excess of that salary, then said employee may receive a promotional increase of 4%, but in no event to exceed the "top out" of the salary range.

    (b) Of the new competitive service employees hired from outside the County, the COURT may hire up to seven (7) employees per fiscal year at no more than 10% above the entrance level for their particular class, unless an exception is approved by the County Manager or his/her designee.

    3.3    All competitive service employees covered under the MANAGEMENT COMPENSATION PLAN shall be afforded a post-termination hearing before a designee of the Court Executive Officer. Additionally, these employees are not subject to Fair Labor Standards Act (FLSA) and shall not receive any overtime compensation.

    3.4    Appointed employees -- The COURT may have appointed employees in both management and non-management position classifications.

    (a)    The following are the appointed Non-Management Compensation Plan positions for the DISTRICT COURT:

1.    Judicial Executive Assistant
2.    Law Clerk
3.    Court Recorders
4.    Bailiff/Deputy Marshals (Judicial-Assigned)
5.    Court Security Administrator
6.    Jury Commissioner
7.    District Court Interpreter Coordinator

    (b)    The following are the appointed Non-Management Compensation Plan positions for the JUSTICE COURT:

1.    Judicial Executive Assistant
2.    Law Clerk
3.    Bailiff/Deputy Marshals (Judicial-Assigned)

    (c)    Except as prohibited by law, appointed non-management employees shall be entitled to the same benefits of employment to which employees in the competitive service are entitled, except tenure or access to any type of review,

grievance, appeal or arbitration process, and to those additional benefits as provided by resolution of the Board of County Commissioners.

3.5     Appointed non-management employees are not subject to the hiring and termination provisions of the CLARK COUNTY MERIT PERSONNEL SYSTEM and may be hired and terminated at the discretion of the COURT. Appointed non-management employees shall be governed by all other provisions, including promotions, of the CLARK COUNTY MERIT PERSONNEL SYSTEM.

3.6     The COURT shall hire appointed, non-Management Compensation Plan employees at the entrance level for their particular classes, unless an exception is approved by the County Manager or his/her designee, or as otherwise specified in this Agreement.

(a)     New Judicial Executive Assistants of the COURT and Court Recorders of the DISTRICT COURT hired from outside County employment will not be hired at a salary more than mid-point of their salary schedule and range; however, if currently an employee of the COUNTY earning in excess of that salary, then said Judicial Executive Assistant or Court Recorder will receive a promotional increase of 4% above their current salary, but in no event to exceed the "top out" of the salary range. Judges and the COURT are encouraged to employ new hires at or near the entry level salary.

(b)     Law Clerks must be graduates of an accredited ABA law school or be otherwise approved to sit for the Nevada Bar examination by the Nevada Supreme Court. New Law Clerks hired from outside County employment will not be hired at a salary more than 12% above the entrance level; however, if currently an employee of the COUNTY earning in excess of that salary, then said Law Clerk will receive a promotional increase of 4% above their current salary, but in no event to exceed the "top out" of the salary range. Incoming and outgoing Law Clerks for the COURT may be overlapped for up to one week each year for the smooth transition into their position(s). During this overlap period, both the incoming and outgoing Law Clerks will be paid.

3.7   Appointed, non-management employees will be eligible for an annual merit increase as set forth in the contract between the COUNTY and SEIU, as amended, until the top of the salary range is reached. Judges shall take into consideration merit personnel salary criteria as agreed upon by the COURT when evaluating an employee for a merit increase.

4.      APPOINTED MANAGEMENT EMPLOYEES

4.1     The following are the appointed management positions for the COURT. These positions shall be entitled to the benefits of the MANAGEMENT COMPENSATION PLAN:

(1)     Court Executive Officer (Category I benefits)

3

    (2)    Assistant Court Administrator(s) (Category II benefits)
    (3)    Assistant Clerk(s) of the Court (Category II benefits)
    (4)    Division Manager(s) (Category III benefits)

    4.2    Except as otherwise provided in paragraph 4.3, 4.4, and 4.5 these positions shall be entitled to the benefits, salary adjustments, and bonuses as set forth for such other management employees in the COUNTY, and in conformance with the MANAGEMENT COMPENSATION PLAN.

    4.3    The following provisions apply to appointed management employees:

    (1)    Appointed management employees are not subject to the hiring and termination provisions of the CLARK COUNTY MERIT PERSONNEL SYSTEM and may be hired and terminated at the discretion of the COURT.

    (2)    Individuals hired into the MANAGEMENT COMPENSATION PLAN from outside the COUNTY will not receive a starting salary in excess of the mid-point of the salary schedule unless an exception is approved by the County Manager or his/her designee and are not eligible for longevity pay.

    (3)    When a non-management employee promotes into a management classification, his/her salary shall be adjusted by an increase of no more than seven (7) percent or to the minimum salary for the classification, whichever is greater unless an exception is approved by the County Manager or his/her designee. If the employee is currently earning in excess of that salary, then said employee will receive a promotional increase of 4% above their current salary but in no event to exceed the "top out" of the salary range.

    (4)    Employees promoted into a Management Compensation Plan position from another Management Compensation Plan position will be eligible for a promotional increase of no more than seven (7) percent or to the minimum salary for the classification, whichever is greater  unless an exception is approved by the County Manager or his/her designee. If the employee is currently earning in excess of that salary, then said employee will receive a promotional increase of 4% above their current salary but in no event to exceed the "top out" of the salary range.

    4.4

    (1)    A non-management employee who is currently receiving longevity pay and is promoted into the MANAGEMENT COMPENSATION PLAN shall retain his/her longevity pay.

    (2)    Non-management employees that are not receiving longevity pay at the time of their promotion into a Management Classification will not be eligible for longevity pay upon their promotion.

4

4.5     Employees hired into or promoted into the MANAGEMENT COMPENSATION PLAN shall serve a 90-day qualifying period before becoming eligible for allowable merit salary adjustment(s) and bonus(es). Such adjustment(s) and bonus(es) will be held in trust by the COURT until the employee has completed one year of service in the Management Compensation Plan.

5.     PROFESSIONAL EMPLOYEES

(A)     Attorneys hired by the COURT to serve as a Referee, Master, Commissioner, or Attorney are appointed professional employees and shall be compensated as outlined in this Section and in the same classification(s) recognized by the COUNTY.

(B)     Employees holding Referee, Master, Commissioner, and Attorney positions shall receive Management Plan Category III benefits under the MANAGEMENT COMPENSATION PLAN.

(C)     Referees, Masters, Commissioners and Attorneys will be hired at no greater than mid-level of the salary range unless an exception is approved by the County Manager or his/her designee.

(D)     Referees, Masters, Commissioners and Attorneys are not subject to FLSA, and the parties agree that they shall not be entitled to any overtime compensation.

(E)     Attorneys hired by the COURT on a part-time/intermittent basis to serve as Referees, Justices of the Peace Pro Tempore, or District Court Judges Pro Tempore, are compensated as independent contractors, are not considered County employees, and are not entitled to any benefits of County employment.

6.     OVERTIME COMPENSATION

(A)     Except as otherwise provided in this section, employees who are not management or professional and who occupy a position noted in Appendix A of the SEIU Collective Bargaining Agreement shall have their eligibility for overtime determined according to the terms of that Agreement.

(B)     Judicial Executive Assistants, Judicial-Assigned Bailiffs/Deputy Marshals, and Law Clerks shall receive compensatory time off or overtime pay as follows:

(1)     Judicial Executive Assistants and Judicial-Assigned Bailiffs/Deputy Marshals shall only receive overtime pay or compensatory time off in lieu of overtime pay when required to remain at work after regular hours:
(a)     While the Court is in session;

(b)     To assist with jury deliberations or bench trials;
(c)     To attend training;
(d)     As otherwise approved by the applicable division of the COURT at a special or regularly scheduled judges' meeting; or
(e)     Judicial Assigned Bailiffs/Deputy Marshals assigned to other COURT designated posts

(2)     Law Clerks shall only receive overtime pay or compensatory time off in lieu of overtime if assisting with the jury during deliberations.

(C)     District Court Recorders/Transcribers shall receive overtime pay or compensatory time off in lieu of overtime pay when required by the Judge to remain at work after regular hours while DISTRICT COURT is in session if the matter is being recorded and while serving as an officer during jury deliberations.

7.     UNIFORM CLEANING AND MAINTENANCE ALLOWANCE FOR SECURITY & PUBLIC SAFETY PERSONNEL

The COURT will provide uniforms for all permanent, temporary, and part-time security and public safety personnel. For all permanent security and public safety personnel, a uniform allowance in the amount of $600.00 annually shall be provided in semi-annual installments (January 1 and July 1) for the cleaning and maintenance of uniforms, as well as the provision of footwear. Effective July 1, 2009, the amount of the allowance will increase to $800.00.

8.     TRANSFERABILITY

An employee of the COURT who leaves his/her employment and are immediately thereafter hired by the COUNTY, and a COUNTY employee who leaves his/her employment and is immediately thereafter hired by the COURT shall not lose any benefits accumulated by that employee. Except to the extent prohibited by law, the hiring entity shall administer the employee's status as though he/she was transferred between departments within the hiring entity. This provision will apply where there is no break in the employee's paid status when moving from one entity to the other. Increased entitlement provided by the COURT or the COUNTY will include all previous employment benefits with either the COURT or the COUNTY, provided the employee is eligible for rehire and previous employment ceased under honorable conditions or as a result of involuntary layoff.

9.     RETROACTIVITY

For all management and professional employees of the COURT, any salary adjustments and bonuses fixed by the COURT for the 2007 calendar year will be in

accordance with the provisions outlined in this Agreement, and retroactive to January 1, 2008.

10.   PROVISIONS SPECIFICALLY APPLICABLE TO DISTRICT COURT

(A)   Competitive service employees will be granted the same salary and compensation benefits as provided in the SEIU Collective Bargaining Agreement, as amended, or the MANAGEMENT COMPENSATION PLAN, as appropriate based on classification.

(B)   District Court Law Clerks are limited to a 3% merit increase following successful completion of their probationary period at six months (1040 hours) and a 3%,4%, or 5% merit increase at their anniversary and annually thereafter.

(C)   All employees occupying former Clerk's Office positions now working under the direction of the DISTRICT COURT shall be subject to the policies and procedures of the CLARK COUNTY MERIT PERSONNEL SYSTEM and will be granted the same salary and benefits and afforded the same rights provided in the SEIU Collective Bargaining Agreement, except that committees consisting of County Management under the Agreement shall be replaced with committees consisting of designees of Court Administration.

11.   PROVISIONS SPECIFICALLY APPLICABLE TO JUSTICE COURT

Competitive service employees will be granted the same salary and benefits and afforded the same rights as provided in the SEIU Collective Bargaining Agreement as amended, or the MANAGEMENT COMPENSATION PLAN, as appropriate based on classification.

12.   STATUS OF AGREEMENT

This Agreement supersedes any and all previous agreements between the parties and any existing Administrative Orders or Personnel Rules relating to personnel administration and may be rescinded unilaterally by the COUNTY or the COURT subsequent to 60 days' written notice.

All amendments to this Agreement must be in writing and must be properly executed by both parties.

Should CLARK COUNTY rescind this Agreement, the terms of this Agreement shall be maintained for not less than 90 days from the date of termination.

Upon application by the DISTRICT COURT for a change or changes to the Eighth Judicial District Court Rules (EDCR), the COURT shall immediately give notice to the COUNTY of the proposed rule change(s).

Upon application by the JUSTICE COURT for a change or changes to the Justice Court Rules of the Las Vegas Township (JCRLV), the COURT shall immediately give notice to the COUNTY of the proposed rule change(s).

Should CLARK COUNTY seek a change in the CLARK COUNTY MERIT PERSONNEL SYSTEM currently adopted by the Board of County Commissioners for the COUNTY or the MANAGEMENT COMPENSATION PLAN (July 2002), the COUNTY will immediately give notice to the DISTRICT COURT of the proposed change(s).

If any provisions of this Agreement are found to be contrary to law, then such provisions shall be deemed invalid and unenforceable except to the extent permitted by law, but all other provisions thereof shall continue in full force and effect.

IN WITNESS WHEREOF, the parties have executed this Letter of Understanding and intend to be bound thereby on the latest date written below.

Attest:

SHIRLEY B. PARRAGUIRRE, Clerk

10/21/08
Date

County of Clark County:

RORY REID, Chairman
Board of Commissioners

10/21/08
Date

Approved as to form:

Deputy District Attorney

10/14/08
Date

Eighth Judicial District Court
Las Vegas Justice Court

Edward Friedland
Court Executive Officer

10-13-08
Date

CLERK

Aug 16 '12

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

8

1    **AFFIDAVIT OF CUSTODIAN OF RECORDS**

2    STATE OF NEVADA )
                      ) ss:
3    COUNTY OF CLARK  )

4        TIMOTHY ANDREWS, being first duly sworn, states as follows:

5        1.    I am employed as the Assistant Court Administrator for the Civil/Criminal

6    Division of the Eighth Judicial District Court (EJDC) of the State of Nevada and, as such,

7    qualify as a custodian of records maintained by EJDC Administration.

8        2.    EJDC Administration maintains records in the ordinary course of business;

9    among those records maintained is a Memorandum of Understanding between the Eighth

10   Judicial District Court and the Clark County Deputy Marshals Association, dated September

11   26, 2011.

12       3.    I have examined the document attached hereto; and, to the best of my

13   knowledge and belief, it is a true and accurate copy of the Memorandum of Understanding

14   between the Eighth Judicial District Court and the Clark County Deputy Marshals

15   Association, dated September 26, 2011, and on file at EJDC Administration.

16       DATED this 13th day of August, 2012.

17

18

19                                                    _____
                                                      Signature
20
                                                      T IMOTHY    ANDREWS
21                                                    _____
                                                      Printed Name
22

23   SUBSCRIBED AND SWORN to by
     Timothy andrews
24   before me this 13th day of August, 2012.

25   Thelma Stapley
     NOTARY PUBLIC in and for
26   said COUNTY and STATE

27

28

     Clark County Self-Funded Plan COR Affidavit                          Page 1 of 1

# MEMORANDUM OF UNDERSTANDING

## BETWEEN THE

## EIGHTH JUDICIAL DISTRICT COURT

## AND THE

## CLARK COUNTY DEPUTY MARSHALS ASSOCIATION NAPSO/CWA LOCAL 9110/AFL-CIO

1

**ORIGINAL**

## ARTICLE 1
## PREAMBLE

A. In accordance with the provisions of NRS Chapter 288, this agreement is entered into between the Clark County Deputy Marshals Association – NAPSO/CWA Local 9110/AFL-CIO ("CCDMA"), and the Eighth Judicial District Court.

B. It is the purpose of this Agreement to do the following:

(1) Promote and provide a responsible labor relations policy between the Court and the Deputy Marshals covered herein;

(2) To secure an orderly and equitable disposition of grievances which may arise under the Agreement; and

(3) To set forth the understanding of the parties regarding the specified conditions of employment of the deputy marshals covered hereby.

C. It is intended by the provisions of this Agreement that there is no abrogation of the duties, obligations or responsibilities of the Court expressly provided for by federal law, state statutes, and/or local ordinances, except as expressly limited herein. In the event of a conflict between this agreement and the Marshal's Division –Policy and Procedure Manual, this agreement shall control.

D. No statement herein stated shall be deemed to arrest, vacate, or eliminate the long-accepted inherent power of the Court to administer their own affairs without interference from the other branches of government. The Court shall have full power over their deputy marshals, including those covered by this Agreement.

E. The parties expressly recognize that the Court supports the efforts of the CCDMA to obtain compensation that is consistent with other Clark County Category I Agencies.

## ARTICLE 2
## RECOGNITION

The Courts hereby agree to be bound by the provisions of NRS Chapter 288. The Courts further recognize the CCDMA as the exclusive collective bargaining representative for all full-time and part-time Deputy Marshals and Sergeants employed by the Courts and all shall be classified as non-exempt employees. However, this Agreement does not apply to a Commander, Chief Marshal or Court Security Director and any Court Security Administrators employed by the Court. Part-time deputy marshals are covered by the Clark County Merit Personnel System Policy II- Subsection-VI.

2

**ORIGINAL**

## ARTICLE 3
## MANAGEMENT RIGHTS

The Courts reserve all rights with respect to matters of general judicial and managerial policy including, but not limited to, the exclusive right to determine the mission of their constituent departments; to set standards of service; to determine the procedures and standards of selection for employment; to direct their deputy marshals; to take disciplinary action; to relieve their deputy marshals of duties because of lack of work; to maintain the efficiency of governmental operations; to determine the methods, means, and personnel by which governmental operations are to be conducted; to take all necessary actions to carry out their mission in emergencies; and to exercise complete control and discretion over their organization and the technology of performing their work. These rights shall be limited only as specified in this Agreement.

## ARTICLE 4
## NON-DISCRIMINATION

A.      The Courts shall not discriminate against anyone employed or applying for employment because of their membership in the CCDMA or their activities on behalf of the CCDMA. Neither the Courts nor the CCDMA shall interfere with, intimidate, restrain, coerce, or discriminate against any deputy marshal because of the exercise of any rights protected by NRS Chapter 288.

B.      Neither the Courts nor the CCDMA shall discriminate against any deputy marshal based on race, color, gender, religion, ancestry, national origin, physical or mental disability, medical condition, political belief, sexual orientation, marital status, age, or pregnancy, childbirth, or related condition, or other conditions protected by law.

## ARTICLE 5
## NO STRIKE CLAUSE

The CCDMA agrees not to strike, or to endorse, support, assist or encourage in any way any individual deputy marshal or group of deputy marshals to participate in any strike against the Courts.

## ARTICLE 6
## CCDMA RIGHTS

A.      The CCDMA shall select a total of six deputy marshal representatives to serve in the capacity of union steward. There shall be representatives from Family and District Courts. The CCDMA shall provide the Courts a listing of the selected representatives on or before July 1st of each year of this Agreement.

B.      Union representatives may have access to deputy marshals covered by this Agreement during authorized breaks or during other non-working time. Access will normally be limited to the deputy marshal's break area and locker area. However, Union representatives may access other work areas solely for the purpose of investigating grievances or safety violations. In no case shall such access interfere with the work of any Court employee or otherwise disrupt the Court's operations.

3

ORIGINAL

C.  Stewards shall not leave a work assignment without prior permission of the steward's supervisor and shall not in any way interfere with the Courts' operations.

D.  Union representatives shall be granted paid time off, as needed, per calendar year to be used to conduct CCDMA business or attend training. Union representatives must receive prior approval from the CCDMA before using any of these hours. The representative's supervisor must also approve any request for time off under this provision. The hours shall be documented and maintained by the association for review.

E.  The Courts shall furnish and maintain a bulletin board for CCDMA use in the deputy marshals' break room and/or locker room area. The CCDMA shall have the right to place notices on the bulletin board. No notice or announcement that contains defamatory statements about the Courts, their employees, or any peace officer shall be posted.

## ARTICLE 7
## PERSONNEL POLICIES AND PROCEDURES

The Courts have adopted various policies, rules, and regulations, including the Marshal's Division Policy and Procedure Manual(s), all of which will remain in full force unless in conflict with the express provisions of this agreement.

## ARTICLE 8
## FITNESS REQUIREMENTS OF WORK

Deputy Marshals shall be required to adhere continuously to all physical and/or medical fitness requirements that are consistent with Nevada State Peace Officers Standards and Training. (P.O.S.T.)

## ARTICLE 9
## COMPENSATION

A.  Pursuant to an Interlocal agreement between the Eighth Judicial District Court and Clark County, the Court adopted the compensation provisions detailed in the Clark County Merit Personnel agreement. The compensation provisions also apply to all deputy marshals. In the event that an Interlocal does not exist, this article must be amended to provide for any new conditions or agreements.

B.  Shift Differential:
Shift differential is defined as a premium authorized to be paid to a deputy marshal above his/her regular straight-time hourly rate of pay for working the swing shift. The swing shift begins at 3pm and ends at 12am. The amount of shift differential shall be computed at four percent (4%) of the base salary rate for the shift worked. Shift differential will be paid on annual leave and holidays but shall not be paid for sick leave hours. The provisions of this section do not apply to deputy marshals who work directly for a judge in a judicial courtroom.

4

**ORIGINAL**

## ARTICLE 10
## UNIFORMS

The Courts shall continue their practice of providing uniforms to their deputy marshals. The Courts shall provide three winter shirts, three summer shirts, three pairs of pants, and one jacket to each deputy marshal. The Courts shall further provide one dress-down casual uniform consisting of a polo shirt and police tactical pants to each deputy marshal on a yearly basis. The Courts shall adequately supply all leather gear, weapons, and handcuffs.

## ARTICLE 11
## BASIC WORKWEEK

1.  Subject to the provisions of NRS 288.150(4), nothing herein shall be construed to limit the authority of the Courts to make temporary assignments to different or additional locations, shifts or work duties for the purpose of meeting emergencies.

2.  Each department may establish an alternative workweek schedule to comply with the Fair Labor Standards Act definition of workweek, Section 778.105 (FLSA Regulations 29 CFR, July 1985) and define the workday.

## ARTICLE 12
## MISCELLANEOUS LEAVES

1.  Court Leave: Deputy Marshals required by legal process or required to appear in any court or before the Grand Jury as a juror or witness in a criminal or civil case during his/her work shift shall receive full compensation as though he/she were actually on the job during such time. He/she shall claim any jury, witness, or other fee to which he/she may be entitled by reason of such appearance and pay such fees, except mileage, to the County Treasurer within three (3) working days of receipt, to be deposited in the applicable fund of the County. A deputy marshal working other than a day shift appearing in court for the stated reasons for four (4) hours or more will be given his/her next regular shift off with pay providing that the deputy marshal meets all other conditions of this Section. Deputy Marshals appearing in court for the stated reasons on scheduled 24 hour periods off shall retain any and all remuneration as may be authorized for such appearances. Notation will be made on the time and attendance report for the shifts of court leave granted to the deputy marshal while absent from his/her regular scheduled duties. If the deputy marshal is not selected for jury duty or is released from testimony, he/she shall return to duty if released during scheduled work shift hours. In those cases where a deputy marshal elects to retain jury duty or witness fees, such time shall not be counted as time worked for the purpose of determining overtime, and the deputy marshal will not be considered on court leave for the time absent from work.

    No civil case shall be covered by this Article in which the deputy marshal has an interest.

5

**ORIGINAL**

## ARTICLE 13
## GRIEVANCE AND DISCIPLINARY PROCEDURES

### Introduction

1.    The Courts recognize and agree that all deputy marshals will be afforded their
      rights as provided for in NRS Chapter 289. For those issues and concerns that are
      not resolved through open communications, this Article is designed to allow
      deputy marshals to voice job-related complaints, to have them considered fairly
      by the Courts, and to have them resolved at the lowest level possible. Any deputy
      marshal who has a grievance shall complete the Grievance Form and submit it to
      their immediate supervisor, or other management representative. Each party
      involved in a grievance must act quickly so that the grievance can be resolved
      promptly. Every effort must be made to complete the action within the time
      limits specified in the grievance procedures. The parties may extend the time
      limitations for any step through mutual written consent.

2.    A grievance is defined as a filed dispute between the CCDMA, on behalf of a
      Deputy Marshal or deputy marshals and the Courts over the interpretation and/or
      application of the express terms of this Agreement or a dispute over the issuance
      of discipline as defined herein. Performance evaluations and denial of step
      increases are not subject to these grievance procedures. A grievance shall not be
      defined to include any matter or action taken by the Courts, the County, or their
      representatives for which the Nevada Equal Rights Commission (hereafter
      "NERC"), Office of Diversity (hereafter "OOD") or the Equal Employment
      Opportunity Commission (hereafter "EEOC") has jurisdiction or any matter
      specifically excluded from grievance and arbitration by other provisions of this
      Agreement. Disputes specifically excluded in other Articles of this Agreement
      from the dispute resolution procedures shall not be construed as within the
      purview of this Article.

3.    If mutually agreed, either party may request, in writing, a waiver of the time
      limitations set forth in this Article. A grievance shall be considered abandoned if
      not filed and processed by the CCDMA on behalf of the deputy marshal, where
      indicated in accordance with the time limitations. Failure on the part of the
      Courts to respond to a grievance in accordance with the time limits set forth in
      this Agreement shall result in the grievance advancing to the next step of the
      procedure. The failure on the part of management to process a grievance will be
      given serious weight in the resolution or retroactivity of an award. A waiver of
      timeliness requested by the CCDMA will be taken into consideration in the
      determination of any retroactive award.

4.    No prejudicial, discriminatory or retaliatory action may be taken, at any time, by
      the CCDMA or the Courts against any person for his/her participation in or
      statements made in the investigation or settlement of a grievance.

5.    For the purpose of resolving grievances at the earliest possible point in time, both
      parties will make full disclosure of the facts and evidence which bear on the
      grievance, including but not limited to furnishing copies of evidence, documents,
      reports, written statements and witnesses relied upon to support their basis of
      action. Both parties agree to share such facts and evidence at least one (1)

6

**ORIGINAL**

working day prior to Step 1 or Step 2 meetings and at least three (3) working days prior to a Step 3 Hearing. An arbitrator will not consider any evidence from a party who willfully failed to produce such evidence in support of his/her position.

## Section 1 --Discipline

1.  Discipline is defined as a deputy marshal's written reprimand, final written warning, demotion or involuntary termination from service with the Courts. Any matters for which the NERC, EEOC or (OOD) of the Clark County Manager's Office has jurisdiction will be handled through a separate procedure identified in this Article, Section-3, NERC, EEOC or OOD Procedure.

2.  Arbitrators used for written reprimands, final written warnings, demotions, and involuntary terminations of this Article shall be jointly selected by the parties. The arbitrators must meet the requirements established in the Arbitrator Guidelines. The fees of the arbitrator shall be borne by the losing party.

3.  The arbitrator shall conduct a grievance proceeding adhering to the mutually developed guidelines governing the process. The arbitrator will consider the incident and the discipline in terms of severity of the action, evidence of progressive discipline and appropriateness of the disciplinary action. Progressive discipline includes a documented oral warning, an admonishment, one (1) or more written reprimand(s), a final written warning and, thereafter, termination. The CCDMA recognizes the need for more severe initial disciplinary action in the event of major violation of established rules, regulations or policies of the Courts. The decision to uphold the disciplinary action will be based on the reasonableness of the discipline imposed by the supervisor in response to the actions taken or not taken by the marshal.

4.  All written reprimands, final written warnings, demotions and involuntary termination appeals of deputy marshals covered by this Agreement shall be handled solely in accordance with the procedure set forth in this Section, with the decision of the arbitrator being final and binding on the parties.

5.  No deputy marshal who has satisfactorily completed probation may be demoted or terminated without just cause. Just cause may include, but not be limited to: inefficiency, incompetence, insubordination, moral turpitude, mental or physical disability as shown by competent medical evidence, habitual or excessive tardiness or absenteeism, abuse of sick leave or authorized leaves, withholding services as a result of a strike, and violation of established departmental work rules or procedures.

6.  Upon written request of the deputy marshal to the Clark County Human Resources Director, the deputy marshal or his/her CCDMA representative shall have the right to review items in his/her personnel file. The deputy marshal may provide rebuttal comments to be attached to original documents where the deputy marshal believes appropriate. Such rebuttal comments must be restricted to the document in question.

7.  Although documented oral warnings and admonishments are not subject to the full disciplinary procedure, a deputy marshal who receives an oral warning or

**ORIGINAL**

admonishment may, within five (5) working days of receipt of the oral warning or admonishment, submit a rebuttal in writing, which shall be attached to the warning or admonishment. Such rebuttal comments must be restricted to the specific warning or admonishment in question.

8.  Upon written request by the deputy marshal to the Clark County Human Resources Director, the deputy marshal shall have all documented oral warnings removed from his/her personnel file that were issued more than 6 months prior to the request, admonishments removed that were issued more than 12 months prior to the request, written reprimands removed that were issued more than eighteen (18) months prior to the request, and final written warnings removed that were issued twenty-four (24) months prior to the request, provided that no ensuing discipline occurred. Upon removal, the documented oral warning or admonishment will be sent to the deputy marshal and shall not be used or referenced in any future disciplinary proceeding, as defined herein. In the event a deputy marshal fails to make the written request as referenced above, the expired discipline(s) will not be used in any future proceedings.

9.  Upon written request or authorization by a deputy marshal involved in a disciplinary hearing, the deputy marshal or his/her CCDMA representative may obtain data that is necessary from the personnel file of the deputy marshal subject to the discipline in preparation of a grievance meeting.

10. An eligible deputy marshal who is to be issued a written reprimand or final written warning shall be given the discipline, in writing, at a meeting with management. The deputy marshal may request a CCDMA representative to be present at the meeting. A deputy marshal shall be given at least 24 hours notice of the meeting and advised of the purpose, time, date and site of the meeting, except when a deputy marshal's continued presence in the work place is unsafe for co-workers, the public, or resources of Clark County or the Court. Grievances regarding written reprimands or final written warnings shall be initiated at Step 1 of the Disciplinary Procedure within ten (10) working days from the issuance of the discipline.

11. An eligible deputy marshal who is recommended for demotion shall be given a written statement setting forth the reasons upon which the proposed demotion is based. The statement shall include an identification of the specific reasons against the deputy marshal and an explanation of the evidence. Grievances regarding demotions shall be initiated at Step 2 of the disciplinary procedure within five (5) working days of the effective date of the demotion.

12. An eligible deputy marshal who is recommended for termination, unless the deputy marshal is in a leave without pay status or has violated his/her last chance agreement, will be placed on paid administrative leave pending the Step 1 pre-termination meeting and shall receive written notification of such recommendation. The Step 1 meeting shall take place no sooner than three (3) working days from the effective date of the proposed termination but within five (5) working days after receipt of the notification unless extended by the department head or designee in which case the deputy marshal will remain on paid leave status until the Step 1 meeting is held, unless the deputy marshal is in a leave without pay status or has violated his/her last chance agreement. A deputy

8

**ORIGINAL**

marshal who grieves the termination decision of the department head as a result of the Step 1 pre-termination meeting may initiate the grievance at Step 2 within five (5) working days from the date of receipt of the Step 1 decision. In the event a termination is overturned by the arbitrator at the Step 3 hearing, the arbitrator has the ability to mitigate the final outcome to the deputy marshal by imposing a lesser penalty, as defined in the progressive discipline process, including a leave without pay provision.

## Section 2 – Arbitration Procedures for Contract Interpretation/Discipline

Grievances relating to the interpretation and application of the express terms of this agreement shall be initiated at step 1 of this procedure and shall be initiated within ten (10) working days of the deputy marshal's knowledge of the contract violation. The grievance shall state the violation and cite the article and section.

### Step 1 – Chronology of Actions Within the Courts

1. Whenever a deputy marshal believes that he or she has a grievance as defined above, the deputy marshal must file the grievance in writing and deliver it to his or her supervisor, as soon as possible but not later than ten (10) working days after the deputy marshal knew or should have known of the act or event which is the basis of the grievance.

2. If the grievance is being filed against the deputy marshal's supervisor, the matter must be brought to the attention of the Lieutenant / Court Security Administrator.

3. It is the responsibility of the supervisor or Lieutenant / Court Security Administrator, as applicable, to investigate the grievance, attempt to resolve it, and communicate a written or electronically mailed decision to the deputy marshal within ten (10) working days of the date the complaint is brought to the attention of the supervisor or Lieutenant / Court Security Administrator. Every Court employee and all deputy marshals are required to participate in the investigation process, as directed. This includes truthfully disclosing facts and maintaining confidentiality.

4. If the deputy marshal is not satisfied with the decision of the supervisor or Lieutenant / Court Security Administrator, the deputy marshal may appeal that decision to the Chief Judge of the applicable court or the Chief Judge's designee. The appeal must be filed within 10 working days of the decision of the supervisor or Lieutenant / Court Security Administrator.

5. Within ten (10) working days of receipt of the appeal, the Chief Judge or his/her designee, a Human Resources representative/liaison, a CCDMA representative, and the affected deputy marshal will meet to try to resolve the problem. If desired, both parties may choose an additional representative who may attend the meeting. If the problem is not resolved at the meeting, the Chief Judge, or his/her designee, shall have five (5) working days from the date of the meeting to respond, in writing, to the grievance. The response shall be sent by certified mail to the CCDMA Executive Director. Copies of the response shall be sent to the

9

**ORIGINAL**

Human Resources representative/liaison, the CCDMA representative, and the affected deputy marshal.

## Step 2 - County Manager Response

If the grievance is not settled at the Step 1 meeting, the CCDMA, on behalf of a deputy marshal or deputy marshals, may, within five (5) working days of the receipt of the department head's decision, file an appeal of the decision with the Clark County Human Resources Director as representative of the County. Within ten (10) working days of receipt of the request for appeal, the County Manager, or his/her designee, will meet with the affected deputy marshal(s), a CCDMA representative, and a Human Resources Representative to try to resolve the problem. If desired, both parties may choose an additional representative who may attend the meeting. If the problem is not resolved at the meeting, the County Manager or designee shall have five (5) working days to respond in writing to the grievance giving his decision. The response shall be sent by certified mail to the CCDMA Executive Director. Copies of the response shall be sent to the affected deputy marshal(s) and department, and the CCDMA representative. One additional steward may attend a meeting as a steward in training.

## Step 3 - Arbitration

1.    If the Step 2 decision is deemed unacceptable, the CCDMA, on behalf of a deputy marshal, may make a written request for arbitration within five (5) working days of receipt of the Step 2 decision. In such event, the parties shall, within ten (10) days, jointly request an arbitration panel from the American Arbitration Association (AAA). Both parties shall make every effort to mutually set forth the issue(s) to be arbitrated in advance of the arbitration hearing date. The selection shall be accomplished by the CCDMA first and the County next, each striking one (1) name from the list in turn until only one (1) name remains. A permanent panel of arbitrators may be established by the parties and may be utilized on a case-by-case basis provided both parties agree to do so in writing.

2.    The arbitrator's decision shall be final and binding on all parties to this Agreement as long as the arbitrator does not exceed his/her authority as set forth below and as long as the arbitrator performs his/her functions in accordance with the case law regarding labor arbitration, the provisions of the U.S. Uniform Arbitration Act, and where applicable, Nevada Revised Statutes-(NRS).

3.    Only one (1) grievance may be decided by the arbitrator at any hearing unless it is shown that the grievance being considered is related to another grievance pending a Step 3 hearing for the same deputy marshal and for a similar infraction. It shall be the arbitrator's sole determination to consolidate the grievances into one hearing. The arbitrator shall within a reasonable period of time prior to the hearing date inform both parties of his/her decision regarding consolidation.

4.    The arbitrator shall not have the authority to modify, amend, alter, ignore, add to, or subtract from any of the provisions of this Agreement. The arbitrator is without power to issue an award inconsistent with the governing statutes and/or ordinances of the jurisdiction. The arbitrator, in the absence of expressed written agreement of the parties to this Agreement, shall have no authority to rule on any

ORIGINAL

dispute between the parties which is not within the definition of a grievance set forth in this Article. The arbitrator shall consider and decide only the particular issues presented by the CCDMA and the County, and the decision and award shall be based solely on his/her interpretation of the application of the express terms of this Agreement. Any and all settlements or awards issued by the arbitrator shall be limited in retroactivity to the date of alleged violation or date of the filing of the grievance as decided by the arbitrator.

5. Subject to the provisions of Paragraph 2 of this Article, the arbitrator shall not have the authority to excuse a failure by the deputy marshal, the CCDMA, or the Court to comply with the time limitations set forth above unless mutually agreed by both parties.

6. If the parties disagree about the arbitrability of a grievance, the arbitrator shall decide this issue prior to hearing the merits of the case.

## Section 3 - NERC/EEOC/OOD/ Procedure

Grievances on those matters for which the Nevada Equal Rights Commission, Equal Employment Opportunity Commission or Office of Diversity Division of the Clark County Manager's Office has jurisdiction will be referred to and processed by the OOD investigation staff. The deputy marshal(s) being investigated shall have the right to CCDMA representation commencing at this level and continuing throughout the entire procedure. If discipline results from the investigation, deputy marshals are eligible for Step 1 and Step 2 meetings and Step 3 arbitrations as defined in Section 2 of this Article. However, 1) if the department head chooses not to conduct the Step 1 meeting within the time frames, then the case will be heard at the next level; 2) if the matter proceeds to the arbitration process, then in addition to satisfying the standard requirements and qualifications for an arbitrator, the individual hearing matters covered in this Section must have training or expertise in the application and interpretation of civil rights laws.

## Section 4—Settlement

At any time, the grievant and the Court may settle a grievance on such terms as are mutually agreeable. Settlement shall terminate the grievance process. The Court and the grievant or the grievant's representative may at any time agree to submit the matter to mediation in an attempt to settle the grievance.

## ARTICLE 14
## HIRING, RECRUITMENT, AND COURTROOM ASSIGNMENTS

### A.    Recruitment Policies

The paramount consideration in the recruitment of applicants is to attract qualified candidates with the competence and integrity to be employed by the Eighth Judicial District Court . The recruitment program shall comply with all equal employment opportunity laws and regulations.

11

ORIGINAL

**B.**   **Appointment Policies**

An applicant for any position within the Eighth Judicial District Court shall:

1. Be a citizen of the United States of America at the time of application.

2. Be at least twenty-one (21) years of age at time of application.

3. Be eligible to meet minimum standards for appointment as established by the Nevada State Peace Officer Standards and Training committee within 18 months of hiring.

An applicant for any position within the Eighth Judicial District Court shall be required to satisfy physical, medical, and other testing requirements before being eligible for hire.

The Clark County Human Resources department will reject any application which is not complete, which is not filed within the period specified in the public notice of the examination, or which indicates on its face that the applicant does not possess the minimum qualifications required for the position. The Clark County Human Resources department will also reject the application of, or remove from the eligibility list, an applicant who:

(A) Has been convicted of a felony.

(B) Has been convicted of two misdemeanors (other than minor traffic violations), unless the convictions are found to be non-disqualifying upon review. This will apply to all applicants, regardless of their age at the time of the offense.

(C) Has been terminated for cause (conduct-related issues) from a department of local, state, or federal government, unless the circumstances are found to be non-disqualifying upon review.

(D) Has made any false statement of any material facts, or practiced or attempted to practice any deception or fraud in the application. Individuals seeking employment with the Eighth Judicial District Court who are caught cheating on any written, practical, or oral examination, or who are found to have falsified any report related to a physical, mental, or psychological examination, are disqualified for life.

(E) Has been terminated or has resigned from other employment on account of failure, omission, or violation of duty or misconduct.

(F) Has been adjudicated guilty of an offense involving moral turpitude or infamous conduct.

(G) Has applied for any open/competitive recruitment and failed any part of the selection procedure within the past three months from the closing date for filing an application. Such an individual may apply for other positions (other than the one that they failed) with the Eighth Judicial District Court,

12

ORIGINAL

provided that the failure was not a background issue that was absolutely disqualifying. An individual who is disqualified during the background process may not reapply, for any open/competitive position, for at least one year from the date he/she failed the background procedure. The actual amount of time of the disqualification will be communicated to the individual in writing.

(H)     Does not meet the hiring standards established by the Eighth Judicial District Court. Such standards shall comply with all Federal and State employment laws.

The above grounds for disqualification of an applicant, although not all-inclusive, may be considered as sufficient cause for removal from an eligibility list or for termination during his/her probationary employment (18 months). Whenever an applicant is disqualified, notice of disqualification shall be furnished to the applicant.

An applicant for any court-assigned deputy marshal position (i.e., working for a judge in a judicial courtroom) must:

1.     Meet all hiring standards that are consistent with those in the State Department of Public Safety, as approved by the Chief Judge;

2.     Be selected from a pool of eligible deputies;

3.     Complete a judicial application form requesting assignment as a court-assigned deputy; and

4.     Be interviewed and selected by the judge.

## C.     Court-Assigned Deputy Marshals

1.     A deputy marshal will automatically be returned to the pool of eligible deputies if the judge in the department where the marshal is assigned:
   (A) Is removed or retired from judicial office by the Commission on Judicial Discipline;
   (B) Voluntarily retires or resigns from judicial office;
   (C) Fails to win re-election; or
   (D) Becomes ineligible to remain in office.

2.     A deputy marshal working in a court-assigned capacity does so at the pleasure of the judge and may be removed from that position and returned to the pool of eligible deputies with or without cause.

In addition, a deputy marshal working for a particular judge may be removed from that position and returned to the pool of eligible deputies by any procedures approved by a majority of the Judges of the Eighth Judicial District Court.

Although a deputy marshal who is removed from judicial assignment will return to the pool of eligible deputy marshals, the Courts retain the right to discipline the deputy marshal when necessary, subject to the grievance procedures referenced in Article 13.

13

**ORIGINAL**

## D. Additional Provisions Governing Court-Assigned Deputy Marshals

Deputies in court-assigned positions (i.e., working for a judge in a judicial courtroom) shall:

1. Be required to adhere to policies of the Eighth Judicial District Court .

2. Be required to follow department chain of command.

3. Upon completion of daily court-assigned responsibilities and at the discretion of their judge, notify the on-duty supervisor as to their availability.

4. Be required to work all hours scheduled.

5. Be required to be in uniform while on duty. (Except for a "Change-Out" period- 10 minutes prior to the end of the deputy marshal's shift)

## E. Judicial Authority and Deputies

The judges have sole discretion as to the following:

1. Deputies assigned on a permanent or temporary basis to their courtroom.

2. Any law enforcement action taken in the courtroom.

### ARTICLE 15
### MISCELLANEOUS BENEFITS

The following benefits shall remain in effect as currently delineated in the Clark County Merit Personnel System, Letter of Understanding between Clark County and the Courts, NRS Chapters 286, 281, 616A, 616B, 616C, 616D, 617, IRC 457 and the Uniformed Services Employment and Redeployment Rights Act of 1994, until such time as a collective bargaining agreement is reached between the C.C.D.M.A. and the County: Overtime, Reduction in Force, Retirement, Certification/Bilingual Pay, Holidays, Vacation Accrual, Sick/Catastrophic Leave, Military Leave, Benefit Eligibility, Service Connected Disability, Group/Life Insurance, Longevity, Long Term Disability, Substance Abuse Policy, and Excess Deferred Compensation.

### ARTICLE 16
### AMENDING PROCEDURE

During the term of this Agreement, no amendments to this Agreement shall be effective unless made in writing and ratified by the CCDMA and approved by the Court. If the parties are unable to agree to an amendment during the term of this Agreement, there shall be no resort to an impasse procedure such as mediation or factfinding without the written consent of the CCDMA and the Court.

14

**ORIGINAL**

## ARTICLE 17
## SAVINGS CLAUSE

A.  This Agreement is the entire agreement of the parties and terminates all prior arrangements and practices and concludes all negotiations, except as provided in paragraph B below, during the term of this Agreement.

B.  This Agreement is declared to be severable and if any paragraph, phrase, sentence, or part is declared to be void by a court of competent jurisdiction, it shall not be construed to void or nullify the entire Agreement; and those parts not declared void shall be binding upon the parties; provided, however, upon such invalidation, the parties agree to meet as soon as possible and negotiate such parts or provisions affected.

## ARTICLE 18
## TERM OF AGREEMENT

A.  This Agreement is effective the first full pay period following ratification by the CCDMA and approval by the Court and shall terminate June 30, 2013. This MOU shall remain in effect by agreement of both parties, after expiration of the above date, until a new MOU is negotiated or modified.

B.  Any negotiation or amendment of this agreement is subject to the requirements of NRS Chapter 288.

*SP 2*
*nunc pro tunc 12/8/10*

**For The Eighth Judicial District Court:**

_____          _____9/26/11_____
Honorable Judge Jennifer P. Togliatti                    **Date**
Chief Judge, Eighth Judicial District Court

_____          _____9/26/11_____
Steven D. Grierson, Court Executive Officer              **Date**
Eighth Judicial District Court

**For the Clark County Deputy Marshals Association / NAPSO/CWA Local 9110-AFL/CIO**

_____          _____9-26-11_____
Anthony Vogel                                            **Date**
President – CCDMA

_____          _____9/26/11_____
Anthony Russo                                            **Date**
Secretary – CCDMA

15

**ORIGINAL**

**CLARK COUNTY'S MOTION TO DISMISS**
Exhibit "B"