Ross C. Goodman, Esq.
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:13-cv-00591-APG-PAL |
| | ) |
| RONALD D. FOX; JAMES KENYON; | ) **PLAINTIFF'S OPPOSITION TO** |
| PATRICIA DONINGER; CLARK COUNTY, | ) **DEFENDANT DONINGER'S MOTION TO** |
| NEVADA; STATE OF NEVADA, ex rel. THE | ) **DISMISS (#14)** |
| EIGHTH JUDICIAL DISTRICT COURT, | ) |
| DOES 1-10; and ROE ENTITIES 11-20, | ) |
| inclusive, | ) |
| | ) |
| Defendants. | |

Plaintiff MONICA CONTRERAS, submits this Opposition to the Motion to Dismiss filed by Defendant PATRICIA DONINGER (#14). The Motion's sole ground urged for dismissal is the argument that Defendant, a hearing master, is entitled to absolute judicial immunity. Fatal to the motion, the Complaint asserts matters involving Defendant's non-immune administrative supervisory functions, not immune judicial function.

**POINT AND AUTHORITIES**

**I.   The Allegations of the Complaint**

On a motion to dismiss, all factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiff[]." *Epstein v. Wash. Energy Co*., 83 F.3d

1

**GOODMAN LAW GROUP**
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

1136, 1140 (9th Cir. 1996).   Other than asserting immunity, Defendant does not challenge the sufficiency of Plaintiff's allegations to state a claim for which relief may be granted.

Prefatory to the allegations concerning Defendant Doninger's claim for immunity, the Complaint (#1) alleges that on August 8, 2011, Plaintiff was in the Family Court, a division of the Clark County District Court, a/k/a the Eighth Judicial District Court, for a motion hearing concerning a temporary restraining order.   Defendant, a hearing master, was presiding at this hearing, the result of which was in Plaintiff's favor.   As Plaintiff was leaving the courtroom, she was approached by Defendant RONALD FOX, the attending court marshal, who told her she needed to go into an anteroom for a drug search. While in the anteroom, Defendant FOX engaged in non-consensual improper sexual contact with Plaintiff's body and made sexually abusive and harassing requests.

Plaintiff returned to the courtroom and addressed Defendant DONINGER concerning Fox' actions.   While Plaintiff was addressing DONINGER, Defendant FOX, joined by Defendant JAMES KENYON, another court marshal, threatened to arrest Plaintiff in an attempt to coerce Plaintiff into recanting her statements about FOX's actions.   When Plaintiff did not recant, and while still in the presence of DONINGER, the court marshals arrested Plaintiff and placed her in handcuffs.   She was detained for an extended period in a holding cell at the Family Court until other officers arrived and released Plaintiff from custody. After Plaintiff submitted a complaint, FOX's employment was terminated due to his improper actions with respect to Plaintiff.

## II. The Claims Against Defendant DONINGER are Based on Matters Involving Administrative Supervisory Functions, Not Judicial Functions

Particularly pertinent to the instant motion, it does not challenge the Complaint's allegations (#1, at 4-5) that:

2

26.    Defendant DONINGER had an administrative duty to supervise the conduct of the court staff, including the court marshals.

27.    Defendant DONINGER'S administrative duty to supervise included a duty to not permit court staff to engage in abuse and harassment.

28.    Particularly in view of the dramatic difference in Plaintiff's demeanor between her initial appearance at the motion hearing and upon her return into the courtroom, Defendant DONINGER had notice that something untoward and traumatic had occurred.

29.    As part of her administrative supervisory duties, Defendant DONINGER had sufficient reason, and a duty, to intervene, inquire and consider what Plaintiff, as well as the marshals had to say about whether a court marshal had subjected Plaintiff to improprieties and, related thereto, to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

30.    Defendant DONINGER ignored Plaintiff, took no steps to allow Plaintiff to fully explain what she had to say about what had and was happening to her, no steps to ascertain what the marshals had to say, and related thereto, no step to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

The Claims for Relief against Defendant DONNINGER are based on her failure "to take actions within her administrative supervisory authority and responsibility which would have prevented the violation of Plaintiff's rights", with said failure involving deliberate indifference to, and conscious disregard of, Plaintiff's rights under federal and state law.    (Dkt. #1, Complaint, 1st-3rd and 10th Claims for Relief.)[1]

### III. Defendant DONINGER Is Not Entitled to Absolute Judicial Immunity, Which Does Not Apply to Matters Involving Administrative Supervisory Functions

Under both federal and Nevada law, the burden of justifying absolute quasi-judicial immunity rests on the official asserting the claim. *Antoine v. Byers & Anderson*, 508 U.S. 429,

---

[1] See *Williams v. Underhill*, 2006 U.S. Dist. LEXIS 24929 (D. Nev. 2006), quoting from *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivations of which the complaint is made; or for conduct that showed a reckless or callous indifference to the rights of others." See also *Sonntag v. Gurres*, 2010 U.S. Dist. LEXIS 79136, 10-11 (D. Nev. 2010).

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

3

432 (1993); *State v. Second Judicial Dist. Court*, 118 Nev. 609, 617 (2002).   Judges are not entitled to absolute immunity when acting in their administrative capacity.  *Antoine,* 508 U.S. at 435.   Likewise, Defendant DONINGER references *Romano* in her Motion for the proposition that the focus is on "the nature of the function performed" at the time of the complained of conduct**.**  *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

Judicial immunity does not apply to administrative acts such as "supervising court employees." *Forrester v. White*, 484 U.S. 219, 229 (1988).    See also *Meek v. County of Riverside*, 183 F.3d 962 (9th Cir. 1999).    Indeed, in *Antoine v. Byers & Anderson*, *supra*, 508 U.S. at 435-436 (1993), the Court noted that the "touchstone" for the applicability of immunity is whether the judge was engaged in the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights."  The "court needs to focus on the relationship between the action and the adjudicative process," including the question of whether the controversy centered on a case then pending before the judge.  *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999).  *See also Living in Jesus Truth Ministry v. Wise*, 2012 U.S. Dist. LEXIS 108870, 8-9 (D. Nev. Aug. 3, 2012) ("the adjudicative process").

Relative to the state law claims, the Nevada Supreme Court has cited, relied upon, and adopted the same principles concerning judicial immunity as set forth in, the federal cases noted above. *State v. Second Judicial Dist. Court*, 118 Nev. 609, 615-616 (2002).  See also *Whitehead v. Nevada Commn. On Judicial Discipline*, 110 Nev. 128, 160 (1994).

## <u>CONCLUSION</u>

The conduct of Defendant DONINGER complained of did not involve the judicial adjudicatory process.   Plaintiff's claims are based on Defendant's conduct with respect to her administrative supervisory functions, for which absolute immunity does not apply.

**GOODMAN LAW GROUP**
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

For these reasons, Plaintiff respectfully requests that the Court DENY Defendant's motion.

Dated this 21st day of June, 2013.

GOODMAN LAW GROUP, P.C.

*/s/ Ross C. Goodman, Esq.*
Ross C. Goodman, Esq.
Nevada Bar No. 7722
520 South Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

**GOODMAN LAW GROUP**
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, as follows:

Luther Snavely, Esq.
Email:  Luther@gms4law.com
Eva Garcia-Mendoza, Esq.
Email:  evagm@gms4law.com
Garcia-Mendoza & Snavely, Chtd.
501 S. Seventh Street
Las Vegas, Nevada 89101
***Attorneys for Ronald D. Fox***

Lyssa S. Anderson, Esq.
Email:  landerson@kcnvlaw.com
Kaempfer Crowell Renshaw Gronauer & Fiorentino
8345 West Sunset Rd., Ste. 250
Las Vegas, Nevada 89113
***Attorneys for James Kenyon***

Walter R. Cannon, Esq.
Email:  wcannon@ocgas.com
Olson, Cannon, Gormley, Angulo & Stoberski
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
***Attorneys for Patricia Doninger***

Robert W. Freeman, Esq.
Email:  rfreeman@lbbslaw.com
Lewis Brisbois Bisgaard & Smith, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
***Attorneys for Clark County***

*/s/ Ross C. Goodman, Esq.*
Ross C. Goodman, Esq.

**GOODMAN LAW GROUP**
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

6