Ross C. Goodman, Esq.
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:13-cv-00591-APG-PAL |
| | ) |
| RONALD D. FOX; JAMES KENYON; PATRICIA DONINGER; CLARK COUNTY, NEVADA; STATE OF NEVADA, ex rel. THE EIGHTH JUDICIAL DISTRICT COURT, DOES 1-10; and ROE ENTITIES 11-20, inclusive, | ) **PLAINTIFF'S OPPOSITION TO DEFENDANT CLARK COUNTY'S MOTION TO DISMISS (#19)** |
| Defendants. | |

Plaintiff MONICA CONTRERAS, submits the within Opposition to the Motion to Dismiss filed by Defendant CLARK COUNTY (#19).  Phrased as an attack on the sufficiency of Plaintiff's allegations, the essence of the County's motion is that the Court should assume that the allegations are not true, contrary to the standard on a motion to dismiss.   The Complaint sufficiently alleges claims against the County for relief which may be granted, including that the County was an employer of the individual Defendants, a matter which alone provides a sufficient basis for respondeat superior liability with respect to the state law claims against the individuals.  As well, the Complaint sufficiently alleges the claims against the County for *Monel* liability and for Negligent Training/Supervision/Retention.

- 1

While Plaintiff believes her allegations are sufficient, if the Court believes additional details need to be pled, Plaintiff respectfully requests leave to amend. If necessary, the matters herein and revealed in the attached exhibits clearly warrant allowing amendment. Those same matters also reveal the lack of merit in the County's request for summary judgment. The County has not and cannot satisfy the burden of showing an absence of genuine issues of material fact. As well, summary judgment at this time must be refused because there has been no opportunity for discovery.

**POINTS AND AUTHORITIES**

**Background**. The Complaint (#1) alleges that on August 8, 2011, Plaintiff was in the Family Court, a division of the Clark County District Court, a/k/a the Eighth Judicial District Court, for a motion hearing concerning a temporary restraining order. Defendant PATRICIA DONINGER, a hearing master, was presiding at this hearing, the result of which was in Plaintiff's favor. As Plaintiff was leaving the courtroom, she was approached by Defendant RONALD FOX, the attending court marshal, who told her she needed to go into an anteroom for a drug search. While in the anteroom, Defendant FOX engaged in non-consensual improper sexual contact with Plaintiff's body and made sexually abusive and harassing requests.

Plaintiff returned to the courtroom and addressed DONINGER concerning Fox' actions. While Plaintiff was addressing DONINGER, Defendant FOX, joined by Defendant JAMES KENYON, another court marshal, threatened to arrest Plaintiff in an attempt to coerce Plaintiff into recanting her statements about FOX' actions. When Plaintiff did not recant, and while still in the presence of DONINGER, the court marshals arrested Plaintiff and placed her in handcuffs. She was detained for an extended period in a holding cell at the Family Court, until other officers arrived and released Plaintiff from custody. After Plaintiff submitted a

complaint, FOX' employment was terminated due to his improper actions with respect to Plaintiff.

**I. The allegations of the Complaint are sufficient to state claims against the County for which relief may be granted.**   On a motion to dismiss**,** the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. See *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).   The County's Motion overlooks the Supreme Court's continuing adherence to the rule that a complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   Fed. R. Civ. P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that allegations "must be simple, concise, and direct." *Twombly* and *Iqbal* clarified that the Rule is not satisfied by "a blanket assertion, of entitlement to relief," a pleader's "bare averment that he wants relief and is entitled to it," or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 556; *Iqbal*, 129 S. Ct. at 1949.

The Court articulated a plausibility standard which requires that the allegations not be "merely consistent with a defendant's liability", that the allegations must do more than merely raise the possibility that a defendant acted unlawfully.   What is required is that the matters alleged contain content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   The Court made it clear that the plausibility standard "does not impose a probability requirement at the pleading stage," and that a case "may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations." *Twombly*, 550 U.S. at 556-557, 563; *Iqbal*, 129 S. Ct. at 1949.

The Complaint's allegations (#1) concerning the County include:

3.     The Family Court referred to herein is a division of the Eighth Judicial District Court, also known as the Clark County District Court.  On information and belief, for purposes relevant to the claims herein, the District Court, including the Family Court, is operated by and on behalf of, and is a part of, each and both of Defendants CLARK COUNTY and STATE OF NEVADA.

7.     Upon information and belief, Defendant CLARK COUNTY and Defendant STATE of NEVADA, through its EIGHTH JUDICIAL DISTRICT COURT, were, for purposes relevant to the claims herein, co-employers of Defendants FOX, KENYON and DONINGER

54.    Upon information and belief, there were numerous prior incidents of improper conduct by Family Court personnel, including court marshals, and including unreasonable search and seizure, use of excessive force, and other violations of citizen's constitutional rights.

55.    Upon information and belief, Defendant CLARK COUNTY was aware of such prior incidents.

56.    Upon information and belief, Defendant CLARK COUNTY, with deliberate indifference, failed to adequately train, supervise or discipline Family Court personnel, including marshals, concerning unreasonable searches and seizures and other violations of citizen's constitutional rights, and has retained personnel with knowledge of unfitness for their position.

57.    Upon information and belief, the failure of Defendant CLARK COUNTY to adequately train, supervise or discipline Family Court personnel and the retention of unfit personnel constituted a de facto policy causing a custom and practice of Family Court personnel engaging in unreasonable searches and seizures and other violations of citizen's constitutional rights.

94.    Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA had a duty to provide proper and adequate training to court marshals concerning the searching of citizens and the ascertainment of probable cause and other requirements prior to arrest.

95.    Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA had a duty to properly supervise personnel, including court marshals, and to properly investigate and take appropriate disciplinary actions with respect to misconduct of personnel.

96.    Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA had a duty to refrain from retaining personnel for whom there was reason to belief were not fit for their positions.

97.    Upon information and belief, Defendants CLARK COUNTY and STATE OF NEVADA negligently failed to provide proper and adequate training to court marshals, including Defendants FOX and KENYON, concerning the searching of citizens and the ascertainment of probable cause and other requirements prior to arrest.

98.    Upon information and belief, there were numerous prior incidents of improper conduct by Family Court personnel, including court marshals, and including unreasonable search and seizure, use of excessive force, and other violations of citizen's constitutional rights.

99.    Upon information and belief, Defendants CLARK COUNTY and STATE of NEVADA was aware of such prior incidents.

100.    Upon information and belief, Defendants CLARK COUNTY and STATE of NEVADA negligently failed to supervise or discipline Family Court personnel, including marshals, concerning unreasonable searches and seizures and other violations of citizen's constitutional rights, and have retained personnel with knowledge of unfitness for their position.

103.    Upon information and belief, the acts and conduct of Defendants FOX, KENYON, and DONINGER were done within the course and scope of their employment as employees and/or agents of Defendants CLARK COUNTY and STATE of NEVADA.

104.    Pursuant to the principle of respondeat superior, Defendants CLARK COUNTY and STATE of NEVADA are liable for the injury and damages caused to Plaintiff by said individual Defendants.

The above allegations, and certainly the reasonable inferences that may be drawn from them, are more than sufficient to allege that the County was an employer of the individual Defendants. Indeed, in reversing dismissal, the Court in *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) ruled that when an employment relation is a material fact, by operation of Fed.R.Civ.Proc. 84, a general allegation of employment is sufficient, and a matter not contradicted by the standard in *Twombly* and *Iqbal*. Rule 84 provides: "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." The Court noted that Form 13, a complaint in which an employment relation is a material fact, the sole reference with respect thereto is: "the defendant, as the employer." Rule 84 was amended after the issuance of the opinion in *Twombly* but nothing was added to change the effect of the Rule.[1]

Particularly when the allegations that the COUNTY and the STATE of NEVADA, were co-employers is supplemented by the other allegations noted above, as well as the

---

[1] In this regard, the Rules may only be amended "by the process of amending the Federal Rules, and not by judicial interpretation." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-169 (1993). .

reasonable inferences which may be drawn, the Complaint adequately alleges that the County was an employer of the individual Defendants.  In addition, the allegations that the Country and State were joint employers and jointly operated the District Court cannot be viewed as implausible on their face.  In *Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997), after noting that the State and its courts were employers of judicial personnel, the Court stated: "In our view, however, this fact does not preclude the possibility that a county may share co-employer or joint employer status with the courts." That recognition also supports that the assertion that the COUNTY and STATE jointly operate the District Court cannot be viewed as implausible.[2]

      Further, allegations of the Complaint sufficiently plead a basis for the claim for municipal liability pursuant to 42 U.S.C. 1983.  (The employment relation is sufficient to support the claim of respondeat superior liability on the state law claims.)  As noted above, the allegations include:  there were numerous prior incidents of improper conduct by Family Court personnel, including court marshals, and including unreasonable search and seizure, use of excessive force, and other violations of citizen's constitutional rights," "Defendant CLARK COUNTY was aware of such prior incidents," "CLARK COUNTY … failed to adequately train, supervise or discipline Family Court personnel, including marshals, concerning unreasonable searches and seizures and other violations of citizen's constitutional rights, and has retained personnel with knowledge of unfitness for their position;" and that this caused "a

---

[2] Both the Nevada Supreme Court and Federal courts recognize that a participant in a joint operation, activity, or venture is liable for all damage wrongfully caused by the operation or activity even if it was not personally involved in the wrongdoing. See, e.g., *Radaker v. Scott*, 109 Nev. 653 (1993); *Howe v. United Parcel Service, Inc.*, 379 F. Supp. 667, 670 (S.D. Iowa 1974). Cf., Adickes v. S. H. Kress & Co., 398 U.S. 144, 174 (1970)(liability based on being a "participant in joint activity with the State"); *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961)(a joint participant in the challenged activity).

custom and practice of Family Court personnel engaging in unreasonable searches and seizures and other violations of citizen's constitutional rights."

These allegations go well beyond "a blanket assertion, of entitlement to relief," a pleader's "bare averment that he wants relief and is entitled to it," or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 556; *Iqbal*, 129 S. Ct. at 1949. The County's Motion urges the Court to disregard these factual allegations, asserting simplistically and inaccurately that they must be viewed as alleging only legal conclusions. As recognized by the Ninth Circuit, under *Twombly* and *Iqbal*, allegations may be discounted if "they do nothing more than state a legal conclusion," if they are "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' " of a claim. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In recognition of the foregoing, Courts, including in this District, have refused to dismiss complaints with allegations similar to, or with even less factual content than, the allegations in the Complaint herein. See, e.g., *Cerros v. N. Las Vegas Police Dep't*, 2008 U.S. Dist. LEXIS 22636, 26-27 (D. Nev. Feb. 28, 2008)(ruling as sufficient plaintiff's allegation "[t]he acts of police officers on the scene were, on information and belief . . . undertaken in accord within [sic] the policies and procedures of the North Las Vegas Police Department and in accord with training given such officers."). See also, *Sonntag v. Gurres*, 2010 U.S. Dist. LEXIS 79136 (D. Nev. July 1, 2010). Further, as pointed out in *Niendorf v. Gooding County*, 2010 U.S. Dist. LEXIS 17082, 15-16 (D. Idaho 2010), when, as herein, it is the defendant who possesses much of the material information, less specificity is required to survive a motion to dismiss, and (at 18-19): "It is only through discovery and, likely, Defendants' anticipated Motion for Summary Judgment, where such allegations will be fully vetted in a way that, given

the current procedural posture, is impossible to do now when considering Defendants' Motion to Dismiss."

**II. The Country' own evidence, and other matters, defeat the Motion's request for summary judgment, as well as supporting Plaintiff's request, if needed, for leave to amend**.. Initially, Plaintiff notes that summary judgment must be refused because there has been no opportunity for discovery at this initial stage of this case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). This has been interpreted "as requiring, rather than merely permitting, discovery." *Continental Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.*), 671 F.3d 1011, 1025 (9th Cir. 2012). As well, in view of the matters discussed below, should it be felt necessary, Plaintiff must be afforded leave to amend. "Dismissal of a complaint without leave to amend is reviewed de novo and is improper unless it is clear that the complaint could not be saved by any amendment." *Simpson v. AOL Time Warner Inc*., 452 F.3d 1040, 1046 (9th Cir. 2006); *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005).

The County's co-employer status and its participation in the non-judicial operations of the District Court, including in particular personnel matters, are supported even by the County's own evidence. Exhibit A to the County's Motion (#19, at 17) is an agreement between Clark County and the District Court and the Las Vegas Justice Court pursuant to which; "the COURT and the COUNTY authorize the Clark County Human Resources Department to provide comprehensive personnel services to the COURT, including classification and compensation, recruitment, employee relations, personnel systems and records, employee assistance and wellness, and other related services including support from

the Office of Diversity." The Agreement covers both marshals and masters, as well as other staff.

The County's Exhibit B is a "Memorandum of Understanding" between the Court and the Deputy Marshall's Association (#19, at 26). However, in practice, marshals are not afforded grievance appeal hearings pursuant to that Memorandum, because the County has not recognized the Association. Rather, as in the case of Defendant FOX, the appeal of discipline, including terminations, is conducted pursuant to the County's Merit Personnel System Procedures. (See Exhibit 1) In FOX' case, the Hearing Master was Edward Finger, Assistant County Manger, and for the employer, it was listed as "For Clark County." (See Exhibit 2) As well, the Memorandum reveals that records of discipline are kept in the County Human Resources Department. (County Exh. B, #19, at 32-33.)

As well as being involved in discipline and terminations, the Country is the one who does the hiring of court marshals and hearing masters. (See Exhibit 3)

The Motion's assertion that the "Bailiffs and deputy marshals consider themselves employees of the Court," should be viewed as either incomplete, misleading or simply wrong. Numerous of the marshals, including but not limited to FOX, have expressed in court filings in various cases that they are employees of the County. (See Exhibit 4)[3]

In addition, a deposition (See Exhibit 5) was taken of Clark County Director of Human Resources, Jesse E. Hoskins, in another case in which the employment relation is at issue. (*Britain, et als, v. Clark County*, D. Nev., Case 2:12-cv-01240.) Mr. Hoskins testified to, inter alia, the following:

---

[3] As noted on *Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir. 1997), the understanding of employees as to their employer is a relevant, though not controlling, factor.

- 9 -

1) The Clark County Code classifies marshals as County employees. (Dep. at p. 12).

2) The salary schedule for marshals is set by Clark County. (Dep. at p. 17).

3) The ultimate decision as to how much to fund for a position or to set a salary schedule belongs to Clark County. (Dep. at p. 20).

4) Clark County carries Worker's Compensation insurance for the marshals. (Dep. at p. 32)

5) Marshals are paid under Clark County's Federal tax ID number, and it is Clark County who makes the withholdings required by federal tax law. (Dep. at p. 44).

6) The courts are staffed with employees provided by Clark County. (Dep, at p. 49).

Further, the County pays the State to provide a defense for court staff members, including marshals. (See Exhibit 6) This expenditure of County funds must be viewed as recognition that the County, at least jointly with the State, has legal responsibility for the actions of the court staff.

Similar to the issue of employment, and with respect to the Monel and negligent supervision claims, the allegations concerning numerous prior incidents of improper conduct by Family Court personnel, including court marshals, are based upon reports by the press. These include that the marshal's supervisor, who no longer has that position, Steve Rushfield, "leaves behind a trail of misconduct allegations over a period of years" and that there has been "a growing number of assault allegations" "ranging from sexual assaults to choking a citizen in court." (See Exhibit 7)

Clearly there are genuine issues of material fact, precluding the entry of any summary judgment. As well, should the Court feel any additional details need to be pled, leave to amend is warranted.

**CONCLUSION**

For the reasons expressed herein, Plaintiff respectfully requests that The Court DENY Defendant's motion.

DATED this 29th day of June, 2013.

GOODMAN LAW GROUP
        /s/Ross Goodman
By: Ross C. Goodman, Esq.
Attorney for Plaintiff

**Certificate of Service**

I hereby Certify that, pursuant to FRCP Rule 5(b)(3) and this Court's Special Order 109, a true and correct copy of the forgoing document was served today via the Court's CM/ECF electronic filing system upon the following individuals:

Robert W. Freeman, Esq.
*Attorney for Clark County*

Eva Garcia-Mendoza, Esq.
*Attorney for Ronald D. Fox*

Walt. R. Cannon, Esq.
*Attorney for Patricia Donninger*

Lyssa S. Anderson, Esq.
*Attorney for James Kenyon*