1  LAW OFFICE OF DANIEL MARKS
   DANIEL MARKS, ESQ.
2  Nevada State Bar No. 002003
   ADAM LEVINE, ESQ.
3  Nevada State Bar No. 004673
   530 South Las Vegas Blvd., Suite 300
4  Las Vegas, Nevada 89101
   (702) 386-0536; FAX (702) 386-6812
5  Attorneys for Plaintiffs

6

7              UNITED STATES DISTRICT COURT

8                   DISTRICT OF NEVADA

9

10 TRINA BRITAIN, KARL BEAVERS,              Case No. 2:12-cv-01240-GMN-RJJ
   RONALD BROOKS, BRET CEGAVSKE,
11 BILLY CRANK, DENNIS CURRAN,
   KEVIN ECKHART, KENNETH HAWKES,
12 RANDY HAWKES, IAN MASSY, RIC
   MOON, GRAJEDA NUBIA, MICHAEL
13 PETTY, KAREN PIXLER, ERIC PRUNTY,
   ANTHONY RUSSO, TOM SERRANO,          SECOND AMENDED COMPLAINT
14 ANTHONY SMITH, MICHAEL SMITH,         (Jury Trial Demanded)
   ENRIQUE STIEGELMEYER, ANTHONY
15 VOGEL, and LAMONS WALKER;

16         Plaintiffs,

17 v.

18 CLARK COUNTY, NEVADA

19         Defendant
                                      /
20

21         COMES NOW the Plaintiffs Trina Britain, Karl Beavers, Ronald Brooks, Bret Cegavske,

22 Billy Crank, Dennis Curran, Kevin Eckhart, Kenneth Hawkes, Randy Hawkes, Ian Massy, Rick

23 Moon, Grajeda Nubia, Michael Petty, Karen Pixler, Eric Prunty, Anthony Russo, Tom Serrano,

24 Anthony Smith, Michael Smith, Enrique Stiegelmeyer, Anthony Vogel, and Lamons Walker

25 (hereafter collectively referred to as "PLAINTIFFS") by and through undersigned counsel Adam

26 Levine, Esq. of the Law Office of Daniel Marks and for the Causes of Action against Defendant

27 Clark County alleges follows:

28     1.  At all times material hereto Plaintiffs were residents of Clark County, Nevada;

EXHIBIT 4

2. At all times material hereto Defendant Clark County was a political subdivision of the State of Nevada and an employer within the meaning of 29 U.S.C. §203(d).

3. At all times material hereto Plaintiffs were employed by Defendant Clark County as Deputy Marshals and were employees within the meaning of 29 U.S.C. §203(e).

4. The United States District Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

5. Pursuant to NRS 3.100 the counties must provide the district courts with facilities, attendants, fuel, lights and stationery, suitable and sufficient for the transaction of court business. Deputy Marshals are Category I and Category II peace officers within the meaning of NRS Chapter 289 and are among the "attendants" provided by Clark County to enforce the law, transport prisoners, and provide security for all persons at the various facilities provided by the County for use by any courts. Pursuant to NRS 3.310 and NRS 4.353 those Deputy Marshals assigned to specific departments of the Eighth Judicial District Court and Clark County Justice Court are to be paid the same as any other County officer.

## COUNT ONE
### (Failure To Pay Compensation For Lunch Period)

6. Deputy Marshals work nine (9) hour shifts at their assigned facilities, five (5) days per week.

7. Deputy Marshals are given a one (1) hour for lunch which they are not compensated.

8. The lunch period is not at any set time. Based upon the needs of the judges in the facilities provided by Clark County, Deputy Marshals are frequently required to eat their lunches back in the judge's chambers or at a duty station. Deputy Marshals are required to remain in uniform during the lunch period. Deputy Marshals are required to respond to citizen inquiries even if they are on their lunch period. Deputy Marshals are required to remain in radio contact during their lunch period and are required to intervene in any violations of the law that they witness during their lunch period. Deputy Marshals are not permitted to consume alcohol or smoke tobacco

## AFFIDAVIT OF ERIC PRUNTY

STATE OF NEVADA   )
                  ) ss.
COUNTY OF CLARK   )

Eric Prunty being first duly sworn does say and depose the following:

1. I am currently employed as a Deputy Marshal by Clark County. I am currently serving in an assignment as a judicially appointed Marshal to Department 31 of the Eighth Judicial District Court.

2. I was first hired by Clark County as a Park Maintenance Worker with the Clark County department of Parks and Recreation in 2006. I subsequently transferred to the State of Nevada Department of Public Safety, Highway Patrol Division.

3. In July of 2008 I returned to Clark County Department of Parks and Recreation.

4. In or about April of 2010 I applied for a transfer within Clark County to the position of Deputy Marshal. I received a letter on May 6, 2010 thanking me "for your interest in employment with Clark County" and informed me I had interviewed for the position of Marshal with the "District Court Department" of Clark County. The letter thanked me for my interest "in employment opportunities with Clark County". A true and correct copy of the May 6, 2010 letter is attached hereto.

5. On December 3, 2010 I received a letter offering me employment with "the Clark County Courts". This new letter informed me I was precluded from "any association or affiliation with the local collective bargaining agreement unit (Service Employee International Union-SEIU) due to the Court's relationship with Clark County Government." A true and correct copy of the December 3, 2010 letter is attached hereto.

6. When I transferred from Parks and Recreation to the District Court Department of Clark County, all of my accrued sick time, and vacation time, and compensatory time transferred with me. I was not required to undergo any new employee orientation as I have already been through the orientation for new employees of Clark County.

7. I began my employment assigned as then Administrative Deputy Marshal. Effective March 17, 2011 I was assigned to Department 31. This notice of assignment indicated

-1-

that the Honorable Joanna Kishner was my "new supervisor". I believe Judge Kishner is my supervisor and not my employer. The March 17, 2011 reassignment notice indicated that "Pursuant to Clark County Policies & Procedures" I was to continue to serve a qualifying period. A true and correct copy of the March 17, 2011 reassignment notice is attached hereto.

8. I am paid by Clark County and not the Eighth Judicial District Court. A true and correct copy of my compensation summary is attached hereto.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*[signature]*
ERIC PRUNTY

SUBSCRIBED and SWORN to before me this 26th day of September, 2012.

*[signature]*
NOTARY PUBLIC in and for said
COUNTY and STATE

MYRA J. HARTS
Notary Public State of Nevada
No. 93-2527-1
My Appt. Exp. Jan. 31, 2013

-2-

Jesse E. Hoskins   November 2, 2012

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2                    DISTRICT OF NEVADA
 3
 4    TRINA BRITAIN, KARL            )
      BEAVERS, RONALD BROOKS,        )
 5    BRET CEGAVSKE, BILLY           )
      CRANK, DENNIS CURRAN,          )
 6    KEVIN ECKHART, KENNETH         ) Case No.
      HAWKES, RANDY HAWKES, IAN      ) 2:12-cv-01240-GMN-RJJ
 7    MASSY, RIC MOON, GRAJEDA       )
      NUBIA, MICHAEL PETTY,          )
 8    KAREN PIXLER, ERIC             )
      PRUNTY, ANTHONY RUSSO,         )
 9    TOM SERRANO, ANTHONY           )
      SMITH, MICHAEL SMITH,          )
10    ENRIQUE STIEGELMEYER,          )
      ANTHONY VOGEL, and LAMONS      )
11    WALKER,                        )
                                     )
12              Plaintiffs,          )
                                     )
13    vs.                            )
                                     )
14    CLARK COUNTY, NEVADA,          )
                                     )
15              Defendant.           )
                                     )
16
17           DEPOSITION OF JESSE E. HOSKINS
18          Taken on Friday, November 2, 2012
19                    At 1:03 p.m.
20         At 530 Las Vegas Boulevard South
21                     Suite 300
22                  Las Vegas, Nevada
23
24
25    REPORTED BY:  JO A. SCOTT, RPR, CCR NO. 669
```

CERTIFIED COPY

All-American Court Reporters  (702) 240-4393
www.aacrlv.com

logged 11/13/12


CC TO CLIENT 11/13/12
INITIALS AL
condensed version

EXHIBIT 5

Jesse E. Hoskins   November 2, 2012

Page 12

```
 1   by rule of court.
 2           Did I read that correctly?
 3      A.   That's what it says.
 4      Q.   And 3.310 is the statute that applies to
 5   bailiffs and deputy marshals, correct?
 6      A.   If you say so, yes.
 7      Q.   Do you have any reason to believe that
 8   it's not?
 9      A.   No.
10      Q.   Do you want me to show you the statute?
11   Would you be more comfortable answering questions
12   if I showed you the statute?
13      A.   No. I believe you. I believe you.
14      Q.   So am I reading this correctly that
15   bailiffs or deputy marshals are classified by the
16   Clark County Code as members of the noncompetitive
17   service of Clark County?
18      A.   Yes.
19           MR. FREEMAN: Object to the form of the
20   question.
21   BY MR. LEVINE:
22      Q.   Your answer was yes?
23      A.   That was yes.
24      Q.   And the Clark County Code is the
25   governing law for Clark County; would that be
```

Jesse E. Hoskins   November 2, 2012

Page 17

```
1    "marshal" or "deputy marshal" for purposes of the
2    deposition, you will understand it to be the same
3    thing?
4        A.   Yes.
5        Q.   Who sets the salary for the bailiff or
6    deputy marshal position?
7        A.   It's established by the County.
8        Q.   The Board of County Commissioners?
9        A.   Yeah.  They approve the schedules, yes.
10       Q.   And the schedules that are approved by
11   the Board of County Commissioners that set the
12   salaries, those schedules are developed by who?
13       A.   Department of Human Resources.
14       Q.   Your department?
15       A.   Yes.  And we make recommendations to the
16   county manager and the position review committee.
17       Q.   And that position review committee is a
18   Clark County committee, correct?
19       A.   That's correct.
20       Q.   And the benefits that are provided to a
21   bailiff in addition to the salary, those benefits
22   are provided by Clark County?
23       A.   Yes, they are extended to the bailiffs
24   and marshals.
25       Q.   Is the manner in which they are extended
```

All-American Court Reporters  (702) 240-4393
www.aacrlv.com

Jesse E. Hoskins    November 2, 2012

Page 20

1   Q.   Regardless of whether they request or
2   suggest, the ultimate decision as to how much to
3   fund for a position or set a salary schedule
4   ultimately belongs to the County, correct?
5   A.   Yes.
6   Q.   I would note that the court compliance
7   supervisor, it says, Bargaining Unit:
8   SEIU-General Unit.
9        What does that mean?
10  A.   That means that this position is
11  covered -- it's a covered position within the
12  Local 1107 SEIU union.
13  Q.   Make sure I understand your answer
14  correctly there, this is a position that is
15  covered by a collective bargaining agreement
16  entered into between Clark County and SEIU
17  Local 1107?
18  A.   Yes.
19  Q.   Now, I am going to tell you, I have not
20  pulled every single job description for a position
21  over at the Regional Justice Center, but are you
22  familiar with the courtroom clerks?
23  A.   Somewhat, yeah.
24  Q.   That is --
25  A.   Yes.

Jesse E. Hoskins    November 2, 2012

Page 32

```
1      Q.   You have been in human resources not just
2   in Clark County, but a number of government
3   organizations for many, many years, correct?
4      A.   Yes.
5      Q.   You are familiar with the concept of
6   workers' compensation, correct?
7      A.   Yes.
8      Q.   And in Nevada, are you aware that every
9   employer that employs one or more servants must
10  carry workers' compensation insurance or be
11  appropriately self-insured?
12     A.   Yes.
13     Q.   And Clark County carries that workers'
14  compensation insurance through self-funding for
15  its employees?
16     A.   Yes, I believe so.
17     Q.   And does that include for the marshals?
18     A.   Yes.
19          MR. LEVINE:  Mark this the next exhibit.
20              (Whereupon, Plaintiffs' Exhibit 8
21              was marked for identification.)
22  BY MR. LEVINE:
23     Q.   Are you familiar with this form?
24     A.   It looks like a work schedule agreement.
25     Q.   And can you tell me what a work schedule
```

All-American Court Reporters  (702) 240-4393
www.aacrlv.com

Jesse E. Hoskins   November 2, 2012

Page 44

1  to a collective bargaining agreement with their
2  organization?
3      A.  We have a collective bargaining agreement
4  with them, yes.
5      Q.  The sheriffs, civil, are they employed by
6  Clark County subject to a collective bargaining
7  agreement?
8      A.  We have a collective bargaining agreement
9  with the sheriff deputies, yes, civil.
10     Q.  Civil.  So all the peace officers, POST
11 certified employees of Clark County, the only ones
12 that do not have a collective bargaining agreement
13 with an organization would be the bailiffs/deputy
14 marshals?
15     A.  Yes, I believe so.
16     Q.  I'm not going to mark this yet.
17         But when a deputy marshal is paid by
18 Clark County, who does the Federal withholdings
19 for purposes of complying with Federal tax laws?
20     A.  I believe the County does.
21     Q.  And the tax ID number that is given on
22 the W-2 provided to the marshals has the tax ID
23 number of what employer?
24     A.  It would be the County.
25     Q.  The number of marshal positions over,

Jesse E. Hoskins   November 2, 2012

Page 49

```
1      A.   It would be the District Court.
2      Q.   Well, what is your understanding of what
3   a district court is?
4      A.   It's a district court.
5      Q.   I'm going to show you a badge.  Does the
6   badge say District Court on it?
7      A.   No, it doesn't.
8      Q.   What does it say?
9      A.   It says Clark County --
10     Q.   Okay.
11     A.   -- Deputy Marshal.
12     Q.   All right.
13     A.   That's what it says.
14     Q.   All right.  What is your understanding of
15  what the Eighth Judicial District Court is, just
16  your understanding?
17     A.   It's a judicial entity that hears
18  criminal and civil cases.
19     Q.   It's a series --
20     A.   And it's staffed with employees.
21     Q.   Employees provided by Clark County?
22     A.   Yeah.
23     Q.   Take a look at the -- let's move on to
24  the next exhibit.  The photos speak for
25  themselves.
```