ROBERT W. FREEMAN
Nevada Bar No. 3062
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
    Attorneys for Defendant
    Clark County

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

\*\*\*

| | |
|---|---|
| MONICA CONTRERAS,<br><br>    Plaintiff,<br><br>vs.<br><br>RONALD D. FOX; JAMES KENYON; PATRICIA DONNIGER, CLARK COUNTY, NEVADA, STATE OF NEVADA , ex rel, THE EIGHTH JUDICIAL DISTRICT COURT, DOES 1-10; and ROE ENTITIES 11-20, inclusive<br><br>    Defendants. | CASE NO. 2:13-cv-0591-MMD-PAL<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT** |

COMES NOW, Defendant Clark County, Nevada ("Clark County") by and through their attorneys of record, Robert W. Freeman, Esq., of Lewis, Brisbois, Bisgaard, & Smith, and hereby submits this reply in support of its motion to dismiss or in the alternative for summary judgment.

This reply is made and based upon all the pleadings and papers on file herein, together with any argument this Court may entertain at the hearing in this matter.

### POINTS AND AUTHORITIES

Plaintiff Monica Contreras alleges that Clark County is liable for violating her constitutional rights pursuant to 42 U.S.C. § 1983, and for negligent training/supervision/retention pursuant to state tort law. Both of her claims are grounded in the erroneous contention that Clark County is the employer of individual Defendants Fox, Kenyon, and Doninger. In its motion, Clark County demonstrates through citation to Nevada law and relevant contracts that it does not employ

4839-9869-1092.1

Fox, Kenyon, or Doninger. In her opposition, Plaintiff Contreras ignores the law and evidence cited in the motion in favor of an argument that her Complaint sufficiently alleges that Clark County is the employer of the individual Defendants and that she should be allowed to engage in discovery to prove it. In so doing, Plaintiff Contreras has given the Court nothing to decide and Clark County is entitled to judgment as a matter of law. No amount of discovery is going to change the clear language of the Nevada statutes or the contracts discussed in the motion.

In the period since the filing of Clark County's motion to dismiss the Nevada Supreme Court has expounded on the separation of powers doctrine found in the Nevada Constitution in such a way that the County's entitlement to judgment at this early stage of litigation is clearer.

Article 3, § 1 of the Nevada Constitution, reads,

> The Powers of the Government of the State of Nevada shall be divided into three separate departments, the Legislative, the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except on the cases expressly directed or permitted in this constitution.

Thus, the Nevada Constitution provides for three separate, but co-equal, branches of government, each branch having its own function and constitutional power. The legislative branch controls the "power of the purse," meaning that it has the responsibility for funding government operations. *S.N.E.A. v. Daines*, 108 Nev. 15, 21, 824 P.2d 276, 279 (1992). The executive branch controls the numerous agencies or departments responsible for executing the laws passed by the legislative branch. NEV CONST. Art. 5, §§ 1, 5 and 7. The state's judicial power is vested in the Nevada Supreme Court, the district courts and the justice courts. NEV CONST., art. 6, § 1. "Judicial power is the authority to hear and determine justiciable controversies and includes within its scope the inherent or incidental authority to do that which is reasonably necessary to exercise the power conferred." *Azbarea v. City of North Las Vegas*, 95 Nev. 109, 111, 590 P.2d 161 (1979).

In addition to the constitutionally expressed powers and functions, each branch of government possesses the inherent power to perform incidental ministerial functions. Ministerial functions are methods of implementation to accomplish or put into effect the basic function of

each branch of government. *Galloway v. Truesdell*, 83 Nev. 13, 422 P.2d 237 (1967). In Galloway, the Court explained the import and effect of each department's inherent authority:

> Without the inherent powers of ministerial functions, each department would exist in a vacuum. It would be literally helpless. It is because of the inherent authority of ministerial functions that the three Departments are thus linked together and able to form a co-ordinated and interdependent system of government. While the Departments become a co-ordinated, efficient system under such a process, yet each Department must maintain its separate autonomy.
>
> It is in the area of ministerial functions of each Department where there frequently occurs an overlapping or even duplication of functions. However, the overlapping is more apparent than real. . . . Such overlapping or duplication of effort or function can be entirely valid so long as each can logically and legitimately trace its efforts or functions back to, and it is derived from, its basic source of power.

Galloway, 83 Nev. at 21-22, 422 P.2d at 243.

In Nevada, as elsewhere, the judicial branch of government possesses the inherent power to administer its affairs. This power includes all incidental powers reasonable and necessary to carry out its duties. See *Goldberg v. Eighth Jud. Dist. Ct.*, 93 Nev. 614, 615-16, 572 P.2d 521, 522 (1977) (citing *City of N. Las Vegas v. Daines*, 92 Nev. 292, 294, 550 P.2d 399, 400 (1976); *Dunphy v. Sheehan*, 92 Nev. 259, 549 P.2d 332 (1976); *Sun Realty v. Dist. Ct.*, 91 Nev. 774, 542 P.2d 1072 (1975); *Young v. Bd. of County Comm'rs*, 92 Nev. 52, 530 P.2d 1203 (1975); *State ex rel. Kitzmeyer v. Davis*, 26 Nev. 373, 68 P. 689 (1902)).

The inherent powers of courts "are by their nature impracticable if not impossible of all-inclusive enumeration." *State v. Moriwake*, 647 P.2d 705, 712 (Hawaii 1982). However, they surely include the authority necessary "to protect the dignity, independence and integrity of the court and the judicial process." *People ex rel. N.R.*, 139 P.2d 371, 380 (Colo. 2006). Bailiffs and marshals perform functions that are necessary to protect the dignity, independence and integrity of the court and the judicial process. To allow those court officers to be employed by the County may violate the constitutional principle of separation of powers and thus violate the constitution.

The Nevada Supreme Court recently held that a city's imposition of its influence on court personnel decisions violates the separation of powers doctrine found at Article 3, Section 1 of the Nevada Constitution. Improper influence includes the hiring, firing and discipline of court

employees. *See City of Sparks Civil Service Commission v. Sparks Municipal Court*, 129 Nev. Adv. Op. 38 (2013).

In *City of Sparks*, the Court was asked to review the validity of a district court order enjoining the city from interfering in the personnel decision of its municipal court. The case was initiated by the municipal court after the city, through its budgetary process, directed the court to reduce the salaries of its administrator and judicial assistant. When the court pushed back against the directive and the parties could not otherwise resolve their differences the municipal court sought an injunction.

The Nevada Supreme Court upheld the injunction finding that the municipal court was likely to prevail on the merits of its claim that the City's directive violated the separation of powers doctrine. In its opinion, the Supreme Court discussed the separation of powers doctrine as it applies to the judicial branch of government,

> Under the separation of powers doctrine of the Nevada Constitution, each of the three branches of government is vested with authority to exercise its own functions, and no branch may exercise the functions of another unless expressly permitted to do so by the Nevada Constitution. Galloway v. Truesdell, 83 Nev. 13, 19, 422 P.2d 237, 241-42 (1967)(discussing Nev. Const. art. 3, § 1). Thus, the courts, whose judicial functions involve hearing and resolving legal controversies, possess the authority to take any actions that are inherent or incidental to that function. Galloway, 83 Nev. At 20, 422 P.2d at 242. Furthermore, any statutory scheme that would allow the executive or legislative branches of a municipal government to control or exercise the inherent powers of the municipal court would violate the separation of powers doctrine. See id. At 19, 422 P,l2d at 241-42; see also Mowrer, 618 P.2d at 891.

Advance Opinion at p. 18-19.

The Court went on to directly address the management and control of court employees,

> [T]he Municipal Court's express function is to decide controversies and enforce judgments. See Galloway, 83 Nev. at 539-40, 422 P.2d at 242. It would be impossible for the Municipal Court to exist and fulfill this role without employees to manage the docket, process paperwork, provide administrative assistance, and monitor compliance with its orders, among many other ministerial duties. [citation omitted] Furthermore, the Municipal Court must be able to exercise control over the employees who perform these tasks in order to ensure that the appropriate candidates are chosen for the jobs, the tasks are performed in a satisfactory manner, and proper sanctions and rewards are available when necessary. See State ex rel. Harvey v. Second Judicial Dist. Court, 117 Nev. 754, 770, 32

4839-9869-1092.1

4

P.3d 1263, 1273 (2001) (recognizing that the provisions of the Nevada Constitutional providing for an independent judiciary "would be seriously undermined if the judiciary were prohibited, under any circumstance, from exercising direct control over the personnel who were performing vital and essential court functions").

Advance Opinion at 21-22.

In the context of this case, Clark County does not have the constitutional authority to exercise any influence over court personnel like deputy marshals and hearing masters. Therefore, Plaintiff cannot prove essential elements of either of her claims and the County is entitled to judgment as a matter of law.

The separation of powers discussion included in *City of Sparks* is reflected in the Nevada statutes and contracts referenced in the motion to dismiss. Although Plaintiff Contreras chose to ignore the County's arguments, it is clear that the Nevada Revised Statutes govern the creation and administration of the Court System in Nevada, including appointment of bailiffs, deputy marshals, and hearing masters. Every aspect of the appointment, supervision, training, and discipline of bailiffs, deputy marshals, and hearing masters is reserved to the Courts by statute. For example, the judges of the individual courts appoint their own marshals (NRS 3.310(1); NRS 4.353(1)). The appointed marshals serve "at the pleasure of the judges he or she serves". (NRS 3.310(1); NRS 4.353(1)). The appointed marshals are directed to perform only court functions: maintaining order, attending upon the jury, opening and closing court, and most importantly, "other such duties as may be required" by judges. (NRS 3.310(3); NRS 4.353(3)). The appointed marshals are required to provide a bond that is approved by the judges. (NRS 3.310(4); NRS 4.353(4)). Apart from statutory duties, the appointed marshals cannot serve civil or criminal process unless so ordered by a judge. (NRS 3.310(7); NRS 4.353(7)). In addition, the Courts reserve the right to determine their marshal's salary, merit increases, and entitlement to overtime.

In addition to the Nevada Constitution and statutes, both the marshals and the Court acknowledge their obvious employer/employee relationship. The Letter of Understanding, executed by the Clark County Commission and the Eighth Judicial District Court and Las Vegas Justice Court, Exhibit "A" to the motion to dismiss, makes clear that deputy marshals are employees of the Court who has the unfettered power to hire, transfer, evaluate, supervise,

1 discipline, and terminate them.

2     Integral to both of Plaintiff Contreras' claims is an underlying employment relationship between Clark County and the individual Defendants that does not and cannot exist. Pursuant to the Nevada Constitution, Nevada statutes, and the contracts governing the relationship of the County, Courts, and court employees, Clark County is not the employer of Defendants Fox, Kenyon, or Doninger. In this circumstance, Clark County cannot be liable for Plaintiff alleged civil rights violation or for the negligent supervision, training or retention of the individual Defendants and is entitled to judgment as a matter of law.

DATED this 22 day of July, 2013.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Robert W. Freeman, Jr.
Robert W. Freeman, Jr., Esq.
Nevada Bar No. 3062
6385 S. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
Attorney for Defendant
Clark County

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22/day of July, 2013, I electronically filed the **REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT** with the Clerk of the Court through Case Management/Electronic Filing System.

Ross C. Goodman, Esq.
GOODMAN LAW GROUP
520 S. Fourth Street, 4th Floor
Las Vegas, Nevada 89101
Attorneys for Plaintiff
Monica Contreras

Eva Garcia-Mendoza, Esq.
GARCIA-MENDOZA & SNAVELY
501 South Seventh Street
Las Vegas, Nevada 89101
Attorneys for Defendant
Ronald D. Fox

Walt R. Cannon, Esq.
OLSON, CANNON, GORMELY, ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
Patricia Donniger

Lyssa S. Anderson, Esq,
KAEMPFER CROWELL RENSHAW GRONAUER & FIRENTINO
8345 W. Sunset Road, Suite 250
Las Vegas, Nevada 89113
Attorneys for Defendant
James Kenyon

_____
Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP

4839-9869-1092.1