Ross C. Goodman
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088

*Attorneys for Plaintiff Monica Contreras*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS, individually, and in her capacity as natural mother and guardian of, and on behalf of, ANDREA PATERNA, a minor,<br><br>                    Plaintiff,<br><br>vs.<br><br>RONALD D. FOX; JAMES KENYON; GREGORY BRYANT; PATRICIA DONINGER; CLARK COUNTY, NEVADA; DOES 1-10; and ROE ENTITIES 11-20, inclusive,<br>                    Defendants. | Case No.: 2:13-cv-00591-JCM-PAL<br><br>**FIRST AMENDED COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff MONICA CONTRERAS, for her Complaint against Defendants, and each of them, jointly and severally, alleges and claims as set forth below.  Plaintiff also respectfully requests a Jury Trial.

1.      This Court has jurisdiction under 28 U.S.C. §1331 and §1343, and 42 U.S.C. §1983, and supplemental jurisdiction with respect to state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial portion of the events and conduct giving rise to the violations of law complained of herein occurred in this District.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

2.     Plaintiff MONICA CONTRERAS is a resident and citizen of Clark County, Nevada. She brings this action individually on her own behalf, and also, as natural mother and guardian, on behalf of her daughter ANDREA PATERNA, a minor.

3.     The Family Court referred to herein is a division of the Eighth Judicial District Court, also known as the Clark County District Court. On information and belief, for purposes relevant to the claims herein, the District Court, including the Family Court, is operated by and on behalf of, and is a part of, each and both of Defendant CLARK COUNTY and of the STATE OF NEVADA.

4.     Defendant RONALD D. FOX was at relevant times a court marshal at the Family Court and is sued in his individual capacity.

5.     Defendant JAMES KENYON was at relevant times a court marshal at the Family Court and is sued in his individual capacity.

5A.    Defendant GREGORY BRYANT was at relevant times a court marshal at the Family Court and is sued in his individual capacity.

6.     Defendant PATRICIA DONINGER was at relevant times a hearing master at the Family Court and is sued in her individual capacity.

7.     Upon information and belief, Defendant CLARK COUNTY and the STATE of NEVADA, through its EIGHTH JUDICIAL DISTRICT COURT, were, for purposes relevant to the claims herein, co-employers of Defendants FOX, KENYON, BRYANT and DONINGER.

8.     The true names and/or capacities of Defendants DOES 1-10 and ROE ENTITIES 11-20, are unknown to Plaintiff, who therefore sues said Defendants, and each of them, by such fictitious names. On information and belief, each of the Defendants so designated are responsible in some manner for the events and happenings referred to, and caused damages to the Plaintiff as alleged herein, and Plaintiff will ask leave of this Court to amend this Complaint to

Page 2 of 20

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

1    insert the true names and capacities of such DOE and ROE Defendants, when same have been

2    ascertained, together with appropriate charging allegations, and to join such parties in this action.

3        9.    On August 8, 2011, Plaintiff appeared in the Family Court, with her young

4    daughter, at a hearing concerning a temporary restraining order that had been moved for by her

5    ex-husband.

6

7        10.    Defendant PATRICIA DONINGER, a hearing master, was presiding at this

8    hearing.

9        11.    After Hearing Master DONINGER denied the ex-husband's motion, Plaintiff

10    began to leave the courtroom with her daughter.

11        12.    As Plaintiff was leaving the courtroom, she was approached by Defendant FOX

12    who told her she needed to go into an anteroom for a drug search.

13        13.    Defendant FOX told Plaintiff that he had been directed to do a drug search by

14    Defendant DONINGER.

15

16        14.    On information and belief, on or about the same day, Defendant FOX told a

17    representative of Child Protective Services that he had been directed to do a drug search by

18    Defendant DONINGER.

19        15.    Neither Defendant FOX or Defendant DONINGER had any reason to have a drug

20    search done, or any reason to detain Plaintiff.

21

22        16.    While in the anteroom, Defendant FOX engaged in non-consensual improper

23    sexual contact with Plaintiff's body and made sexually abusive and harassing requests.

24        17.    Plaintiff returned to the courtroom and addressed Defendant DONINGER

25    concerning Fox' actions.

26        18.    Both Defendants FOX and KENYON intimidated and threatened to arrest

27    Plaintiff in an attempt to coerce Plaintiff into addressing Defendant Hearing Master DONINGER

28

1    and recanting her statements about FOX's actions.

2        19.    When Plaintiff did not recant her statements, Defendants FOX and KENYON
3
     arrested Plaintiff, placed her in handcuffs, issued her criminal citations, and detained her for an
4
     extended period in a holding cell at the Family Court.
5
6        19A.    During Plaintiff's detention in the holding cell, Defendant BRYANT, a
7    supervisor, discussed the events and citations with Plaintiff and FOX and KENYON.

8        19B.    During Plaintiff's detention in the holding cell, she was required to submit samples
9    for drug testing, all of which were promptly reported as negative.

10       19C.    None of Defendants FOX, KENYON, BRYANT, or DONINGER had any reason
11   to have a drug search or drug testing done, or any reason to detain Plaintiff.
12
13       20.    After that extended detention in the holding cell, other officers arrived and
14   released Plaintiff from custody.

15       21.    While Plaintiff was being arrested and detained, Defendants had the court clerk
16   call Child Protective Services to come and take custody of Plaintiff's daughter.

17       22.    Child Protective Services did come to the court and took custody of Plaintiff's
18   daughter, holding her for several hours before she was released to her father.

19       23.    For an extended period of months, Plaintiff was only allowed limited supervised
20
     visits with her daughter at Child Haven.
21
22       24.    Upon information and belief, many months after Plaintiff submitted a complaint,
23   FOX's employment was terminated due to his improper actions with respect to Plaintiff.

24       25.    Upon information and belief, Defendant KENYON was a supervisor over
25   Defendant FOX.

26       25A.    Upon information and belief, Defendant BRYANT was a supervisor over
27   Defendants FOX and KENYON.
28
                                        Page 4 of 20

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

25B.   The report of the Internal Affairs investigation noted that Defendant KENYON failed to take any supervisory action and improperly complied with directions given to him by the far more junior marshal Defendant Fox.

25C.   The Internal Affairs investigation further noted that neither KENYON nor BRYANT took appropriate and necessary steps to consider the validity of FOX's accusation and criminal citation of Plaintiff purportedly for making an allegation of misconduct against a peace officer.   The report further stated: "the mere making of an allegation of misconduct against a peace officer is not an offense that a person can be arrested upon, Kenyon and Bryant should both know this" and that KENYON and BRYANT both showed a "lack of basic police knowledge."

25D.   The Internal Affairs investigation further noted that FOX had been accused of the same type of behavior a year earlier but that there was no record of such matter.

26.   Defendant DONINGER had an administrative duty to supervise the conduct of the court staff, including the court marshals.

27.   Defendant DONINGER's administrative duty to supervise included a duty to not permit court staff to engage in abuse and harassment.

28.   Particularly in view of the dramatic difference in Plaintiff's demeanor between her initial appearance at the motion hearing and upon her return into the courtroom, Defendant DONINGER had notice that something untoward and traumatic had occurred.

29.   As part of her administrative supervisory duties, Defendant DONINGER had sufficient reason, and a duty, to intervene, inquire and consider what Plaintiff and the Marshals', had to say about whether Plaintiff had been subjected to improprieties and, related thereto, to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

///

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

30.    Defendant DONINGER ignored Plaintiff, took no steps to allow Plaintiff to fully explain what she had to say about what had and was happening to her, no steps to ascertain what the marshals had to say, and related thereto, no step to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

31.    At all relevant times, the acts and conduct of Defendants FOX, KENYON, BRYANT and DONINGER were done within the course and scope of their employment as employees and/or agents of Defendant CLARK COUNTY and THE STATE of NEVADA.

32.    As a direct and proximate result of the wrongful conduct of FOX, KENYON, BRYANT and DONINGER, and each of them, Plaintiff personally and individually suffered injury and damages, including, but not limited to, deprivation of her personal liberty, deprivation of her maternal rights with respect to her daughter, monetary loss with respect to dealing with criminal charges that should not have been made, and emotional injury and distress. .

32A.    As a direct and proximate result of the wrongful conduct of FOX, KENYON, BRYANT and DONINGER, and each of them, Plaintiff's minor daughter, ANDREA PATERNA, suffered injury and damages, including, but not limited to, emotional injury and distress resulting from, inter alia, witnessing her mother's dealings with and arrest by the marshals, being taken from the company and custody of her mother and into the custody of strangers to her, and subjected to an extended period of limited visitation with her mother.

## FIRST CLAIM FOR RELIEF

(Against Defendants FOX, KENYON, BRYANT and DONINGER, pursuant to 42 USC 1983
for violation of 4th Amendment rights)

33.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 32 as if fully set forth hereat.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

34.    Defendants FOX and KENYON subjected Plaintiff to an unreasonable search and seizure in violation of her rights pursuant to the 4th Amendment of the United States Constitution.

34A.    Defendant Bryant's conscious disregard of Plaintiff's rights and failure to act as alleged above extended the period of Plaintiff's unreasonable detention and seizure in violation of her rights pursuant to the 4th Amendment of the United States Constitution.

35.    Defendant DONINGER'S conscious disregard of Plaintiff's rights and failure to act as alleged above was a contributing cause of Plaintiff being subjected to an unreasonable search and seizure.

36.    As a direct and proximate result of the violation of such rights, Plaintiff suffered injury and damages, including, but not limited to, deprivation of her personal liberty and emotional distress.

36A.    As a direct and proximate result of the violation of Plaintiff' rights in connection with her unreasonable search and seizure, Plaintiff's minor daughter suffered injury and damages, including, but not limited to, emotional injury and distress resulting from, inter alia, witnessing her mother's dealings with and arrest by the marshals, and to the daughter herself being subjected to an unreasonable seizure in violation of the daughter's 4th Amendment rights in being taken from the company and custody of her mother and into the custody of strangers to her.

37.    The wrongful conduct of Defendant FOX was intentional and evilly motivated.

38.    The wrongful conduct of Defendants KENYON, BRYANT and DONINGER involved reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

39.    Plaintiff is entitled to an award of punitive damages pursuant to 42 USC § 1983.

1    40.    Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42 USC

2    1988.

3                              **SECOND CLAIM FOR RELIEF**

4    (Against Defendants FOX, KENYON, BRYANT and DONINGER pursuant to 42 USC 1983 for
5                              violation of 14th Amendment rights)

6

7    41.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 as if

8    fully set forth hereat.

9    42.    Defendants FOX, KENYON, BRYANT and DONINGER subjected Plaintiff to a

10   deprivation of her liberty interest in her right of familial relationship and society with her

11   daughter, in violation of her rights pursuant to the 14th Amendment of the United States

12   Constitution.

13   42A.    Defendants FOX, KENYON, BRYANT and DONINGER subjected Plaintiff's

14   minor daughter to a deprivation of her liberty interest in her right of familial relationship and

15   society with her mother, in violation of her rights pursuant to the 14th Amendment of the United

16   States Constitution.

17

18   43.    As a direct and proximate result of the violation of such rights, Plaintiff

19   suffered injury and damages, including, but not limited to, deprivation of her right of familial

20   relationship and society with her daughter and emotional distress.

21

22   43A.    As a direct and proximate result of the violation of such rights, Plaintiff's minor

23   daughter suffered injury and damages, including, but not limited to, deprivation of her right of

24   familial relationship and society with her mother and emotional distress.

25   44.    The wrongful conduct of Defendant FOX was intentional and evilly motivated,

26   and the wrongful conduct of Defendants KENYON, BRYANT and DONINGER involved

27   reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

45.    Plaintiff is entitled to an award of punitive damages pursuant to 42 USC § 1983.

46.    Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42 USC 1988.

### THIRD CLAIM FOR RELIEF

(Against Defendant DONINGER, supervisory liability pursuant to 42 USC 1983 for violation of 4th and 14th Amendment rights)

47.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 46 as if fully set forth hereat.

48.    Defendant DONINGER had supervisory authority and responsibility for the conduct of court marshals Defendants FOX and KENYON.

49.    Defendant DONINGER knowingly failed to take actions within her administrative supervisory authority and responsibility which would have prevented the violation of Plaintiff's and Plaintiff's daughter's rights.

50.    The wrongful failure to supervise involved reckless, callous and deliberate indifference to Plaintiff's and Plaintiff's daughter's federally protected rights.

51.    Plaintiff is entitled to an award of punitive damages pursuant to 42 USC § 1983.

52.    Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42 USC 1988.

### FOURTH CLAIM FOR RELIEF

(Against Defendant CLARK COUNTY, municipal liability pursuant to 42 USC 1983)

53.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 52 as if fully set forth hereat.

54.    Upon information and belief, there were numerous prior incidents of improper conduct by Family Court personnel, including court marshals, and including unreasonable search

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

1   and seizure, use of excessive force, and other violations of citizen's constitutional rights.

2   55.   Upon information and belief, Defendant CLARK COUNTY was aware of such

3   prior incidents.

4   56.   Upon information and belief, Defendant CLARK COUNTY, with deliberate

5   indifference, failed to adequately train, supervise or discipline Family Court personnel, including

6   marshals, concerning unreasonable searches and seizures and other violations of citizen's

7   constitutional rights, and has retained personnel with knowledge of unfitness for their position.

8

9   57.   Upon information and belief, the failure of Defendant CLARK COUNTY to

10   adequately train, supervise or discipline Family Court personnel and the retention of unfit

11   personnel constituted a de facto policy causing a custom and practice of Family Court personnel

12   engaging in unreasonable searches and seizures and other violations of citizen's constitutional

13   rights.

14

15   57A.   Upon information and belief, FOX was hired as a court marshal without

16   compliance with requirements in NAC 289.110, including, but not limited to, its requirements

17   with respect to a psychological evaluation and investigation of past employment.

18   57B   Upon information and belief, court marshals were routinely hired without

19   compliance with requirements in NAC 289.110.

20

21   58.   Upon information and belief, the just-noted failures, de facto policy, and custom

22   and practice were a proximate cause of the violation of Plaintiff's and Plaintiff's daughter's

23   Constitutional rights as herein alleged.

24   59.   Pursuant to 42 USC 1983 and 1988, Plaintiff is entitled to compensatory damages,

25   reasonable attorneys' fees and costs against Defendant CLARK COUNTY.

26   ///

27   ///

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

## FIFTH CLAIM FOR RELIEF

(Battery against Defendant FOX)

60.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 59 as if fully set forth hereat.

61.     The conduct of Defendant FOX, in engaging in non-consensual improper sexual contact with Plaintiff's body, without any legal privilege, constituted a battery against Plaintiff.

62.     As a direct and proximate result of such battery, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

63.     Defendant FOX's battery was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF

(False Imprisonment against Defendants FOX, KENYON and BRYANT)

64.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 63 as if fully set forth hereat.

65.     The arrest and detention of Plaintiff by Defendants FOX and KENYON was without any legal cause or justification.

66.     The arrest and detention of Plaintiff by Defendants FOX and KENYON caused Plaintiff to be falsely imprisoned.

66A.     The wrongful conduct of Defendant Bryant as alleged herein before caused Plaintiff's period of false imprisonment to be extended.

67.     As a direct and proximate result of such false imprisonment, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

68.     The false imprisonment was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## SEVENTH CLAIM FOR RELIEF

(Defamation against Defendants FOX and KENYON)

69.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 68 as if fully set forth hereat.

70.     Defendant FOX falsely stated to third parties that Plaintiff had committed a crime.

71.     Defendant FOX's false statement to third parties that Plaintiff had committed a crime was defamation per se.

72.     By arresting and placing Plaintiff in restraints in view of third parties, without legal justification or privilege, Defendant KENYON negligently defamed Plaintiff.

73.     As a direct and proximate result of such defamation, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

74.     The defamation by Defendant FOX was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages against said Defendant.

## EIGHTH CLAIM FOR RELIEF

(False Light against Defendants FOX and KENYON)

75.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 74 as if fully set forth hereat.

76.     Defendant FOX intentionally and unreasonably placed Plaintiff in a false light in view of third parties by his false statements and participation in her arrest.

77.     By arresting and placing Plaintiff in restraints in view of third parties, without legal justification or privilege, Defendant KENYON negligently placed Plaintiff in a false light in view of third parties.

78.     As a direct and proximate result of being placed in such false light, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

79.     The placing if Plaintiff in false light by Defendant FOX was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages against said Defendant.

**NINTH CLAIM FOR RELIEF**

(Infliction of Emotional Distress against Defendants FOX and KENYON)

80.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 79 as if fully set forth hereat.

81.     By his unreasonable search, non-consensual improper sexual contact with Plaintiff's body, defamatory statements, and arrest and detention, Defendant FOX intentionally inflicted severe emotional distress upon Plaintiff

82.     By his arrest and detention of Plaintiff, without taking steps to ascertain whether there was probable cause to do so, Defendant KENYON negligently inflicted severe emotional distress upon Plaintiff.

83.     As a direct and proximate result of such infliction of severe emotional distress, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

84.     The infliction by Defendant FOX was done with oppression, fraud and/or malice and Plaintiff is entitled to punitive damages against said Defendant.

**TENTH CLAIM FOR RELIEF**

(Negligent Supervision against Defendants DONINGER)

85.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 84 as if fully set forth hereat.

86.     Defendant DONINGER had a duty to supervise the conduct of court marshals Defendants FOX and KENYON.

///

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

87.     Defendant DONINGER breached that duty when she took no steps to supervise the court marshals' conduct, including no steps to allow Plaintiff to fully explain what she had to say about what had and was happening to her, no steps to ascertain what the marshals had to say, and related thereto, no step to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

88.     If and to the extent that her failure was not knowingly done, Defendant DONINGER negligently failed to supervise the court marshals' conduct.

89.     As a direct and proximate result of such negligent breach of duty, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

## ELEVENTH CLAIM FOR RELIEF

### (Negligence against Defendant FOX)

90.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 89 as if fully set forth hereat.

91.     While Plaintiff has reason to believe and allege the contrary, if and to the extent that Defendant FOX was not aware that he was not conducting a proper search, that he was conducting a search in an improper and offensive manner, that Plaintiff's statements did not violate any law, and that her arrest and detention were without basis and improper, then he was negligent in connection with such conduct.

92.     As a direct and proximate result of such negligent breach of duty, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

## TWELFTH CLAIM FOR RELIEF

### (Negligent Hiring/Training/Supervision/Retention against Defendant CLARK COUNTY)

93.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 92 as if fully set forth hereat.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

93A.    Upon information and belief, Defendant CLARK COUNTY STATE had a duty to conduct a complete and documented investigation of applicants before employing them as court marshals, including, but not limited to, those matters required by  NAC 289.110, pursuant to Nev. Rev. Stat. Ann. § 289.510.

93B.    Upon information and belief, FOX was hired as a court marshal without compliance with requirements in NAC 289.110, including, but not limited to, its requirements with respect to a psychological evaluation and investigation of past employment.

93C  Upon information and belief, court marshals were routinely hired without compliance with requirements in NAC 289.110.

94.    Upon information and belief, Defendant CLARK COUNTY had a duty to provide proper and adequate training to court marshals concerning the searching of citizens and the ascertainment of probable cause and other requirements prior to arrest.

95.    Upon information and belief, Defendant CLARK COUNTY had a duty to properly supervise personnel, including court marshals, and to properly investigate and take appropriate disciplinary actions with respect to misconduct of personnel.

96.    Upon information and belief, Defendant CLARK COUNTY had a duty to refrain from retaining personnel for whom there was reason to belief were not fit for their positions.

97.    Upon information and belief, Defendant CLARK COUNTY negligently failed to provide proper and adequate training to court marshals, including Defendants FOX, KENYON, and BRYANT concerning the searching of citizens and the ascertainment of probable cause and other requirements prior to arrest.

98.    Upon information and belief, there were numerous prior incidents of improper conduct by Family Court personnel, including court marshals, and including unreasonable search and seizure, use of excessive force, and other violations of citizen's constitutional rights.

99.     Upon information and belief, Defendant CLARK COUNTY was aware of such prior incidents.

100.    Upon information and belief, Defendant CLARK COUNTY negligently hired FOX and failed to train, supervise or discipline Family Court personnel, including marshals, concerning unreasonable searches and seizures and other violations of citizen's constitutional rights, and have retained personnel with knowledge of unfitness for their position.

101.    Upon information and belief, the negligent failure of Defendant CLARK COUNTY was a proximate cause of the violation of Plaintiff's and Plaintiff's daughter's Constitutional rights, and caused their injury and damages, as herein alleged.

## THIRTEENTH CLAIM FOR RELIEF

(Respondeat superior liability against Defendant CLARK COUNTY)

102.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 101 as if fully set forth hereat.

103.    Upon information and belief, the acts and conduct of Defendants FOX, KENYON, BRYANT and DONINGER were done within the course and scope of their employment as employees and/or agents of Defendant CLARK COUNTY.

104.    Pursuant to the principle of respondeat superior, Defendant CLARK COUNTY is liable for the injury and damages caused to Plaintiff by said individual Defendants.

## FOURTEENTH CLAIM FOR RELIEF

(Negligent Supervision against Defendant BRYANT)

105.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 104 as if fully set forth hereat.

106.    Defendant BRYANT had a duty to supervise the conduct of court marshals Defendants FOX and KENYON.

Page 16 of 20

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

107.    Defendant BRYANT breached that duty when he took no steps to supervise the court marshals' conduct and failed to take appropriate and necessary steps to consider the validity of FOX' accusation and criminal citation of Plaintiff and the propriety of her arrest and detention.

108.    If and to the extent that his failure was not knowingly done, Defendant BRYANT negligently failed to supervise the court marshals' conduct.

109.    As a direct and proximate result of such negligent breach of duty, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress.

### FIFTEENTH CLAIM FOR RELIEF

(Malicious prosecution against Defendants FOX and KENYON)

110.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 109 as if fully set forth hereat.

111.    The conduct of Defendants FOX and KENYON wrongfully caused criminal charges to be filed against Plaintiff.

112.    There was no probable cause for the conduct of said Defendants in causing such criminal charges to be filed.

113.    Under Nevada law malice may be implied from lack of probable cause.

114.    The conduct of Defendants FOX and KENYON in wrongfully causing criminal charges to be filed against Plaintiff was done with malice.

115.    As a direct and proximate result of such wrongful, conduct by said Defendants, Plaintiff suffered injury and damages, including, but not limited to, severe emotional distress and monetary loss with respect to legal fees and other expenditures in dealing with the criminal prosecutions.

///

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## SIXTEENTH CLAIM FOR RELIEF

(Monel claim against CLARK COUNTY with respect to the conduct of the District
Attorney and Child Protective Services)

116.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 115 as if
fully set forth hereat.

117.    The Clark County District Attorney and/or a Deputy District Attorney filed and
prosecuted criminal charges against Plaintiff with respect to the citations issued by Defendant
FOX.

118.    Upon information and belief, from the evidence provided, including Defendant
FOX' version of what had happened, it was or should have been clear to the District Attorney or
Deputy District Attorney that Plaintiff had not committed a violation of NRS 197.190 as charged
on the citation issued by FOX and that there was no basis to file or prosecute such charge.

119.    In Nevada the County District Attorney and Deputy District Attorneys are final
policymakers with respect to prosecutions whose actions are the acts of the County for purposes
of attaching liability under 42 USC 1983.

120.    Defendant CLARK COUNTY is liable for Plaintiff's wrongful prosecution.

121.    Such wrongful prosecution violated Plaintiff's rights pursuant to the 4th and/or
14th Amendments/

122.    As a direct and proximate result of such violation of Plaintiff's rights, Plaintiff
suffered injury and damages, including, but not limited to, severe emotional distress and
monetary loss with respect to legal fees and other expenditures in dealing with the criminal
prosecutions.

123.    Child Protective Services is part of the Clark County Department of Family
Services.

///

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

124.    Child Protective Services caused Plaintiff to be allowed only limited supervised visits with her daughter for an extended period of months.

125.    Particularly, inter alia, as Child Protective Services had been initially and thereafter informed that Plaintiff had been tested and found negative for drugs, there was no basis for the extended period of Plaintiff being allowed only limited supervised visits with her daughter.

126.    On information and belief, Child Protective Services acts as a final policymaker with respect to restrictions such as those imposed upon Plaintiff and its actions are the acts of the County for purposes of attaching liability under 42 USC 1983.

127.    The wrongful acts of Child Protective Services violated Plaintiff's and Plaintiff's daughter's rights pursuant to the 14th Amendment.

128.    As a direct and proximate result of such violation of Plaintiff's and Plaintiff's daughter's rights, Plaintiff and Plaintiff's daughter suffered injury and damages, including, but not limited to, severe emotional distress.

WHEREFORE, Plaintiff requests that this Court enter a judgment enter a judgment in her favor individually and on behalf of her minor daughter, ANDREA PATERNA, and against Defendants, jointly and severally, and award:

1.    Compensatory damages in an amount to be determined;

2.    Punitive damages against the individual Defendants in an amount to be determined;

///

///

///

///

Page 19 of 20

3.   Reasonable attorneys' fees and costs; and

4.   Such other and further relief as the Court deems proper.

Dated this ___ day of August, 2013.

*s/ Ross C. Goodman, Esq.*
Ross C. Goodman
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*