Ross C. Goodman, Esq.
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:13-cv-00591-APG-PAL |
| ) | |
| RONALD D. FOX; JAMES KENYON; ) | **PLAINTIFF'S SURREPLY TO** |
| PATRICIA DONINGER; CLARK COUNTY, ) | **DEFENDANT CLARK COUNTY'S** |
| NEVADA; STATE OF NEVADA, ex rel. THE ) | **MOTION TO DISMISS (#19)** |
| EIGHTH JUDICIAL DISTRICT COURT, ) | |
| DOES 1-10; and ROE ENTITIES 11-20, ) | |
| inclusive, ) | |
| ) | |
| Defendants. | |

Plaintiff MONICA CONTRERAS submits the within Surreply to Defendant CLARK COUNTY'S Motion to Dismiss (#19). Herein, Plaintiff addresses a separation of powers argument raised for the first time in the COUNTY'S Reply (# 41). Also addressed herein and reflected in the attached Plaintiff's Exhibit 8, are documents, not disclosed or available to Plaintiff until after the filing of her Opposition (#33), bearing on both the COUNTY'S new argument and other issues relevant to the motion.

## POINTS AND AUTHORITIES

Not raised on its Motion, the COUNTY'S Reply is devoted to erroneously arguing that the separation of powers provision in Nevada Constitution, Art. 3 supports its position that

- 1 -

dismissal is warranted because the COUNTY may not be considered "the" employer of the individual Defendants. However, the separation of powers cases cited by the COUNTY make it clear that separation of powers is neither a relevant nor judiciable issue in the case at bar. As well, matters in those cases support that, as alleged in the Complaint, for purposes relevant to the claims herein, the COUNTY may be considered as "an" employer of the individual defendants. In that roll, the COUNTY personally participated in hiring, disciplinary and other employment matters, and the COUNTY'S own improper custom, de facto policies, and actions support the claim for Monel liability and the state law claims for negligent supervision and retention and respondeat superior liability. (As well, matters revealed in FOX's Rule 26 documents support the claim for negligent hiring of FOX which is included in Plaintiff's pending Motion to Amend. Dkt. #46.)

Bearing on the irrelevancy of the COUNTY'S argument, each and every one of the separation of powers cased cited by the COUNTY involve a material matter not present herein – a conflict and dispute between two branches of government.[1] As reiterated most recently, the separation of powers provision prohibits one branch of government from infringing on or controlling the exercise of another branch's powers. *City of Sparks v. Sparks Mun. Court*, 302 P.3d 1118, 1128 (Nev. May 30, 2013). Separation of powers is relevant only "if there is a dispute between the two" branches. *State ex rel. Harvey v. Second Judicial Dist. Ct*, 117 Nev. 754, 770 (Nev. 2001). Indeed, in *City of Sparks*, the Court reversed and remanded the trial court's separation of powers ruling on the budgeting for court personnel because it was unclear

---

[1] This is true in all of the COUNTY'S citations, from the earliest case, *State ex rel. Kitzmeyer v. Davis*, 26 Nev. 373 (1902), through the most recent case, *City of Sparks v. Sparks Mun. Court*, 302 P.3d 1118 (Nev. May 30, 2013).

whether there was a dispute, an actual controversy, necessary for the matter to be judiciable. *City of Sparks,* 302 P.3d at 1133.

Particularly when there is no dispute between them, two branches of government may and often do engage in overlapping and even duplicative functions. *Galloway v. Truesdell,* 83 Nev. 13, 21 (1967); *City of Sparks,* 302 P.3d at 1128. There is no dispute between the State judiciary branch and the COUNTY executive branch. The overlapping and duplicative functions were engaged in pursuant to the agreement between the COUNTY and the District Court pursuant to which the COUNTY was "to provide comprehensive personnel services." (Exhibit A to the County's Motion, #19, at 17.)

The clarity of the fallacy in the COUNTY'S new argument, as well as its original assertions, is enhanced by the newly available documents in FOX'S Rule 26 disclosures. (Pls. Exh. 8, attached hereto.) FOX'S personnel file includes a number of Clark County forms expressly stating that, in his position as a court marshal, FOX was "employed by Clark County," had "employment with Clark County," and was in "County service." (See Pls. Exh. 8, Bates pages 57, 195 and 247-49, and, in particular Bates p. 249 that FOX' employment was subject to the Clark County Merit Personnel System Manual.) Fox's application for the Bailiff/Marshal position was a Clark County Employment Application submitted to the County. (Exh. 8, Bates p. 98.) The hearing officer for Fox' Step 1 Pre-Termination Hearing expressed as her first finding that "On or about September 11, 2008, Ronald J. Fox (hereinafter "Grievant Fox') was hired by Clark County in the position of Marshal/Bailiff." (Pls. Exh. 8, Bates p.10.)

The newly discovered documents make it even more clear that the COUNTY participates in disciplinary matters concerning the court marshals. The concluding portion of

the internal affairs report concerning Fox and the Contreras incident, states as the "Action Taken" "Report submitted to Clark County Human Resources." (Pls. Exh. 8, Bates p. 361.) As discussed, with exhibit references, in Plaintiff's Opposition to the Motion (#33, at 9), records of discipline concerning the court marshals are kept in the County Human Resources Department, and the ultimate decision maker concerning FOX' termination was Edward Finger, the Assistant County Manger.

FOX'S Rule 26 disclosures also confirm that, other than the performance of adjudicatory functions, the operation of the District Court is a joint enterprise participated in by both the COUNTY and the State. The notice to Fox that he was put on leave pending termination came under the logos of both the State and Clark County. (Pls. Exh.. 8, Bates p. 461.) Edward W. May, the current Manager of Human Resources for Clark County, stated in a recent affidavit that the District Court is a "local governmental entity" (Pls. Exh. 8, Bates p. 31.)[2]

In summary, there clearly is a basis for the Complaint's allegation that the COUNTY is "an" employer of the individual defendants. The claims against the COUNTY state valid claims for relief premised on the COUNTY'S personal participation in hiring, disciplinary and other employment matters, and the COUNTY'S own improper custom, de facto policies, and actions in connection therewith.

///

///

///

///

---

[2] In Nevada, "local governmental entity" refers to political subdivisions of the State, such as the COUNTY. See, e.g., NRS 288.060, 332.015, and 354.474.

- 4 -

## **CONCLUSION**

For the reasons expressed herein and in Plaintiff's Opposition, it is respectfully requested that The Court DENY Defendant's motion.

DATED this ___ day of _____, 2013.

GOODMAN LAW GROUP

By: Ross C. Goodman, Esq.
Attorney for Plaintiff

```
GARCIA-MENDOZA & SNAVELY
EVA GARCIA-MENDOZA, ESQ.
NEVADA BAR NO.: 1779
501 SO. SEVENTH STREET
LAS VEGAS, NEVADA 89101
    Ph. (702) 384-8484
    Fax (702) 384-0207
ATTORNEY FOR Ronald D. Fox
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*\*\*\*\*\*

| | |
|---|---|
| MONICA CONTRERAS, ) | |
|     Plaintiff, ) | CASE NO.: 2:13-cv-0519-APG PAL |
| vs. ) | |
| RONALD D. FOX, JAMES KENYON, ) PATRICIA DONINGER, CLARK ) COUNTY NEVADA, STATE OF ) NEVADA ex rel., DOES 1-10, and ) ROE ENTITITS 11-20, inclusive, ) | RECEIPT OF COPY |
|     Defendants. ) | |

Receipt of copy of the foregoing, DEFENDANT RONALD FOX'S PRODUCTION OF DOCUMENTS AND WITNESS NAMES PURUSNT TO FRCP 26 RULE, is hereby acknowledged this _____ day July, 2013.

| | |
|---|---|
| GOODMAN LAW GROUP | KAEMPFER CROWELL RENSHAW |
| _____ | _____ 7-11-13 |
| ROSS C. GOODMAN, ESQ. | LYSSA S. ANDERSON, ESQ. |
| 520 S. FOURTH ST. 4TH FLOOR | 8345 W. SUNSET RD. SUITE 250 |
| LAS VEGAS, NEVADA 89101 | LAS VEGAS, NEVADA 89113 |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR JAMES KENYON |
| Ph. (702) 383-5088 | Ph. (702) 792-7000 |

PLAINTIFF'S EXHIBIT 8

## DECISION ON STEP 1 PRE-TERMINATION MEETING
Re: Ronald J. Fox

### STATEMENT OF FACTS

On or about September 11, 2008, Ronald J. Fox (hereinafter "Grievant Fox") was hired by Clark County in the position of Marshal/Bailiff.

On or about December 10, 2007, prior to starting the aforementioned position, Grievant Fox signed an acknowledgement that he read and understood the "Model Code of Conduct for all Judicial Employees in the State of Nevada." (See Discovery, Exhibit 5).

On or about May 29, 2009, Grievant Fox graduated from the Clark County, Probation Officer, Department of Juvenile Justices, Category II, P.O.S.T. Academy. (See Discovery, Exhibit 8, p. 51).

On or about February 28, 2011, Grievant Fox signed an acknowledgment that he received, agreed to read, familiarize himself, and comply with the "Clark County Courts Marshal's Division Policy and Procedures Manual." (See Discovery, Exhibit 7).

On or about May 30, 2011, the Grievant Fox obtained a Category I, P.O.S.T. certification by graduating from upgrade academy. (See Discovery, Exhibit 8, p. 51).

On or about August 8, 2011, Grievant Fox was assigned to courtroom No. 19 of the Clark County Family Courts as its Marshal/Bailiff. (See Discovery, Exhibit 8, p. 51). At that time, Grievant Fox came into contact with Monica Contreras (hereinafter "Complainant") who appeared for a TPO hearing before Hearing Master Doninger in said courtroom. (See Discovery, Exhibit 8, p. 51). Per a JAVS recording that captured part of the events at issue, the Complainant initially appeared before the court at approximately 3:35 pm. The matter lasted approximately 1 minute. (See JAVS recording). Upon

Based upon the above, I find that the pending recommendation for termination should be UPHELD.

                                            _____ 7/9/12

                                            Melisa De La Garza, Esq.
                                            Special Hearings Master
                                            Eighth Judicial District Court

## AFFIDAVIT OF RECORDS

State of Nevada        )
County of Clark        )

I, Edward W. May, being duly sworn, deposes and says:

1. That the affiant is the Manager of Human Resources with the Eighth Judicial District Court, a local governmental entity, located at 200 Lewis Avenue, Las Vegas, Nevada, and in such capacity is the Custodian of Records.

2. That the affiant has examined the original of those records and the copy attached here to. Each attached copy is a true and exact copy of the original and the reproduction of them attached hereto is true and complete.

3. That the original of those records was made at or near the time of the acts, events, conditions or opinions recited therein by or from information transmitted by a person with knowledge in the course of a regularly conducted activity of the deponent or the office or institution in which the deponent is engaged.

Description of record: Personnel file of _____ Ronald J. Fox _____

_____
Edward W. May
Manager of Human Resources
Custodian of Records
(702) 671-0792
State of Nevada
County of Clark

This instrument was acknowledged before me on this 25th day of January 2013 by Edward W. May as Custodian of Records for the Eighth Judicial District Court.

_____
Notary Public, State of Nevada

My commission expires: 1/25/2015

THELMA STAPLEY
Notary Public State of Nevada
No. 11-4104-1
My Appt. Exp. January 25, 2015

(Place notary seal above)



# BENEFICIARY DESIGNATION
## UNDER NRS 281.155

Nevada State Law makes it possible for you to designate a beneficiary so that if you should die while employed by Clark County, the final payment of any and all compensation due you can be given directly to that beneficiary rather than to your estate.

This law was intended to make money immediately available to your beneficiary to meet ongoing expenses pending the receipt of insurance benefits, retirement, etc.

To designate a beneficiary for this purpose, complete this form and forward it to your payroll representative to process for retention in your permanent personnel file in Human Resources.

Employee's Name: _Ronald Fox_ (Print)    Personnel Area: _____ (Print)

*I hereby designate:*

**Beneficiary for Final Check**

Last Name:
First Name:
Gender:
Address:
City:
State:
Home Phone:

**Contingent Beneficiary for Final Check**

Last Name:
First Name:
Gender:
Address:
City:
State:
Home Phone:

Employee Signature: _[signature]_    Date: _7-23-08_

Witness: _____    Date: _____

## EMPLOYEE'S ETHNIC/RACIAL BACKGROUND

Information on sex, race and ethnic background is being collected for record keeping and compliance with Federal law. (This section will be separated and discarded after processing)

Please complete the following:

American Indian or Alaskan Native (Ethnic Origin 05)
A person having origins in any of the original people of North America, who maintains cultural identification through tribal affiliation or community recognition.

Asian or Pacific Islander (Ethnic Origin 04)
A person having origins in any of the original people of the Far East, Southeast, Asia, the Indian subcontinent or the Pacific Islands. This area includes, for example, China, India, Japan, Korea, the Philippines and Samoa.

Black or African American (Ethnic Origin 02)
A person having origins in one of the black racial groups of Africa.

Hispanic (Ethnic Origin 03)
A person of Mexican, Puerto Rican, Cuban, Central or South American or other Spanish culture or origin, regardless of race.

White (Ethnic Origin 01)
A person having origins in any of the original peoples of Europe, North Africa or the Middle East

Rev. 04/08

NEOGOV Insight								Page 46 of 170

| CLARK COUNTY EMPLOYMENT APPLICATION |||
|---|---|---|
|  | **CLARK COUNTY**<br>500 S. Grand Central Pkwy, Third Floor PO Box 551791<br>Las Vegas, Nevada 89155-1791<br>(702) 455-4565<br>http://www.accessclarkcounty.com<br><br>FOX, JR., RONALD J<br>618178 BAILIFF (MARSHAL) | Received: 4/20/08 8:32 PM<br>For Official Use Only:<br>QUAL:<br>DNQ:<br>● ☐ Experience<br>● ☐ Training<br>● ☐ Other: |

### PERSONAL INFORMATION

| NAME: (Last, First, Middle)<br>FOX, JR., RONALD J | SOCIAL SECURITY NUMBER: |
|---|---|

ADDRESS: (Street, City, State, Zip Code)

| HOME PHONE: | ALTERNATE PHONE:<br>( | EMAIL ADDRESS:<br>( |
|---|---|---|
| DRIVER'S LICENSE:<br>☑Yes ●☐No | DRIVER'S LICENSE NUMBER:<br>State: NV Number: | LEGAL RIGHT TO WORK IN THE UNITED STATES?<br>☑Yes ●☐No |

### PREFERENCES

| PREFERRED SALARY:<br>$12.50 per hour; $22,000.00 per year | ARE YOU WILLING TO RELOCATE?<br>●☐Yes ☑No ●☐Maybe |
|---|---|

WHAT TYPE OF JOB ARE YOU LOOKING FOR?
Regular

TYPES OF WORK YOU WILL ACCEPT:
Part Time

SHIFTS YOU WILL ACCEPT:
Day

### EDUCATION

| DATES:<br>From: / To: / | SCHOOL NAME:<br>CIMARRON MEMORIAL HIGH SCHOOL ||
|---|---|---|
| LOCATION: (City, State)<br>LAS VEGAS, Nevada | DID YOU GRADUATE?<br>☑Yes ●☐No | DEGREE RECEIVED:<br>High School Diploma |

### WORK EXPERIENCE

| DATES:<br>From: 2/2005 To: Present | EMPLOYER:<br>MGM | POSITION TITLE:<br>BIKE OFFICER |
|---|---|---|
| ADDRESS: (Street, City, State, Zip Code)<br>3799 S. LAS VEGAS BLVD., LAS VEGAS, Nevada 89109 |||
| COMPANY URL: | PHONE NUMBER:<br>(702) 891-1111 | SUPERVISOR:<br>BRUCE HUSKEY- SHIFT MANAGER |
| HOURS PER WEEK:<br>40 | SALARY:<br>$1,786.00/month | MAY WE CONTACT THIS EMPLOYER?<br>☑Yes ●☐No |

DUTIES:
MAINTAINING THE ORDER AND SAFETY OF THE CASINO THROUGH APPLYING THE HOTEL'S RULES AND REGULATIONS.

PROVIDING MEDICAL ASSISTANCE WHEN NEEDED.

SERVING THE HOTEL'S GUEST(S) THROUGH ENSURING THEIR SAFETY.

PERFORMING AREA CHECKS TO ENSURE PEACE AND ORDER ARE FOLLOWED.

APPLYING THE PROPER ARREST PROCEDURE THROUGH TRAINING.



## RESIDENCY DECLARATION

All permanent employees hired by Clark County must establish and maintain a principal place of residency within the boundaries of Clark County while employed with Clark County as outlined in Clark County Code, Chapter 2.40, Merit Personnel System.

I understand that I must establish a principal place of residency within the boundaries of Clark County within 90 calendar days of my first day of employment and maintain that residence while employed with Clark County. I further understand that failure to comply with the residency requirement will result in termination of my employment with Clark County.

_____
Print Name

Ronald Fox
Signed

7-23-2008
Date

RECEIVED
NOV 07 2008
HUMAN RESOURCES

# CLARK COUNTY
# SUBSTANCE ABUSE POLICY

I have been given a copy of Clark County's Substance Abuse Policy and understand that it is my responsibility to become familiar with the material contained within it.

Ronald Fox
Name

Marshal
Position

[signature]
Signature

11-6-08
Date

0247

RECEIVED
NOV 07 2008
HUMAN RESOURCES

## CLARK COUNTY RISK MANAGEMENT & SAFETY DIVISION
## GUIDE FOR THE INJURED WORKER HANDBOOK
## ACKNOWLEDGEMENT FORM

I have been issued my own personal copy of Clark County's Guide for the Injured Worker (along with a pocket size Workers' Compensation informational card). This handbook outlines my responsibilities for filing a workers' compensation claim. This handbook summarizes the procedures and time requirement to administer a worker's compensation claim.

_Ronald D. Fox_
PRINT NAME

_[signature]_
SIGNATURE

_Marshal_
JOB TITLE

_[signature]_
DEPARTMENT

_11-6-08_
DATE

SOCIAL SECURITY NUMBER

UPDATED 3/1/07

RECEIVED

NOV 07 2008

# Receipt of
# Merit Personnel System Manual

HUMAN RESOURCES

I have been given a copy of the Clark County Merit Personnel System manual and understand that it is my responsibility to become familiar with the material contained within it. I also understand that any questions that I have in reviewing or working with this manual can be readily discussed with a representative of the Office of Human Resources and my supervisor.

I further understand that I must return this manual to the County when I leave County service.

_____
Name (Please Print)

_____
Job Title

_____
Social Security Number

_____
Date

_____
Signature of Employee

Please forward this signed acknowledgment to the Office of Human Resources

0249

Complaint Investigation
IA#045-2011
Page 69 of 71

Marshals James Kenyon and Gregory Bryant both showed a lack of leadership, lack of basic police knowledge, lack of good judgment and lack of common sense.

During the course of this investigation, CCCMD investigators obtained more information regarding the allegation(s) against Fox from the LVMPD detectives and the preliminary investigating LVMPD police officers than personnel assigned to the Family Court. Family Court personnel failed to apprise the investigators of the existence of the surveillance footage of the lobby outside the anteroom and the fact that they had provided that same evidence to LVMPD investigators. There was clear lack of reporting details on marshals/incidents reports and "no chain of custody" record regarding the evidence

**Fox had previously been accused of the same type of behavior approximately 1 year ago. Family Court personnel were unable to produce any report of that incident for CCCMD investigators which is concerning.**

None of the marshals that administered the drug test to Monica Contreras was currently certified (according to training records) to give such a test. That becomes legally problematic with their court testimony.

Lastly when Family Court marshals were interviewed most of their memories appeared to have failed for various reasons.

### EMPLOYEE'S COMPLAINT HISTORY
Deputy Marshal Ronald Fox has no sustained complaints in his personnel file

### ACTION TAKEN
Report submitted to Clark County Human Resources Edward May & Melody Long.

### PENALTY
Disciplinary action is recommended.

 

## CLARK COUNTY COURTS
## MARSHAL DIVISION

| EMPLOYEE NAME: RONALD FOX | TITLE: DEPUTY MARSHAL (BAILIFF) |
|---|---|
| DIVISION: DISTRICT COURT SECURITY - FAMILY DIVISION | DATE: June 1, 2012 |
| NAME/TITLE OF SUPERVISOR COMPLETING FORM: ROBERT BENNETT, COURT SECURITY DIRECTOR | *[signature]* |

**TYPE OF ACTION:**
- ☐ DOCUMENTED ORAL WARNING
- ☐ WRITTEN REPRIMAND
- ☐ INVOLUNTARY DEMOTION
- ☐ ADMONISHMENT
- ☐ FINAL WRITTEN WARNING
- ☒ ADMINISTRATIVE LEAVE PENDING TERMINATION

### DESCRIPTION OF INCIDENT AS COMPILED FROM THE INVESTIGATION:

On October 25, 2011, Citizen Monica Contreras met with Sgt. Dana Saunders of the Marshals Division and alleged you (Deputy Marshal Ronald Fox) inappropriately touched her person while she was at Family Court on August 8, 2011 after a scheduled Court appearance. Ms. Contreras also alleged that on this same date (August 8, 2011) you attempted to conduct a second search of her person and when she (Contreras) refused to comply and advise the Judge about your actions, she was then arrested, given ˙tation(s), and the custody of her minor child was remanded to Clark County Child Protective Services ⌐PS). As a result of this complaint, an internal investigation was initiated and details from certain interviews and gathered evidence are listed below.

On August 8, 2011, you were assigned as the Judicial Deputy Marshal for Temporary Protection Order (TPO) Court, Courtroom No. 19 in District Court, Family Division (Family Court). At approximately 1535 hours, Monica Contreras, the adverse party in Case No. T134949) and her minor child appeared before the Court.

Monica Contreras was interviewed on October 25, 2011 by Sgt. Saunders. Ms. Contreras stated as she initially left the courtroom, DM Fox told her the Hearing Master and person(s) unknown to her, suspected her of being under the influence and/or being in possession of narcotics. Ms. Contreras stated you told her you needed to conduct a search prior to her leaving Family Court. Ms. Contreras stated that you directed her and her minor child to wait in the anteroom adjacent to Courtroom No. 19. Ms. Contreras stated she waited for a period and when you reentered the anteroom, you said, "I am going to search you. Normally a female officer does this but I just want to get you out of here." [sic] Ms. Contreras stated you inappropriately touched her during your search of her person (at this point in time). Ms. Contreras stated you "took your time" when you felt up her breasts and buttocks. Ms. Contreras then stated you left the anteroom directing her to remain there, awaiting further instructions. Ms. Contreras stated you found no evidence of narcotics or other contraband.

Ms. Contreras further stated in her interview, you then returned to the anteroom several minutes later and said, "I need to do a more thorough search. I don't want to get a female officer involved. I just want to get you out of here. Lift up your shirt and shake out your bra." Ms. Contreras stated she refused to ¬nply with your directive for a second search and became anxious and uneasy. Ms. Contreras stated she  informed you she wanted to speak with the Hearing Master (HM).

Ms. Contreras stated that you escorted her and her minor child from the anteroom into the courtroom to speak with the HM. Once she approached the HM, Ms. Contreras stated she publicized her allegations against you. Ms. Contreras stated you refuted her claims and you apprised her that she was under arrest

0461