EVA GARCIA-MENDOZA, ESQ.
NEVADA BAR NO. 1779
LUTHER M. SNAVELY ESQ.
NEVADA BAR NUMBER 5507
GARCIA-MENDOZA & SNAVELY CHTD.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484
ATTORNEYS FOR DEFENDANT
    RONALD D. FOX

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS,<br><br>    Plaintiff,<br><br>vs.<br><br>RONALD D. FOX, JAMES KENYON,<br>PATRICIA DONINGER, CLARK COUNTY<br>NEVADA, STATE OF NEVADA ex rel.<br>THE EIGHTH JUDICIAL DISTRICT COURT,<br>DOES 1-10, and ROE ENTITIES<br>11-20, inclusive,<br><br>    Defendants. | Case No: 2:13-cv-00591-JCM-PAL |

## DEFENDANT FOX'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

COMES NOW, the Defendant, RONALD D. FOX, by and through his attorneys, Eva Garcia-Mendoza, Esq. and Luther Snavely, Esq. of the law firm of Garcia-Mendoza & Snavely, and file this Response wherein Defendant Fox respectfully requests that the Court deny the Plaintiff's Motion For Leave To Amend(#46) to the extent that the Plaintiff seeks to add a Fifteenth Claim For Relief against Defendant Fox for the Nevada common

law tort of Malicious Prosecution(See proposed First Amended Complaint (#46-1, p. 17). The new claim for relief which the Plaintiff seeks to assert against Defendant Fox fails to state a claim upon which relief can be granted as a matter of law.  Accordingly, the Court should deny the Plaintiff leave to amend her Complaint to assert a claim for Malicious Prosecution against Defendant Fox on the grounds of futility of amendment.

## RELEVANT PROCEDURAL FACTS

This case arises out of an incident which occurred on August 8, 2011 in the Family Court of Clark County, Nevada.

It is undisputed that Defendant Fox was a court marshall at the Family Court at the time of the incident.

On August 8, 2011, Defendant Fox, in his capacity as a court marshall at Family Court, issued a Citation/Criminal Complaint against the Plaintiff setting forth two counts as follows: (1) Furnishing False Information To A Public Officer and (2) Disturbing The Peace, both misdemeanors.  (SEE Citation/Criminal Complaint AT ATTACHED EXHIBIT 1)

On May 23, 2012, the Justice Court for Las Vegas Township entered a Judgment of Guilty against the Plaintiff for the amended charge of Disorderly Conduct on count 1, also a misdemeanor, and dismissed count 2.  As punishment for the conviction, the Justice Court fined the Plaintiff $250 and sentenced her to 30 days in jail, sentence suspended. (SEE Justice Court Minutes AT ATTACHED EXHIBIT 1)

On April 5, 2013, the Plaintiff filed her Complaint(#1) in this Court asserting thirteen claims for relief against various defendants.  The Plaintiff asserted causes of action

2

against Defendant Fox in her First, Second, Fifth, Sixth, Seventh, Eighth, Ninth and Eleventh claims for relief.

On May 14, 2013, Defendant Fox filed his Answer(#18).

On August 7, 2013, the Plaintiff filed her Plaintiff's Motion For Leave To Amend(#46) with attached proposed First Amended Complaint(#46-1) wherein the Plaintiff asks leave of this Court to, among other things, assert a Fifteenth Claim For Relief for the Nevada common law tort of Malicious Prosecution against Defendant Fox(and also Defendant Kenyon).  In her proposed claim for Malicious Prosecution, the Plaintiff alleges that Defendant Fox wrongfully caused criminal charges to be filed against her, that there was no probable cause for bringing criminal charges against the Plaintiff and that Defendant Fox acted maliciously in doing so.

## STANDARD OF REVIEW OF MOTION TO AMEND

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  **FRCP 15(a)(1)**.  Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. **FRCP 15(a)(2)**.

The Court considers five factors in deciding whether to grant leave to amend under FRCP 15(a): bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether plaintiff has previously amended her complaint.  **Allen v. City of Beverly Hills**, 911 F.2d 367, 373 (9th Cir. 1990)  The futility analysis considers

3

whether the proposed amendment would survive a challenge of legal insufficiency under **FRCP 12(b)(6)** for failure to state a claim upon which relief can be granted. <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988)  Whether to grant leave to amend lies within a court's discretion, and a court "does not err in denying leave to amend where the amendment would be futile." <u>Gardner v. Martino</u>, 563 F.3d 981, 990 (9th Cir. 2009)

### ARGUMENT

### LEAVE TO AMEND SHOULD BE DENIED BECAUSE A COURT OF LAW CONVICTED AND SENTENCED THE PLAINTIFF AS A RESULT OF THE CHARGES BROUGHT AGAINST HER BY DEFENDANT FOX

As a result of the criminal case initiated against the Plaintiff by Defendant Fox, the Las Vegas Justice Court adjudicated the Plaintiff guilty of Disorderly Conduct and sentenced her to a $250 fine and a suspended sentence of thirty days in jail. To the best of Defendant Fox's knowledge, the criminal conviction against the Plaintiff has not been overturned.

Therefore, the Plaintiff's proposed cause of action for Malicious Prosecution fails to state a claim upon which relief can be granted because the Plaintiff cannot prove that the prior criminal proceeding was terminated in her favor.

The elements which must be proved in a malicious prosecution action in addition to the filing of a prior action against the Plaintiff are: (1) a lack of probable cause to commence the prior action, (2) malice, (3) favorable termination of the prior action and (4) damages. <u>Dutt v. Kremp</u>, 111 Nev. 567, 572-73, 894 P.2d 354, 357 (1995)

In the context of the favorable termination of the prior action against the Plaintiff being a criminal prosecution, the U.S. Supreme Court has held that, "One element that

4

must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. **Heck v. Humphrey**, 512 U.S. 477, 485 **(1994)**. The only exceptions to this rule are if the conviction is overturned on appeal or the conviction was obtained by fraud, perjury or other corrupt means. See **Chapman v. City of Reno**, 85 Nev. 365, 369, 455 P. 2d 618, 620 (1969)

Here, Defendant Fox, in his capacity as a court marshal, cited the Plaintiff for (1) Furnishing False Information To A Public Officer and (2) Disturbing The Peace, both misdemeanors. (SEE Citation/Criminal Complaint AT ATTACHED EXHIBIT 1)

A criminal prosecution went forward against the Plaintiff in Las Vegas Justice Court.

Eventually, Count 1 was amended to Disorderly Conduct, a misdemeanor. Count 2 was dismissed. The Plaintiff pled Nolo Contendere and was adjudicated Guilty of Disorderly Conduct by the Justice Court. The Justice Court sentenced the Plaintiff to a $250 fine and a suspended sentence of thirty days in jail. (SEE Justice Court Minutes AT ATTACHED EXHIBIT 1)

To the best of Defendant Fox's knowledge, the Plaintiff never appealed her conviction and the conviction was never overturned by a higher court. Also, to the best of Defendant Fox's knowledge, the Plaintiff has never made any formal assertion that the Justice Court convicted and sentenced her under the influence of fraud, perjury or corruption.

Accordingly, the Plaintiff cannot prove that her prior criminal proceeding, arising out of the Citation issued to her by Defendant Fox, was terminated in her favor.

Therefore, the Plaintiff cannot establish all of the elements necessary to assert a claim for Malicious Prosecution upon which relief can be granted.

5

As such, it would be futile for this Court to grant the Plaintiff leave to amend her Complaint to assert her proposed Fifteenth Claim For Relief for Malicious Prosecution against Defendant Fox.

Accordingly, the Court should deny the Plaintiff leave to amend her Complaint to assert a claim for Malicious Prosecution against Defendant Fox.

## CONCLUSION

For the reasons set forth above, Defendant Fox respectfully requests that this Court deny the Plaintiff's Motion For Leave To Amend(#46) to the extent that the Plaintiff asks this Court for leave to amend her Complaint to assert a Fifteenth Claim for Relief against Defendant Fox for the Nevada common law tort of Malicious Prosecution.

DATED this 26th day of August, 2013.

GARCIA-MENDOZA & SNAVELY

_____
EVA GARCIA-MENDOZA, ESQ.
NEVADA BAR NO.: 1779
LUTHER SNAVELY, ESQ.
NEVADA BAR NO. 5507
501 SO. SEVENTH STREET
LAS VEGAS, NEVADA 89101
ATTORNEY FOR DEFENDANT
    RONALD D. FOX

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I am an employee of the law firm of Garcia-Mendoza & Snavely and that on this 26th day of August, 2013, I personally electronically filed and served a copy of the foregoing, DEFENDANT FOX'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND, to the following:

Ross C. Goodman, Esq.
Goodman Law Group, P.C.
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
ross@goodmanlawgroup.com

_/s/_____
An employee of Garcia-Mendoza & Snavely, Chtd.

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484   FAX (702) 384-0207

7