Ross C. Goodman
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MONICA CONTRERAS,

Plaintiff,

v.

RONALD D. FOX; JAMES KENYON; PATRICIA DONINGER; CLARK COUNTY, NEVADA; STATE OF NEVADA, ex rel. THE EIGHTH JUDICIAL DISTRICT COURT, DOES 1-10; and ROE ENTITIES 11-20, inclusive,

Defendants.

Case No.: 2:13-cv-00591-JCM-PAL

**PLAINTIFF'S REPLY ON MOTION FOR LEAVE TO AMEND (#46)**

Plaintiff MONICA CONTRERAS submits the within Reply to the Opposition (#48) filed by Defendant RONALD D. FOX ("FOX") to Plaintiff's Motion for Leave to Amend (#46). The Opposition is limited to a request that leave not be granted with respect to the claim against Defendant FOX for malicious prosecution in the proposed Fifteenth Claim for Relief. FOX's sole argument is that this claim against him should be viewed as futile based upon the result in the criminal case which was prosecuted because of his citation and accusations against Plaintiff.[1]

[1] No other Defendant has filed Opposition to the Motion to Amend. LR 7-2(d) provides: "The failure of an opposing party to file points and authorities in response to any motion shall

FOX's Opposition fails to acknowledge that this case involves matters qualifying for a recognized exception to any requirement for a favorable termination of the criminal case. These matters include fraud and false statements provided to the prosecutor by FOX, that material evidence favorable to the defense was not disclosed to CONTRERAS, and mistake or disregard of law. Foreclosing Plaintiff from adding this claim at this time would be improperly premature because, at the very least, there are genuine issues of material fact concerning the matters with respect to those recognized exceptions.

As well, based upon guidance from a recent 9th Circuit opinion, the termination of the prosecution of the charges made by FOX should be considered as favorable to Plaintiff.

Finally, in this case there can be no doubt that, as a matter of law, and based on FOX's own accusations against Plaintiff, there never was any probable cause for Plaintiff to be prosecuted. Various authorities support a rule that favorable termination is primarily important, not as an independent element of the malicious prosecution action, but only for what it shows about probable cause or guilt-in-fact. Herein, Plaintiff did not plead guilty or nolo to,

---

constitute a consent to the granting of the motion." After the due date for oppositions had passed, Defendant JAMES KENYON filed a Joinder which merely stated that he was joining in FOX's Response to Plaintiff's Motion, and **did not request any relief with respect to the claim against KENYON**. FOX's Response several times expressly states that it was requesting relief with respect to the claim "against Defendant Fox."

Hence, in view of his failure to file an opposition, or to request any relief, with respect to the claim against him or any other matter in the proposed Amended Complaint, Defendant KENYON has consented to the Motion to Amend. The malicious prosecution claim against KENYON stems from the same initial incident, but concerns a separate criminal citation, prosecution in a different court, and includes issues of fact and law distinct from those relating to the claim against FOX. Because KENYON has provided nothing to reply to (separate of FOX's response dealing with the claim against him), Plaintiff cannot and does not address in this Reply the claim against KENYON.

and was not found guilty of, the charges made by FOX. Particularly when the cost of proceeding to trial is considered, Plaintiff should not be denied redress because she agreed to resolve the matter by payment of a $165 fine, with a nolo plea to a hypothetical, not lesser-included, charge. While it does not appear that the Nevada Supreme Court has specifically addressed this, Its opinions, including decisions in other contexts as well, support the view that a person wrongfully prosecuted should not be penalized, denied redress, simply because, as a matter of economics, they agreed to a compromise of minor criminal charges, particularly when, as herein, there is evidence and matters of law that make it clear that there was no probable cause for the prosecution. As recognized in cases cited *infra*, a rule that causes persons to suffer a penalty if they compromise minor offenses would be contrary to the public interest because it would lead to a substantial increase in burdening the courts with full trials of minor offenses.

## POINTS AND AUTHORITIES

**Motion for Leave to Amend Standards.** Fed.R.Civ.Proc. 15's policy of favoring amendments to pleadings "should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Rebel Communs., LLC v. Virgin Valley Water Dist.*, 2010 U.S. Dist. LEXIS 101939, at 2 (D. Nev. Sept. 9, 2010). Leave to amend should be granted **"unless it appears beyond doubt" that plaintiff could** prove no set of facts in support of the claim. *DCD Programs, Ltd.*, **833 F.2d at 188;** *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-228 (2008).

Relevant to FOX's sole argument of futility, the party opposing amendment bears the burden of showing futility. Citing *DCD Programs, Ltd*, 833 F.2d at 187 (9th Cir. 1987), see *Ariz. Dream Act Coalition v. Brewer*, 2013 U.S. Dist. LEXIS 130630 (D. Ariz. Sept. 12, 2013);

*McEuen v. Riverview Bancorp, Inc.*, 2013 U.S. Dist. LEXIS 24038 (W.D. Wash. Feb. 21, 2013). Futility is assessed under the standard applicable to a Fed.R.Civ.Proc. 12(b)(6) motion to dismiss for failure to state a claim, so that a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. Cal. 1988). As denying a motion to amend due to futility has the effect of granting a motion to dismiss, the court construes all pleaded facts in the complaint as true and draws all inferences in favor of the plaintiff. *Doe v. Nevada*, 356 F.Supp.2d 1123, 1125 (D. Nev. 2004); R*ebel Communs., LLC v. Virgin Valley Water Dist.*, 2010 U.S. Dist. LEXIS 101939 (D. Nev. 2010).

Employing the Rule 12(b)(6) standard also incorporates application of Rule 12(d)'s provision that, as herein, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." In that regard, and discussed further *infra*, there are, at the very least, genuine issues of fact concerning whether the case falls within one of the recognized exceptions to a requirement for a favorable result in a malicious prosecution claim. As well, employing summary judgment standards, Plaintiff should not be foreclosed from adding this claim at this early stage of the case because she had not had an adequate opportunity for discovery. Cf., *Timberlane Lumber Co. v. Bank of America*, N.T. & S.A., 549 F.2d 597, 602 (9th Cir. 1976); *Davis v. Centex Homes*, 2009 U.S. Dist. LEXIS 33775, 4-5 (D. Nev. 2009). See also *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 448 (4th Cir. 2011)("conversion is not appropriate where the parties have not had an opportunity for reasonable discovery); and similarly, *Kristensen v. Credit Payment Servs.*, 2013 U.S. Dist. LEXIS 25210, 4-5 (D. Nev. Feb. 22, 2013).

**Summary of Facts**. On August 8, 2011, after appearing on a motion hearing in Family Court, as Plaintiff was leaving the courtroom, she was approached by Defendant FOX, the attending court marshal, who told her she needed to go into an anteroom for a drug search. While in the anteroom, Defendant FOX engaged in non-consensual improper sexual contact with Plaintiff's body and made sexually abusive and harassing requests.

Particularly because FOX had told Plaintiff he had been directed by the Hearing Master, Defendant DONNINGER, to conduct the search (a matter denied by DONNINGER), Plaintiff returned to the courtroom to address Hearing Master DONNINGER concerning Fox's actions and request that any further search of her be done by a female officer. While Plaintiff was attempting to address DONNINGER, Defendant FOX, joined by Defendant JAMES KENYON, another court marshal, threatened to arrest Plaintiff in an attempt to coerce Plaintiff into recanting her statements about FOX's actions. When Plaintiff did not recant, the court marshals arrested Plaintiff and placed her in handcuffs, after which she was detained for an extended period in a holding cell.

**Facts Related to the Subject Prosecution**. Defendant FOX issued a citation to Plaintiff including two separate charges for: (a) violating NRS 197.190, asserting she had given a false statement to him, a public officer; and (b) for disturbing the peace that she had disturbed the peace. With respect to the citation for violating NRS 197.190, FOX wrote on the citation that Plaintiff had furnished false information when **she said to FOX that FOX had asked her to take off her shirt**. (See FOX's Opposition exhibit, #48-1, at 4.) As noted in the Internal Affairs Report, and discussed more fully *infra*, as a matter of law, the matter described by FOX does not constitute a violation of NRS 197.190 or provide probable cause for arrest and

prosecution. Related to the citation, FOX also provided the District Attorneys Office with an arrest report. (Exh. 1, attached hereto.)

As revealed in the minutes of the proceeding in Justice Court (See FOX's Opposition exhibit, #48-1, at 5.), on October 10, 2011, the date set for the initial arraignment, the District Attorney asked for and was granted a continuance for possible negotiations. At three later hearings, no agreement for resolution of the charges had been reached, and on December 15, 2011, a NOT GUILTY plea was entered.

The final version of the Internal Affairs Report was dated May 21, 2012, which was based upon witness interviews that appear to have been completed by sometime in March or April.. (Exh. 2, attached hereto, Bates page #293.) The Report sustained each and every one of the allegations against FOX, including a finding that FOX had issued Plaintiff an improper and false citation and had subjected her to a false arrest, noting that Plaintiff's statement about FOX's actions was not an offense. (Exh. 2, Bates pages 294 and 346 -361).

Two days later, on May 23, 2012, the District Attorney moved to change the charge of violation of NRS 197.190 to a charge of disorderly conduct (not a lesser-included charge). Plaintiff pled nolo contendere, and a guilty finding was entered. The charge for disturbing the peace was dismissed.[2] (FOX's Opposition exhibit, #48-1, at 5.)

---

[2] While the issue of probable cause is not raised in the current motion, relative to the dismissed charge of breaching the peace on FOX's citation, NRS 203.010 makes it a misdemeanor to "maliciously and willfully" disturb the peace. NRS 193.0175 provides that "maliciously" includes acts done with an evil intent, without just cause or excuse, which criteria, as reflected in the IA report, simply does not apply to Plaintiff's requesting the Hearing Master to have a female officer conduct any additional search because of FOX's conduct, and her reaction to being falsely arrested. **Plaintiff makes an offer to provide to the Court a video showing the subject events in the courtroom.**

The two charges initiated by FOX were of separate and distinct misdemeanors, with a potential penalty of a fine of up to $2000 ($1000 each) and up to a year in jail (six months on each if run consecutively). NRS 193.150. As a result of her nolo plea to the hypothetical disorderly conduct charge, Plaintiff paid a fine of $163 and served no jail time. (FOX's Opposition exhibit, #48-1, at 5.)

**I. <u>Evidence supports that there are matters herein that qualify for recognized exceptions to any requirement for a favorable termination of the criminal case. At the very least, there are genuine issues of material fact concerning those matters and Plaintiff should be allowed to conduct adequate discovery.</u>**

Both the United States and the Nevada Supreme Courts recognize that there are recognized exceptions to favorable termination requirements. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Court, citing decisions by various state courts, noted that "early on it was recognized that there must be exceptions to the rule in cases involving circumstances such as fraud, perjury, or mistake of law." Also noting exceptions for fraud, perjury, or mistake of law, see *Mosley v. Wilson*, 102 F.3d 85, 92 (3d Cir. 1996).

FOX's Opposition appears to agree that Nevada law provides for exceptions for convictions obtained by fraud, perjury or other corrupt means. (#48, at 5.) As set forth more fully *supra*, the resolution of the criminal charges in the present case resulted from such matters, including fraud and false statements provided to the prosecutor by FOX, that material evidence favorable to the defense was not disclosed to CONTRERAS, and mistake or disregard of law.

Indeed it is clear as a matter of law that the statement attributed to Plaintiff by FOX about what she said about what he had just said to her, even were it not true, would not be a violation of the statute he charged her with, NRS 197.190. The statute deals with obstruction

of a public officer in the discharge of official duties, and by its clear terms criminalizes a false statement only when the statement is made "when lawfully required of the person by any public officer." See *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. Nev. 2012), ruling that to violate NRS 197.190, a false statement not only must be in response to a request from an officer, it must involve a matter that was "lawfully required" of the individual by the officer. Clearly, there was mistake or disregard of the law in the prosecution of that charge, a matter unknown to Plaintiff CONTRERAS when she agreed to the settlement and entered her nolo plea to the hypothetical disorderly person charge.

As well, contrary to the Oppositions assertion (#48, at 5), neither in *Chapman v. Reno*, 85 Nev. 365, 369, 455 P.2d 618, 620 (1969), nor any other case, has the Nevada Supreme Court articulated any exclusive list of exceptions to the favorable termination element. In *Chapman*, which reversed the dismissal of a malicious prosecution claim, the matter at issue was the lack of probable cause element, not favorable termination. The plaintiff therein had been convicted in municipal court, but upon appeal to the district court and a trial de novo, he was acquitted. The language referred to by the Opposition related to the Court's <u>rejection of the respondent's contention that</u> "appellant's conviction in the municipal court is conclusive evidence of the existence of probable cause, or at least conclusive unless it was obtained by fraud, perjury or other corrupt means."

More recently, in *Jordan v. State ex rel. DMV & Pub. Safety*, 121 Nev. 44, 70 (2005), the Court reversed and remanded a summary judgment for the defendant on a malicious prosecution claim. Similar to the ruling in *Chapman*, the Court rejected the defendant's contention that the plaintiff was unable to show the existence of any issue of material fact as to lack of probable cause or legal justification for the arrest because the justice of the peace's

probable cause determination constitutes conclusive evidence of probable cause, ruling that such matter was rebuttable by contrary evidence. In doing so, the Court cited favorably the expanded, though not indicated as exclusive, list of matters for such rebuttal in *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (evidence that "the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith").

While *Chapman* and *Jordan* concerned the probable cause element, they provide support that in the case at bar, there are, at the very least, genuine issues of material fact concerning the favorable result element and that Plaintiff should not be foreclosed from adding this claim at this early stage of the case because she had not had an adequate opportunity for discovery. Particularly in *Chapman*, the Court stressed the need for and importance of evidence concerning “what transpired in the minor court,” and the circumstances surrounding the conviction, including evidence of fraud, perjury or other corrupt means.” *Chapman*, 85 Nev. at 369. This emphasis that the circumstance surrounding the conviction were paramount to the mere fact of the conviction argues persuasively that in the present case, discovery must be allowed and evidence presented concerning what transpired in the Justice Court case and the circumstances surrounding its resolution with respect to the favorable termination element.

## II. <u>The resolution of the criminal case should be viewed as favorable to Plaintiff.</u>

As noted *supra*, FOX initiated and the criminal case with charges that had a potential penalty of a fine of up to $2000 and up to a year in jail. Plaintiff was not found guilty of either of FOX’s charges. The termination of the case involved Plaintiff paying a fine of $163 and serving no jail time based on her nolo plea to the hypothetical disorderly conduct charge. She

agreed to that resolution that resulted from improprieties discussed above. As well, legal fees to further pursue the defense would have been substantially greater than $163.

That result was an enormous reduction on the potential sentence. While research has not revealed any Nevada state cases dealing with whether a reduction in sentence may be viewed as favorable, matters in a recent 9th Circuit Court of Appeals opinion, while not binding, support that it may be so viewed. In *Bailey v. Miller*, 368 Fed. Appx. 802, 2010 U.S. App. LEXIS 4337 (9th Cir. 2010), the District Court, based on multiple grounds, had dismissed with prejudice a malicious prosecution claim. One of the grounds was that the plaintiff's conviction had not been reversed on appeal or otherwise invalidated, citing *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). (*Bailey v. Miller,* D.Nev., Case No. 2:08-cv-0060, Docket #3, at 3-4.) The Court of Appeals affirmed the dismissal on other grounds. However, the Court of Appeals stated: "Bailey submitted evidence that his sentence was reduced as a result of his criminal appeal and habeas proceedings. Accordingly, his claims are not barred under *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)." 368 Fed. Appx. at 803, 2010 U.S. App. LEXIS 4337 at 1-2.

It should also be noted that another concern in *Heck v. Humphrey,* 512 U.S. at 484-486, that a civil tort actions was not proper to make a collateral attack on, and challenge the validity of, outstanding criminal judgments. However, the Court made it clear that: "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in absence of some other bar to the suit." 512 U.S. at 487. Herein, the claim is with respect to the prosecution of the two charges made by FOX, neither of which

were a subject of the guilty judgment in Justice Court, and, hence, this claim, if successful, would not affect that judgment.

**III. <u>The requirement that the criminal prosecution terminate in favor of the accused should not be considered as an independent and element of a malicious prosecution claim, but should be considered only for what it shows about paramount issue of probable cause or the accused's guilt-in-fact</u>.**

Viewing favorable termination of the criminal case as a factor to be considered in connection with the paramount issue of probable cause or the accused's guilt-in-fact, but not as an independent and essential requirement has been recognized in federal courts and by respected treatises. See, e.g., *Brown v. Johnston*, 675 F. Supp. 287, 290 (W.D. Pa. 1987); the Concurring opinion by Justice Souter, with whom Justice Blackmun, Justice Stevens, and Justice O'Connor joined, in *Heck v. Humphrey*, 512 U.S. 477, 494 (1994); and Prosser and Keeton on the Law of Torts § 119, at 874, 885 (5th ed. 1984).

Review of Nevada Supreme Court malicious prosecution has not revealed any case in which this has been addressed. However, the discussion in *Chapman* dealing with probable cause, addressed *supra*, of the need for examination of "the circumstances surrounding the conviction," and that the circumstances surrounding the conviction were paramount to the mere fact of the conviction supports the belief that the Nevada Court would adopt the view of the authorities noted in the paragraph above.

Furthermore, matters in other contexts in state court decisions support recognition of a public interest that would support not denying redress, penalizing, a person for deciding to accept a minimal fine by pleading guilty or nolo to, or compromising, a criminal charge. In *Mendez v. Brinkerhoff*, 105 Nev. 157, 158-159 (1989), the Court ruled that a forfeiture of bail on a traffic offense was inadmissible as an admission in a later civil suit, noting that doing so

may be attributed to sound economics as opposed to an admission of guilt. Citing *Mendez*, in *LePage v. Bumila*, 407 Mass. 163, 166-167 (1990), the Court ruled similarly, noting: "public policy weighs against treating an offer of compromise as an admission because "the law looks with favor upon the settlement of controversies," and "If the payment of a citation were an admission of liability which could be used in subsequent civil or criminal trials, the courts would be flooded with challenges to such citations. The proverbial 'floodgates of litigation' would be opened," Also citing *Mendez* and expressing the same concern about opening the "floodgates of litigation", see *Williams v. Brown*, 860 S.W.2d 854, 856 (Tenn. 1993).

While these cases concerned admissibility, the interest in avoiding a substantial increase in the burdening of the courts with full litigation of cases that are resolvable by payment of a minimal fine are present in malicious prosecution claims. Particularly in cases such as the one at bar, where the absence of probable cause appears clear, a wrongfully prosecuted person should not be denied redress for agreeing to a minimal fine rather than proceed to trial.

## CONCLUSION

For the reasons expressed herein and in Plaintiff's Motion, it is respectfully requested that The Court issue an Order granting leave for the filing of the proposed FIRST AMENDED COMPLAINT.

DATED this 23rd day of September, 2013.

s/ Ross C. Goodman, Esq.
Ross C. Goodman
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
ross@goodmanlawgroup.com
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, as follows:

Luther Snavely, Esq.
Email: Luther@gms4law.com
Eva Garcia-Mendoza, Esq.
Email: evagm@gms4law.com
Garcia-Mendoza & Snavely, Chtd.
501 S. Seventh Street
Las Vegas, Nevada 89101
***Attorneys for Ronald D. Fox***

Lyssa S. Anderson, Esq.
Email: landerson@kcnvlaw.com
Kaempfer Crowell Renshaw Gronauer & Fiorentino
8345 West Sunset Rd., Ste. 250
Las Vegas, Nevada 89113
***Attorneys for James Kenyon***

Walter R. Cannon, Esq.
Email: wcannon@ocgas.com
Olson, Cannon, Gormley, Angulo & Stoberski
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
***Attorneys for Patricia Doninger***

Robert W. Freeman, Esq.
Email: rfreeman@lbbslaw.com
Lewis Brisbois Bisgaard & Smith, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
***Attorneys for Clark County***

*/s/ Ross C. Goodman, Esq.*
Ross C. Goodman, Esq.