1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:13-CV-591 JCM (PAL)

8  | MONICA CONTRERAS,
9  |                    Plaintiff(s),
10 | v.
11 | RONALD D. FOX, et al.,
12 |                    Defendant(s).
13

14

**ORDER**

15    Presently before the court is the matter of *Contreras v. Fox, et al.*, case no. 2:13-cv-591-
16 JCM-PAL.  This order addresses the following pending motions:

17    •    Defendant Patricia Doninger's motion to dismiss.  (Doc. # 14).

18    •    Defendant Clark County, Nevada's motion to dismiss.  (Doc. # 19).

19    •    Plaintiff Monica Contreras' (first) motion to amend the complaint.  (Doc. # 46).

20    •    Plaintiff's motion for leave to file a sur-reply.  (Doc. # 47).

21    •    Plaintiff's (second) motion to amend the complaint.  (Doc. # 53).

22 **I.    Background**

23    This case revolves around an incident which occurred on August 8, 2011, in Nevada family

24 court.  (Compl. ¶ 9).  On that date, plaintiff, along with her minor child, appeared for a hearing

25 scheduled before Hearing Master Patricia Doninger ("Doninger").  (Compl. ¶ 10).

26    According to plaintiff, as she was leaving the courtroom following the hearing, she was

27 approached by defendant marshal Ronald Fox ("Fox") and was told to accompany him to an

28

**James C. Mahan**
**U.S. District Judge**

1    anteroom for a drug search.  (Compl. ¶ 12).  Plaintiff alleges that, while in the anteroom, Fox

2    engaged in non-consensual improper sexual contact with her person, and made sexually abusive and

3    harassing requests.  (Compl. ¶ 16).

4        Following the search, plaintiff returned to Doninger's courtroom to inform Doninger of Fox's

5    alleged behavior.  (Compl. ¶ 17).  At that time, defendant marshal James Kenyon ("Kenyon") was

6    also in the courtroom.  According to plaintiff, the marshals intimidated and threatened to arrest her

7    in an attempt to coerce her into recanting her statements regarding Fox's actions.  (Compl. ¶ 18).

8    When plaintiff refused to recant, the marshals placed her in handcuffs, issued her a criminal citation,

9    and took her directly to a holding cell within the family courthouse.  (Comp. ¶ 19).  Plaintiff's

10   daughter was immediately taken into custody by child protective services until her father picked her

11   up later that day.  (Compl. ¶ 21-22).

12       Plaintiff's original complaint includes federal causes of action against defendants Fox,

13   Doninger, Kenyon, Clark County, and the state of Nevada pursuant to 42 U.S.C. § 1983, and related

14   state law claims for battery, false imprisonment, defamation, false light, infliction of emotional

15   distress, negligent supervision, negligence, negligent training, and respondeat superior liability.

16       Plaintiff now seeks leave to amend the complaint to add additional claims and an additional

17   defendant.

18   **II.    Discussion**

19       Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given

20   when justice so requires."  The Supreme Court has interpreted Rule 15(a) and confirmed the liberal

21   standard district courts must apply when granting such leave.  In *Foman v. Davis*, 371 U.S. 178

22   (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue

23   delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

24   amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

25   amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely

26   given.'"  *Id.* at 182.  Thus, a district court should deny a motion to amend where the amendment is

27   an "exercise in futility."  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

28

James C. Mahan
U.S. District Judge

- 2 -

1    In addition to the Rule 15(a) requirements, the local rules of federal practice in the District
2  of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to
3  amend. *See* LR 15-1(a). Plaintiff has attached a proposed amended complaint in compliance with
4  the local rule.

5    Plaintiff seeks leave to file an amended complaint containing new causes of action against
6  the existing defendants for malicious prosecution, abuse of process, and additional 42 U.S.C. § 1983
7  claims. Plaintiff also seeks to add a new defendant, Gregory Bryant, and assert a claim under 42
8  U.S.C. § 1983 as well as a negligent supervision claim against him. With the exception of the
9  individual defendants Fox and Kenyon,[1] no other defendants have filed oppositions to either motions
10  to amend the complaint. Pursuant to the local rules, "[t]he failure of an opposing party to file points
11  and authorities in response to any motion shall constitute a consent to the granting of the motion."
12  *See* LR 7-2(d).

13    Having reviewed the motion to amend, and in consideration of defendants' non-opposition,
14  the court finds good cause exists to grant the motion. In the interests of fairness and judicial
15  efficiency, and in light of the decision to grant plaintiff's (second) motion to file an amended
16  complaint, the court denies the pending motions to dismiss (which were filed in response to the
17  original complaint) without prejudice. The parties are free to review the amended complaint, revise
18  their motions to dismiss as they see fit, and re-file them according to the briefing schedule set forth
19  below.

20    Accordingly,

21    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's second motion
22  to amend the complaint (doc. # 53) be, and the same hereby is, GRANTED.

23

24  [1] Plaintiff seeks to add a claim for malicious prosecution against Fox and Kenyon. Fox filed an opposition, in which Kenyon joined, arguing that amendment would be futile because plaintiff cannot prove that the prior criminal
25  proceeding was terminated in her favor as required by law. (*See* opposition, doc. # 48 at 4)(*citing Heck v. Humphrey*, 512 U.S. 477 (1994)). However, fraud and false statements used to procure a conviction may provide an exception to
26  the favorable termination requirement. *Id*. Plaintiff has alleged such fraud and false statements were made by the marshals. Thus, Fox and Kenyon have not demonstrated that "it appears beyond doubt that plaintiff could prove no set
27  of facts in support of the claim," and the liberal standard of Fed. R. Civ. P. 15 warrants grating leave to amend. *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)(*citing United States v. Webb*, 655 F.2d 977 (9th Cir.
28  1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality")).

1    IT IS FURTHER ORDERED that plaintiff shall have **ten (10) days** from the publication of

2  this order in which to file the proposed amended complaint that is attached to her second motion to

3  amend as exhibit 1.

4    IT IS FURTHER ORDERED that defendants' motion(s) to dismiss shall be filed no later

5  than **January 17, 2014.**  Plaintiff's replies shall be filed no later than **January 27, 2014.**

6    IT IS FURTHER ORDERED that plaintiff's first motion to amend the complaint (doc. # 46)

7  be, and the same hereby is, DENIED as moot.

8    IT IS FURTHER ORDERED that defendant Patricia Doninger's motion to dismiss (doc. #

9  14) be, and the same hereby is, DENIED without prejudice.

10    IT IS FURTHER ORDERED that defendant Clark County's motion to dismiss (doc. # 19)

11  be, and the same hereby is, DENIED without prejudice.

12    IT IS FURTHER ORDERED that plaintiff's motion to file a sur-reply (doc. # 47) be, and the

13  same hereby is, DENIED as moot.

14    DATED December 19, 2013.

15

16    _____

17    **UNITED STATES DISTRICT JUDGE**

18

19

20

21

22

23

24

25

26

27

28