UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MONICA CONTRERAS,

        Plaintiff(s),

v.

RONALD D. FOX, et al.,

        Defendant(s).

2:13-CV-591 JCM (PAL)

**ORDER**

Presently before the court is the matter of *Contreras v. Fox, et al.*, case no. 2:13-cv-591-JCM-PAL. This order addresses the following pending motions:

- Defendant Patricia Doninger's motion to dismiss. (Doc. # 14).
- Defendant Clark County, Nevada's motion to dismiss. (Doc. # 19).
- Plaintiff Monica Contreras' (first) motion to amend the complaint. (Doc. # 46).
- Plaintiff's motion for leave to file a sur-reply. (Doc. # 47).
- Plaintiff's (second) motion to amend the complaint. (Doc. # 53).

**I.    Background**

This case revolves around an incident which occurred on August 8, 2011, in Nevada family court. (Compl. ¶ 9). On that date, plaintiff, along with her minor child, appeared for a hearing scheduled before Hearing Master Patricia Doninger ("Doninger"). (Compl. ¶ 10).

According to plaintiff, as she was leaving the courtroom following the hearing, she was approached by defendant marshal Ronald Fox ("Fox") and was told to accompany him to an

**James C. Mahan**
**U.S. District Judge**

1  anteroom for a drug search. (Compl. ¶ 12). Plaintiff alleges that, while in the anteroom, Fox
2  engaged in non-consensual improper sexual contact with her person, and made sexually abusive and
3  harassing requests. (Compl. ¶ 16).

4  Following the search, plaintiff returned to Doninger's courtroom to inform Doninger of Fox's
5  alleged behavior. (Compl. ¶ 17). At that time, defendant marshal James Kenyon ("Kenyon") was
6  also in the courtroom. According to plaintiff, the marshals intimidated and threatened to arrest her
7  in an attempt to coerce her into recanting her statements regarding Fox's actions. (Compl. ¶ 18).
8  When plaintiff refused to recant, the marshals placed her in handcuffs, issued her a criminal citation,
9  and took her directly to a holding cell within the family courthouse. (Comp. ¶ 19). Plaintiff's
10 daughter was immediately taken into custody by child protective services until her father picked her
11 up later that day. (Compl. ¶ 21-22).

12 Plaintiff's original complaint includes federal causes of action against defendants Fox,
13 Doninger, Kenyon, Clark County, and the state of Nevada pursuant to 42 U.S.C. § 1983, and related
14 state law claims for battery, false imprisonment, defamation, false light, infliction of emotional
15 distress, negligent supervision, negligence, negligent training, and respondeat superior liability.

16 Plaintiff now seeks leave to amend the complaint to add additional claims and an additional
17 defendant.

18 **II.     Discussion**

19 Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given
20 when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal
21 standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178
22 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue
23 delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
24 amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the
25 amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely
26 given.'" *Id.* at 182. Thus, a district court should deny a motion to amend where the amendment is
27 an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).
28

James C. Mahan
U.S. District Judge

- 2 -

1   In addition to the Rule 15(a) requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. *See* LR 15-1(a). Plaintiff has attached a proposed amended complaint in compliance with the local rule.

Plaintiff seeks leave to file an amended complaint containing new causes of action against the existing defendants for malicious prosecution, abuse of process, and additional 42 U.S.C. § 1983 claims. Plaintiff also seeks to add a new defendant, Gregory Bryant, and assert a claim under 42 U.S.C. § 1983 as well as a negligent supervision claim against him. With the exception of the individual defendants Fox and Kenyon,[1] no other defendants have filed oppositions to either motions to amend the complaint. Pursuant to the local rules, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *See* LR 7-2(d).

Having reviewed the motion to amend, and in consideration of defendants' non-opposition, the court finds good cause exists to grant the motion. In the interests of fairness and judicial efficiency, and in light of the decision to grant plaintiff's (second) motion to file an amended complaint, the court denies the pending motions to dismiss (which were filed in response to the original complaint) without prejudice. The parties are free to review the amended complaint, revise their motions to dismiss as they see fit, and re-file them according to the briefing schedule set forth below.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's second motion to amend the complaint (doc. # 53) be, and the same hereby is, GRANTED.

---

[1] Plaintiff seeks to add a claim for malicious prosecution against Fox and Kenyon. Fox filed an opposition, in which Kenyon joined, arguing that amendment would be futile because plaintiff cannot prove that the prior criminal proceeding was terminated in her favor as required by law. (*See* opposition, doc. # 48 at 4)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). However, fraud and false statements used to procure a conviction may provide an exception to the favorable termination requirement. *Id*. Plaintiff has alleged such fraud and false statements were made by the marshals. Thus, Fox and Kenyon have not demonstrated that "it appears beyond doubt that plaintiff could prove no set of facts in support of the claim," and the liberal standard of Fed. R. Civ. P. 15 warrants grating leave to amend. *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)(citing *United States v. Webb*, 655 F.2d 977 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality")).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   IT IS FURTHER ORDERED that plaintiff shall have **ten (10) days** from the publication of this order in which to file the proposed amended complaint that is attached to her second motion to amend as exhibit 1.

IT IS FURTHER ORDERED that defendants' motion(s) to dismiss shall be filed no later than **January 17, 2014.** Plaintiff's replies shall be filed no later than **January 27, 2014.**

IT IS FURTHER ORDERED that plaintiff's first motion to amend the complaint (doc. # 46) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant Patricia Doninger's motion to dismiss (doc. # 14) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendant Clark County's motion to dismiss (doc. # 19) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to file a sur-reply (doc. # 47) be, and the same hereby is, DENIED as moot.

DATED December 19, 2013.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 4 -