EVA GARCIA-MENDOZA, ESQ.
NEVADA BAR NO. 1779
LUTHER M. SNAVELY ESQ.
NEVADA BAR NUMBER 5507
GARCIA-MENDOZA & SNAVELY CHTD.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484
ATTORNEYS FOR DEFENDANT
RONALD D. FOX

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MONICA CONTRERAS,

    Plaintiff,

Vs.

RONALD D. FOX, JAMES KENYON, PATRICIA DONINGER, CLARK COUNTY NEVADA, STATE OF NEVADA ex rel. DOES 1-10, and ROE ENTITITS 11-20, inclusive

Case No: 2:13-cv-00591-JCM-PAL

## RONALD D. FOX'S
## ANSWER TO FIRST AMENDED COMPLAINT

Comes now, the Defendant, Ronald D. Fox, by and through his attorneys Eva Garcia Mendoza Esq. and Luther M. Snavely III, Esq. of the law firm of Garcia Mendoza & Snavely, who hereby files his Answer to the Plaintiff's First Amended Complaint (#59) and alleges as follows:

1. Defendant Fox admits Paragraphs 2, 5A, 9-11, 19A, 25, 25A and 31;

2. Defendant Fox denies Paragraphs 12-16, 18-19, 19C, 21, 32, 32A, 33, 34, 36-46, 60-84, 90-92, 105, 110-116 and 129-150;

3. Defendant Fox is without sufficient information so as to respond to paragraphs 3, 5-8, 19B, 22, 23, 25B-D, 26-30, 34A, 35, 47-59, 66A, 85-89, 93-104, 106-109, 117-128 and 151-158 and on that basis denies the same;

4. As to Paragraph 1, Defendant Fox admits lines 23-24 up to the words "Section 1983", denies lines 23-25 from the words " and supplemental jurisdiction" through the words "28 U.S.C. Section 1391(b)(2)"; and is without sufficient information so as to respond to the rest of the paragraph from lines 25 - 27and on that basis denies the same;

5. As to Paragraph 4, Defendant Fox admits lines 10-11 up to the word "Court" and denies the rest of the paragraph;

6. As to Paragraph 17, Defendant Fox admits lines 24-25 up to the word " courtroom" but denies the rest of the paragraph;

7. As to Paragraph 20, Defendant Fox denies lines 12-14 up to the words "holding cell" but admits the rest of the paragraph;

8. As to Paragraph 24, Defendant Fox admits that his employment was terminated but denies the rest of the paragraph;

## AFFIRMATIVE DEFENSES

1) The complaint on file herein fails to state a claim upon which relief can be granted.

2) The incident alleged in the Complaint, and the resulting damage, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence

and conduct, and such conduct and negligence was greater than the conduct and negligence, if any, of Defendant Fox.

3) Defendant Fox alleges that the occurrence referred to in the Complaint, and all injuries and damages, if any, resulting there from, were caused by the acts or omissions of a third party over whom Defendant Fox had no control.

4) Plaintiff has failed to mitigate her damages, if any.

5) Defendant Fox alleges that at the time and place alleged in the complaint, plaintiff did not exercise ordinary care, caution or prudence in the premises to avoid said alleged injury and the resulting injuries, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness and negligence of the plaintiff.

6) The damages, if any, incurred by Plaintiff are not attributable to any act, conduct or omission on the part of Defendant Fox and Defendant Fox denies that he was negligent or that he breached any other duty in any manner or in any degree with respect to the matter set forth in plaintiff's complaint.

7) The Plaintiff was contributorily negligent and her negligence exceeds any alleged negligence of Defendant Fox.

8) Defendant Fox has had to hire counsel to defend this matter by reason of which he are entitled to attorney fees and costs.

9) The damages or injuries, if any, suffered by Plaintiff were caused in whole or in part by the acts of Plaintiff and/or third parties over which Defendant Fox had no control.

10) There is no causal connection between the alleged violations and the alleged damages.

11) The Plaintiff was not detrimentally affected by the alleged conduct.

12) The action is barred by the statute of limitations;

13) The federal claims are barred by the doctrine of qualified immunity.

14) Defendant Fox is immune from the State law claims pursuant to NRS 41.032;

15) Defendant Fox did not act in a deliberately indifferent way to Plaintiff's rights;

16) Defendant Fox exercised an objectively reasonable reliance on existing law;

17) This court lacks subject matter jurisdiction on the state law claims.

18) Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff did not suffer a physical impact or a serious emotional distress causing physical injury or illness.

19) Defendant Fox did not give unreasonable publicity to private facts and did not place Plaintiff in a false light before the public because Defendant Fox made no public disclosure of any facts relating to the Plaintiff.

20) At all times relevant to this case, Defendant Fox exercised due care in the execution of statutes and regulations.

21) Defendant Fox is immune from State law claims of negligence against him pursuant to NRS 41.0336.

22) At all times relevant to this case, Defendant Fox was acting within the scope of his public duty or employment;

23) At no time did Defendant Fox behave in any manner which was wanton or malicious;

4

24) Defendant Fox's conduct was not malicious, oppressive or in reckless disregard for the Plaintiff's constitutional rights;

25) No award of damages for the State law claims may include any amount as exemplary or punitive damages;

26) There was probable cause for a reasonable police officer to believe that the Plaintiff had committed or was in the process of committing a crime at the time of her arrest;

27) The Plaintiff's daughter was temporarily taken from Plaintiff pursuant to the instructions from a judicial officer;

28) The Plaintiff's daughter was placed with her father, who has legal custody rights to the Plaintiff's daughter, shortly after the Plaintiff's daughter was taken from the Plaintiff;

29) Defendant Fox did not act with deliberate indifference to the parental rights of the Plaintiff;

30) The arrest of the Plaintiff was valid;

31) There was not an unnecessary delay in releasing the Plaintiff after her arrest;

32) Defendant Fox made no false statements about the Plaintiff to third parties;

33) The criminal case against the Plaintiff did not result in a termination which was favorable to the Plaintiff;

34) The Plaintiff's claims are barred by the doctrine of Judicial Immunity;

35) The Plaintiff's claims are barred by the doctrine of Quasi-Judicial Immunity;

5

36) Defendant Fox did not act with an ulterior purpose;

37) Defendant Fox did not commit a willful act in the use of process not proper in the regular course of any proceeding;

38) The Plaintiff was not denied due process;

39) There was probable cause to arrest the Plaintiff;

40) Defendant Fox did not abridge or deny the Plaintiff's freedom of speech;

41) Defendant Fox did not act with reckless, callous or deliberate disregard to the Plaintiff's protected rights;

42) Pursuant to F.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant Fox's Answer, and therefore, Defendant Fox reserves the right to amend his Answer to allege additional affirmative defenses if subsequent investigation warrants.

**WHEREFORE**, Defendant Fox respectfully prays for judgment as follows:

a. That the Plaintiff take nothing by way of her Complaint.

b. That the Court enter an order forever releasing, discharging and exonerating Defendant Fox from all liability in this case.

c. That Defendant Fox be awarded all of his attorney fees and costs.

DATED this 8th day of January, 2014.

                                            GARCIA-MENDOZA & SNAVELY

BY: _____
LUTHER SNAVELY, ESQ.
NEVADA BAR NO.: 5507
GARCIA-MENDOZA & SNAVELY
501 SO. SEVENTH STREET
LAS VEGAS, NEVADA 89101
ATTORNEY FOR DEFENDANT
RONALD D. FOX

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484 FAX (702) 384-0207