Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Email: ross@goodmanlawgroup.com

Tracy A. Eglet, Esq.
Nevada Bar No. 6419
Bradley J. Myers, Esq.
Nevada Bar No. 8857
EGLET WALL CHRISTIANSEN
400 South Seventh St., Box 1, Ste. 400
Las Vegas, Nevada 89101
Telephone:  702-450-5400
Facsimile:  702-450-5451
Email: eservice@egletwall.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD D. FOX; JAMES KENYON; GREGORY BRYANT; PATRICIA DONINGER; CLARK COUNTY, DOES 1-10; and ROE ENTITIES 11-20, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:13-cv-00591-JCM-PAL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT DONINGER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (#65)** |

Plaintiff MONICA CONTRERAS, submits the within opposition to the Motion to Dismiss the First Amended Complaint filed by Defendant PATRICIA DONINGER (#65). The Motion's sole ground urged for dismissal is the argument that Defendant, a former hearing master, is entitled to absolute judicial immunity. Fatal to the motion, the First Amended Complaint (#59; hereinafter "Complaint") contains allegations of specific facts supporting that the wrong complained of did not involve any case pending before the Defendant and involved

Defendant's non-immune, administrative supervisory function, not her adjudicatory judicial function.

## POINT AND AUTHORITIES

## STATEMENT OF FACTS

Before addressing the factual allegations concerning Defendant DONINGER's claim for immunity, the facts in summary are as follows. The Complaint (#59) alleges that on August 8, 2011, Plaintiff was in the Family Court, a division of the Clark County District Court, a/k/a the Eighth Judicial District Court, for a motion hearing concerning a temporary restraining order. DONINGER, then a hearing master, was presiding at this hearing, the result of which was in Plaintiff's favor. As Plaintiff was leaving the courtroom, she was approached by Defendant RONALD FOX, the attending court marshal, who told her she needed to go into an anteroom for a drug search. While in the anteroom, Defendant FOX engaged in non-consensual improper sexual contact with Plaintiff's body and made sexually abusive and harassing requests.

Plaintiff returned to the courtroom and addressed Defendant DONINGER concerning Fox' actions. While Plaintiff was addressing DONINGER, Defendant FOX, joined by Defendant JAMES KENYON, another court marshal, threatened to arrest Plaintiff in an attempt to coerce Plaintiff into recanting her statements about FOX's actions. When Plaintiff did not recant, and while still in the presence of DONINGER, the court marshals arrested Plaintiff and placed her in handcuffs. She was detained for an extended period in a holding cell at the Family Court, until other officers arrived and released Plaintiff from custody. After Plaintiff submitted a complaint, FOX's employment was terminated due to his improper actions with respect to Plaintiff.

///

///

# ARGUMENT

**A. Dismissal of Defendant DONINGER is Not Warranted Because the Complaint's Allegations of Specific Facts Support the Claim that Her Conduct Complained of did not Involve Any Case Pending Before Her and Involved her Non-immune, Administrative Supervisory Function, Not her Adjudicatory Judicial Function.**

Under both federal and Nevada law, the burden of justifying absolute judicial or quasi-judicial immunity rests on the official asserting the claim. *Antoine v. Byers & Anderson*, 508 U.S. 429, 432 (1993); *State v. Second Judicial Dist. Court*, 118 Nev. 609, 617 (2002). On a motion to dismiss, all factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiff[]." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). While contesting generally the Complaint's assertion of Defendant's conduct as involving her administrative supervisory function, the Motion fails to acknowledge or refute that the allegations of specific facts clearly support that assertion.

In particular, the facts alleged support that Defendant's conduct complained of did not involve any case pending before her and did not involve any adjudicatory judicial function. These allegations include (#59, at 3):

> 11. After Hearing Master DONINGER denied the ex-husband's motion, Plaintiff began to leave the courtroom with her daughter.
>
> 12. As Plaintiff was leaving the courtroom, she was approached by Defendant FOX who told her she needed to go into an anteroom for a drug search.
>
> 16. While in the anteroom, Defendant FOX engaged in non-consensual improper sexual contact with Plaintiff's body and made sexually abusive and harassing requests.
>
> 17. Plaintiff returned to the courtroom and addressed Defendant DONINGER concerning Fox's actions.

Further, the Complaint states (#59, at 5-6):

> 28. Particularly in view of the dramatic difference in Plaintiff's demeanor between her initial appearance at the motion hearing and upon her return into the courtroom, Defendant DONINGER had notice that something untoward and traumatic had occurred.

30.     Defendant DONINGER ignored Plaintiff, took no steps to allow Plaintiff to fully explain what she had to say about what had and was happening to her, no steps to ascertain what the marshals had to say, and related thereto, no step to ascertain the asserted basis for the conduct of the marshals in arresting Plaintiff in the courtroom.

The Claims for Relief against Defendant DONINGER are based on her failure "to take actions within her administrative supervisory authority and responsibility which would have prevented the violation of Plaintiff's rights," with said failure involving deliberate indifference to, and conscious disregard of, Plaintiff's rights under federal and state law. (Complaint, 1st-3rd Claims for Relief [#59, at 6-9], and 10th Claim for Relief [#59, at 13].)[1]  The Motion's brief footnote asserting that masters are not assigned and do not choose specific marshals does not support that she had no authority or duty to supervise the conduct of the marshals who were before her.  Defendant DONINGER, as the Master, was the superior official present.  The Nevada Code of Judicial Conduct, Nev. CJC 1, is applicable to masters which are included within its definition of a judge.  Judges, including masters, are required to "act at all times in a manner that promotes public confidence" and "shall avoid impropriety and the appearance of impropriety," (Nev. CJC 1.2), and to require court staff to act consistent with those requirements (Nev. CJC 2.12).     Especially pertinent herein, judges shall not permit court staff to engage in harassment. (Nev. CJC 2.3.)

The claims against Defendant DONINGER are based on her failure to engage in

---

[1] See *Williams v. Underhill*, 2006 U.S. Dist. LEXIS 24929 (D. Nev. 2006), quoting from *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivations of which the complaint is made; or for conduct that showed a reckless or callous indifference to the rights of others."  See also *Sonntag v. Gurres*, 2010 U.S. Dist. LEXIS 79136, 10-11 (D. Nev. 2010).

supervisory action which did not involve any pending case. Judicial immunity does not apply to administrative acts such as "supervising court employees." *Forrester v. White*, 484 U.S. 219, 229 (1988). See also *Meek v. County of Riverside*, 183 F.3d 962 (9th Cir. 1999). Indeed, in *Antoine v. Byers & Anderson*, *supra*, 508 U.S. at 435-436 (1993), the Court noted that the "touchstone" for the applicability of immunity is whether the judge was engaged in the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." The "court needs to focus on the relationship between the action and the adjudicative process," including the question of whether the controversy centered on a case then pending before the judge. *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999). See also *Living in Jesus Truth Ministry v. Wise*, 2012 U.S. Dist. LEXIS 108870, 8-9 (D. Nev. Aug. 3, 2012)("the adjudicative process").[2]

Relative to the state law claims, the Nevada Supreme Court has cited, relied upon, and adopted the same principles concerning judicial immunity as set forth in, the federal cases noted above. *State v. Second Judicial Dist. Court*, 118 Nev. 609, 615-616 (2002). See also *Whitehead v. Nevada Commn. On Judicial Discipline*, 110 Nev. 128, 160 (1994).

## CONCLUSION

The conduct of Defendant DONINGER complained of did not involve the judicial adjudicatory process. Plaintiff's claims are based on said Defendant's conduct with respect to her administrative supervisory functions, for which absolute immunity does not apply.

---

[2] In her Reply on her prior motion to dismiss, Defendant cited a series of cases in an attempt to support her claim of absolute immunity. (#37, at 5-6.) Her reliance on those cases was misplaced because, unlike the situation herein, they involved conduct by a judge that that was related to and in connection with a pending matter. See, e.g., *Chrzanowski v. Assad*, 275 Fed. Appx. 661, 662 (9th Cir. 2008)("the order arose from a pending case"); *Mireles v. Waco*, 502 U.S. 9 (1991)(judge ordered that an attorney be brought to the courtroom because he had not appeared for a matter on the court's calendar); *Ashelman v. Pope*, 793 F.2d 1072, 1074 (9th Cir. 1986)(allegation that judge conspired with prosecutor to affect pending case).

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

For the reasons expressed herein, Plaintiff respectfully requests that The Court DENY Defendant DONINGER'S motion.

Dated this 3rd day of February, 2014.

                                GOODMAN LAW GROUP
                                A Professional Corporation


                                /s/ Ross C. Goodman, Esq.
                                Ross C. Goodman, Esq.
                                520 South Fourth Street, 2nd Floor
                                Las Vegas, Nevada 89101

                                Tracy A. Eglet, Esq.
                                Bradley J. Myers, Esq.
                                Eglet Wall Christiansen
                                400 South Seventh St., Box 1, Suite 400
                                Las Vegas, Nevada 89101
                                *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, as follows:

Luther Snavely, Esq.
Email:  Luther@gms4law.com
Eva Garcia-Mendoza, Esq.
Email:  evagm@gms4law.com
Garcia-Mendoza & Snavely, Chtd.
501 S. Seventh Street
Las Vegas, Nevada 89101
***Attorneys for Ronald D. Fox***

Lyssa S. Anderson, Esq.
Email:  landerson@kcnvlaw.com
Kaempfer Crowell Renshaw Gronauer & Fiorentino
8345 West Sunset Rd., Ste. 250
Las Vegas, Nevada 89113
***Attorneys for James Kenyon***

Walter R. Cannon, Esq.
Email:  wcannon@ocgas.com
Olson, Cannon, Gormley, Angulo & Stoberski
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
***Attorneys for Patricia Doninger***

Robert W. Freeman, Esq.
Email:  rfreeman@lbbslaw.com
Lewis Brisbois Bisgaard & Smith, LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
***Attorneys for Clark County***

            */s/ Ross C. Goodman, Esq.*
            Ross C. Goodman, Esq.