Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Email: ross@goodmanlawgroup.com

Tracy A. Eglet, Esq.
Nevada Bar No. 6419
Bradley J. Myers, Esq.
Nevada Bar No. 8857
EGLET WALL CHRISTIANSEN
400 South Seventh St., Box 1, Ste. 400
Las Vegas, Nevada 89101
Telephone: 702-450-5400
Facsimile: 702-450-5451
Email: eservice@egletwall.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RONALD D. FOX; JAMES KENYON; GREGORY BRYANT; PATRICIA DONINGER; CLARK COUNTY, DOES 1-10; and ROE ENTITIES 11-20, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:13-cv-00591-JCM-PAL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CLARK COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (#66)** |

Plaintiff MONICA CONTRERAS, submits the within opposition to the Motion to Dismiss the First Amended Complaint ("Complaint") filed by Defendant CLARK COUNTY (#66). Phrased as an attack on the sufficiency of Plaintiff's allegations, the essence of the County's motion is that the Court should assume that the allegations are not true, contrary to the standard on a motion to dismiss. The Complaint sufficiently alleges claims against the County for relief which may be granted, including that the County was an employer of the individual

Defendants, a matter which alone provides a sufficient basis for respondeat superior liability with respect to the state law claims against the individuals. As well, the Complaint sufficiently alleges the claims against the County for *Monel* liability and for Negligent Hiring/Training/Supervision/Retention.[1]

As to the County's alternative request for summary judgment, one of its own exhibits and the matters in the exhibits submitted herewith are fatal to the County satisfying the burden of showing an absence of genuine issues of material fact. The exhibit, at the very least shows the existence, not the absence, of a genuine issue of fact. The exhibits reveal that the County itself considered and treated them as employees and was involved with their employment from the pre-employment screening and hiring through and including discipline and termination. In all events, summary judgment at this time must be refused because there has not been an adequate opportunity for discovery.

With respect to the County's prosecutorial immunity argument, such immunity shields individual prosecutors sued in their individual capacity, but does not shield the County. Finally, discretionary immunity does not apply to the Claim against the County for the conduct of Child Protective services ("CPS") in causing Plaintiff and her daughter to be subjected to an extended period of deprivation of their right of familial relationship and society, because CPS had reason to know that there was no basis to do so.

## POINT AND AUTHORITIES

### SUMMARY OF FACTS

Before addressing the factual allegations and evidence particularly relevant to the County's Motion, the facts in summary are as follows. The Complaint (#59) alleges that on

---

[1] While Plaintiff believes her allegations are sufficient, if the Court believes additional details need to be pled, Plaintiff respectfully requests leave to amend. If necessary, the matters herein and revealed in the attached exhibits would clearly warrant allowing amendment.

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

August 8, 2011, Plaintiff was in the Family Court, a division of the Clark County District Court, a/k/a the Eighth Judicial District Court, for a motion hearing concerning a temporary restraining order. Defendant PATRICIA DONINGER, then a hearing master, was presiding at this hearing, the result of which was in Plaintiff's favor. As Plaintiff was leaving the courtroom, she was approached by Defendant RONALD FOX, the attending court marshal, who told her she needed to go into an anteroom for a drug search. While in the anteroom, Defendant FOX engaged in non-consensual improper sexual contact with Plaintiff's body and made sexually abusive and harassing requests.

Plaintiff returned to the courtroom and addressed Defendant DONINGER concerning Fox's actions. While Plaintiff was addressing DONINGER, Defendant FOX, joined by Defendant JAMES KENYON, another court marshal, threatened to arrest Plaintiff in an attempt to coerce Plaintiff into recanting her statements about FOX's actions. When Plaintiff did not recant, and while still in the presence of DONINGER, the court marshals arrested Plaintiff and placed her in handcuffs. She was detained for an extended period in a holding cell at the Family Court, until other officers arrived and released Plaintiff from custody. After Plaintiff submitted a complaint, FOX's employment was terminated due to his improper actions with respect to Plaintiff.

## ARGUMENT

### I. The allegations of the Complaint are sufficient to state claims against the County for which relief may be granted.

On a motion to dismiss, the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. See *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The County's Motion overlooks the Supreme Court's continuing adherence to the rule that a complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Fed. R. Civ. P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that allegations "must be simple, concise, and direct." *Twombly* and *Iqbal* clarified that the Rule is not satisfied by "a blanket assertion, of entitlement to relief," a pleader's "bare averment that he wants relief and is entitled to it," or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 556; *Iqbal*, 129 S. Ct. at 1949.

The Court articulated a plausibility standard which requires that the allegations not be "merely consistent with a defendant's liability", that the allegations must do more than merely raise the possibility that a defendant acted unlawfully.  What is required is that the matters alleged contain content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  The Court made it clear that the plausibility standard "does not impose a probability requirement at the pleading stage," and that a case "may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations." *Twombly*, 550 U.S. at 556-557, 563; *Iqbal*, 129 S. Ct. at 1949.

The Complaint's initial allegations concerning the County (#59, at 2 & 6) are:

> 3. The Family Court referred to herein is a division of the Eighth Judicial District Court, also known as the Clark County District Court.  On information and belief, for purposes relevant to the claims herein, the District Court, including the Family Court, is operated by and on behalf of, and is a part of, each and both of Defendant CLARK COUNTY and of the STATE OF NEVADA.
>
> 7. Upon information and belief, Defendant CLARK COUNTY and the STATE of NEVADA, through its EIGHTH JUDICIAL DISTRICT COURT, were, for purposes relevant to the claims herein, co-employers of Defendants FOX, KENYON, BRYANT and DONINGER.
>
> 31. At all relevant times, the acts and conduct of Defendants FOX, KENYON, BRYANT and DONINGER were done within the course and scope of their employment as employees and/or agents of Defendant CLARK COUNTY and THE STATE of NEVADA.

In reversing dismissal, the Court in *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) ruled that when an employment relation is a material fact, by operation of Fed.R.Civ.Proc. 84, a general allegation of employment is sufficient, and a matter not contradicted by the standard in *Twombly* and *Iqbal*. Rule 84 provides: "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." The Court noted that Form 13, a complaint in which an employment relation is a material fact, the sole reference with respect thereto is: "the defendant, as the employer."[2]

Particularly herein where the allegations that the COUNTY and the STATE of NEVADA, were co-employers is supplemented and supported by other allegations and the reasonable inferences which may be drawn from them, the Complaint adequately alleges that the County was an employer of the individual Defendants. The allegations in the Claims for Relief against the County include that court marshals, including in particular Defendant FOX, were routinely hired without compliance with pre-employment screening requirements in NAC 289.110; and that the COUNTY was aware of numerous prior incidents of improper conduct by Family Court personnel, including marshals, failed to adequately supervise or discipline personnel, and retained personnel with knowledge of unfitness for their position. (#59, at 10 & 15). These allegations, and certainly the reasonable inferences that arise from them, support and supplement the initial allegations that the County engaged in such employment related matters as an employer.

The allegations that the Country and State were joint employers and jointly operated the District Court cannot be viewed as implausible on their face. In *Graves v. Lowery*, 117 F.3d 723,

---

[2] In this regard, the Rules may only be amended "by the process of amending the Federal Rules, and not by judicial interpretation." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-169 (1993). .

727 (3d Cir. 1997), after noting that the State and its courts were employers of judicial personnel, the Court stated: "In our view, however, this fact does not preclude the possibility that a county may share co-employer or joint employer status with the courts." That recognition also supports that the assertion that the COUNTY and STATE jointly operate the District Court cannot be viewed as implausible.[3]

Further, allegations of the Complaint sufficiently plead a basis for the claim for municipal liability pursuant to 42 U.S.C. 1983. (The employment relation is sufficient to support the claim of respondeat superior liability on the state law claims.) As noted above, the allegations include that court marshals, including in particular Defendant FOX, were routinely hired without compliance with pre-employment screening requirements in NAC 289.110; and that the COUNTY was aware of numerous prior incidents of improper conduct by Family Court personnel, including marshals, failed to adequately supervise or discipline personnel, and retained personnel with knowledge of unfitness for their position. (#59, at 10 & 15).

These allegations go well beyond "a blanket assertion, of entitlement to relief," a pleader's "bare averment that he wants relief and is entitled to it," or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 556; *Iqbal*, 129 S. Ct. at 1949. The County's Motion urges the Court to disregard these factual allegations, asserting simplistically and inaccurately that they must be viewed as alleging only legal conclusions. As recognized by the Ninth Circuit, under *Twombly* and *Iqbal*, allegations may be discounted if "they do nothing more than state a legal conclusion," if they are "bare assertions . . . amount[ing]

---

[3] Both the Nevada Supreme Court and Federal courts recognize that a participant in a joint operation, activity, or venture is liable for all damage wrongfully caused by the operation or activity even if it was not personally involved in the wrongdoing. See, e.g., *Radaker v. Scott*, 109 Nev. 653 (1993); *Howe v. United Parcel Service, Inc.*, 379 F. Supp. 667, 670 (S.D. Iowa 1974). *Cf*., Adickes v. S. H. Kress & Co., 398 U.S. 144, 174 (1970) (liability based on being a "participant in joint activity with the State"); *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961) (a joint participant in the challenged activity).

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

6

to nothing more than a 'formulaic recitation of the elements' " of a claim. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In recognition of the foregoing, Courts, including in this District, have refused to dismiss complaints with allegations similar to, or with even less factual content than, the allegations in the Complaint herein.  See, e.g., *Cerros v. N. Las Vegas Police Dep't*, 2008 U.S. Dist. LEXIS 22636, 26-27 (D. Nev. Feb. 28, 2008) (ruling as sufficient plaintiff's allegation "[t]he acts of police officers on the scene were, on information and belief . . . undertaken in accord within [sic] the policies and procedures of the North Las Vegas Police Department and in accord with training given such officers.").  See also, *Sonntag v. Gurres*, 2010 U.S. Dist. LEXIS 79136 (D. Nev. July 1, 2010). Further, as pointed out in *Niendorf v. Gooding County*, 2010 U.S. Dist. LEXIS 17082, 15-16 (D. Idaho 2010), when, as herein, it is the defendant who possesses much of the material information, less specificity is required to survive a motion to dismiss, and (at 18-19): "It is only through discovery and, likely, Defendants' anticipated Motion for Summary Judgment, where such allegations will be fully vetted in a way that, given the current procedural posture, is impossible to do now when considering Defendants' Motion to Dismiss."

> **II.    The County's own evidence, and other matters, defeat the Motion's request for summary judgment, as well as supporting Plaintiff's request, if needed, for leave to amend**.

Initially, Plaintiff notes that summary judgment must be refused because there has not been an adequate opportunity for discovery. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  This has been interpreted "as requiring, rather than merely permitting, discovery." *Continental Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 1011, 1025 (9th Cir. 2012).  As well, in view of the matters discussed below, should it be felt necessary, Plaintiff must be afforded leave to amend.  "Dismissal of a complaint without leave to amend is reviewed de novo and is improper unless it is clear that the complaint could not be saved by any

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

7

amendment." *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006); *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

The County's co-employer status and its participation in the non-judicial operations of the District Court, including in particular personnel matters, are supported even by the County's own evidence. Exhibit A to the County's Motion (#66-1) is an agreement between Clark County and the District Court and the Las Vegas Justice Court pursuant to which; "the COURT and the COUNTY authorize the Clark County Human Resources Department to provide comprehensive personnel services to the COURT, including classification and compensation, recruitment, employee relations, personnel systems and records, employee assistance and wellness, and other related services including support from the Office of Diversity." The Agreement covers marshals and masters, as well as other staff.

The exhibits submitted herewith are fatal to the County satisfying its burden of showing that here is no genuine issue as to whether the County was an employer of the individual Defendants. They reveal that the County itself and the employees considered the marshals to be County employees; that the County treated them as such; and that the was involved with their employment from the pre-employment screening and hiring through and including discipline and termination.[4]

The Country is the one who did the hiring of court marshals and hearing masters. (See

---

[4] See *Walters v. Washington County*, 2009 U.S. Dist. LEXIS 23739, 34-35 (W.D. Pa. 2009), in which a court clerk sued both a county and a court because of her employment termination asserting, *inter alia*, violation of her due process rights under 42 U.S.C. 1983. The Court granted summary judgment on other grounds, but only after concluding plaintiff provided sufficient evidence to survive summary judgment on the issue of joint employer status of the County. This was based on evidence "that the County had some role in hiring, supervising, and terminating plaintiff", of "Plaintiff being required to sign multiple personnel acknowledgments for County personnel policies," "the County application process" and "that the County had input into the hiring and firing of plaintiff."

Exhibit 3 submitted herewith.) The Motion's assertion that the "Bailiffs and deputy marshals consider themselves employees of the Court," should be viewed as incomplete, misleading or simply wrong. Numerous of the marshals, including but not limited to FOX, have expressed in court filings in various cases that they are employees of the County. (Ex. 4.) [5]

Indeed, the County considered and treated marshals as employees. A deposition (Ex. 5) was taken of Clark County Director of Human Resources, Jesse E. Hoskins, in another case in which the employment relation is at issue. (*Britain, et als, v. Clark County*, D. Nev., Case 2:12-cv-01240.) Mr. Hoskins testified to, inter alia, the following:

1) The Clark County Code classifies marshals as County employees. (Dep. at p. 12.)

2) The salary schedule for marshals is set by Clark County. (Dep. at p. 17.)

3) The ultimate decision as to how much to fund for a position or to set a salary schedule belongs to Clark County. (Dep. at p. 20.)

4) Clark County carries Worker's Compensation insurance for the marshals. (Dep. at p. 32.)

5) Marshals are paid under Clark County's Federal tax ID number, and it is Clark County who makes the withholdings required by federal tax law. (Dep. at p. 44.)

6) The courts are staffed with employees provided by Clark County. (Dep, at p. 49.)

The clarity of the fallacy in the COUNTY'S argument is enhanced by documents in Defendant FOX's personnel file. These include a number of Clark County forms expressly stating that, in his position as a court marshal, FOX was "employed by Clark County," had "employment with Clark County," and was in "County service." (See Ex. 7, Bates pages 57, 195 and 247-49, and, in particular Bates p. 249 that FOX's employment was subject to the Clark County Merit Personnel System Manual.) Fox's application for the Bailiff/Marshal position was a Clark County Employment Application submitted to the County. (Ex. 7, Bates p. 98.) The hearing officer for Fox's Step 1 Pre-Termination Hearing expressed as her first finding that "On

---

[5] As noted on *Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir. 1997), the understanding of

or about September 11, 2008, Ronald J. Fox (hereinafter "Grievant Fox') was hired by Clark County in the position of Marshal/Bailiff." (Ex. 7, Bates p.10.)

It is equally clear that the COUNTY substantially participated in disciplinary matters concerning the court marshals. As in the case of Defendant FOX's, appeal of discipline, including terminations, was conducted pursuant to the County's Merit Personnel System Procedures. (Ex. 1.) In FOX's case, the final decision maker about his termination, the Step 2 Hearing Master, was Edward Finger, Assistant County Manger, who noted in his decision that the employer was Clark County. (Ex. 2.) Also, records of discipline were kept in the County Human Resources Department. (County Ex. B, #66-2, at 9-10.) The concluding portion of the internal affairs report concerning Fox and the Contreras incident, states as the "Action Taken" "Report submitted to "Clark County Human Resources." (Ex. 7, Bates p. 361.) The notice to Fox that he was put on leave pending termination came under the logos of both the State and Clark County. (Ex. 7, Bates p. 461.)

Further, the County pays the State to provide a defense for court staff members, including marshals. (Ex. 6.) This expenditure of County funds must be viewed as recognition that the County, at least jointly with the State, has legal responsibility for the actions of the court staff.

While not asserted in the present motion, in its reply in its prior motion to dismiss, the County asserted that because the Court has paramount authority, separation of powers precluded the County from being considered as an employer, citing *City of Sparks v. Sparks Mun. Court*, 302 P.3d 1118, 1128 (Nev. May 30, 2013), involving a conflict between the City and Court. Similarly, the County is involved in litigation concerning whether the marshals are entitled to collective bargaining under the Nevada Local Government Employee-Management Relations Act, NRS Chapter 288, which also raises a conflict between the Court and the Local Government employees as to their employer is a relevant, though not controlling, factor.

Employee-Management Relations Board's ability to challenge the Court.

Separation of powers is relevant only "if there is a dispute between the two" branches. *State ex rel. Harvey v. Second Judicial Dist. Ct*, 117 Nev. 754, 770 (Nev. 2001). Indeed, in *City of Sparks*, the Court reversed and remanded the trial court's separation of powers ruling on the budgeting for court personnel because it was unclear whether there was a dispute, an actual controversy, necessary for the matter to be judiciable. *City of Sparks,* 302 P.3d at 1133.

Particularly when there is no dispute between them, two branches of government may and often do engage in overlapping and even duplicative functions. *Galloway v. Truesdell*, 83 Nev. 13, 21 (1967); *City of Sparks,* 302 P.3d at 1128. The overlapping and duplicative functions relevant herein were pursuant to the agreement between the COUNTY and the District Court pursuant to which the COUNTY was "to provide comprehensive personnel services."

The claims herein are based upon the actual historical facts and do not raise a dispute between the State judiciary branch and the COUNTY executive branch. The fact of the Court's paramount authority is simply irrelevant.

Clearly there are genuine issues of material fact, precluding the entry of any summary judgment. As well, should the Court feel any additional details need to be pled; leave to amend is requested and would be warranted.

**III.    The County is not entitled to dismissal based on its assertions of prosecutorial and discretionary immunity**.

In seeking dismissal of the *Monel* claim against CLARK COUNTY with respect to the conduct of the District Attorney and CPS, the COUNTY's motion does not dispute the allegations that the County District Attorney and Deputy District Attorneys and CPS are final policymakers for the COUNTY, or the allegations that each of those policymakers took actions which injured Plaintiff with no basis for doing so. Rather, the COUNTY's motion is limited to asserting that it is entitled to prosecutorial immunity with respect to the conduct of the District

Attorney and discretionary immunity with respect to the conduct of CPS.

However, judicial and prosecutorial/quasi-judicial immunity shields individuals sued in their individual capacity and are not available to governmental units. See *Chrzanowski v. Assad*, 275 Fed. App. 661 (9th Cir. 2008), observing that judicial and quasi-judicial immunity "covers individuals" and ruling that immunity is not available with respect to suits brought against an individual in their official capacity.  Bringing suits against an individual in his or her official capacity is regarded as the bringing of suit against the governmental unit in which they have such capacity.[6] Hence, the COUNTY is not entitled to the immunity it claims.   See also *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 2013 U.S. Dist. LEXIS 134278, 30-32 (D. Ariz. Sept. 19, 2013); *Cooney v. California*, 2013 U.S. Dist. LEXIS 58242 (N.D. Cal. Apr. 23, 2013) ("absolute immunity entitles certain individuals to immunity.)  Noting that the rationale for prosecutorial and judicial immunity is the same, in *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), the Court noted that such immunity is based on concern that individuals not be unduly affected in the performance of their official duties by concerns about the "possibility of personal liability."

With regard to the assertion of discretionary immunity for the conduct of CPS, the COUNTY's motion fails to acknowledge the significance of the allegation that CPS had "no basis," including in particular that CPS had been initially and thereafter informed that Plaintiff had been tested and found negative for drugs.  Discretionary immunity requires a showing that the action or conduct in question involved "the permissible exercise of policy judgment." *Berkovitz v. United States,* 486 U.S. 531, 537 (1988); *United States v. Gaubert,* 499 U.S. 315, 326 (1991).  See also, *Martinez v. Maruszczak*, 123 Nev. 433, 439 (2007).  See also *Goodman v.*

---

[6] *Gomez v. Vernon*, 255 F.3d 1118, 1126-1127 (9th Cir. 2001); *Brandon v. Holt*, 469 U.S. 464, 472 (1985).

*Las Vegas Metro. Police Dep't*, 2013 U.S. Dist. LEXIS 108730, 51-54 (D. Nev. Aug. 2, 2013) (acts which violate the Constitution are not discretionary); *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000) (governmental conduct cannot be discretionary if it violates a legal mandate).

Discretionary immunity might apply if the issue was whether there was a sufficient basis us for the action, but it does not apply when, as herein, there was no basis.

## **CONCLUSION**

For the reasons expressed herein, Plaintiff respectfully requests that The Court DENY Defendant CLARK COUNTY's motion.

Dated this 7th day of February, 2014.

           GOODMAN LAW GROUP
           A Professional Corporation


           /s/ Ross C. Goodman, Esq.
           Ross C. Goodman, Esq.
           520 South Fourth Street, 2nd Floor
           Las Vegas, Nevada 89101

           Tracy A. Eglet, Esq.
           Bradley J. Myers, Esq.
           Eglet Wall Christiansen
           400 South Seventh St., Box 1, Suite 400
           Las Vegas, Nevada 89101
           *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, as follows:

> Luther Snavely, Esq.
> Email:  Luther@gms4law.com
> Eva Garcia-Mendoza, Esq.
> Email:  evagm@gms4law.com
> Garcia-Mendoza & Snavely, Chtd.
> 501 S. Seventh Street
> Las Vegas, Nevada 89101
> ***Attorneys for Ronald D. Fox***
>
> Lyssa S. Anderson, Esq.
> Email:  landerson@kcnvlaw.com
> Kaempfer Crowell Renshaw Gronauer & Fiorentino
> 8345 West Sunset Rd., Ste. 250
> Las Vegas, Nevada 89113
> ***Attorneys for James Kenyon***
>
> Walter R. Cannon, Esq.
> Email:  wcannon@ocgas.com
> Olson, Cannon, Gormley, Angulo & Stoberski
> 9950 W. Cheyenne Avenue
> Las Vegas, Nevada 89129
> ***Attorneys for Patricia Doninger***
>
> Robert W. Freeman, Esq.
> Email:  rfreeman@lbbslaw.com
> Lewis Brisbois Bisgaard & Smith, LLP
> 6385 S. Rainbow Blvd., Ste. 600
> Las Vegas, Nevada 89118
> ***Attorneys for Clark County***

                                            */s/ Ross C. Goodman, Esq.*
                                            Ross C. Goodman, Esq.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088