ROBERT W. FREEMAN
Nevada Bar No. 3062
CAYLA WITTY
Nevada Bar No. 12897
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant Clark County*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

\*\*\*

| | |
|---|---|
| MONICA CONTRERAS, individually, and in her capacity as natural mother and guardian of, and on behalf of ANDREA PATERNA, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. FOX; JAMES KENYON; GREGORY BRYANT; PATRICIA DONNIGER, CLARK COUNTY, NEVADA, STATE OF NEVADA , ex rel, THE EIGHTH JUDICIAL DISTRICT COURT, DOES 1-10; and ROE ENTITIES11-20, inclusive<br><br>Defendants. | CASE NO. 2:13-cv-0591-JCM-PAL<br><br>**DEFENDANT CLARK COUNTY'S REPLY TO PLAINTIFF'S OPPOSITION TO CLARK COUNTY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

COMES NOW, Defendant Clark County, Nevada ("Clark County") by and through its attorneys of record, Robert W. Freeman, Esq., and Cayla Witty, Esq., from the law firm of Lewis, Brisbois, Bisgaard, & Smith, and hereby submit the following Reply to Plaintiff's Opposition to Clark County's Motion to Dismiss First Amended Complaint (#66).

/ / /

/ / /

/ / /

4830-8377-7816.1

This Reply is made and based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument that the Court may entertain at the hearing on Defendant's Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY OF ARGUMENTS

Plaintiff Monica Contreras premises her entire argument for Clark County's liability for the actions of individual defendants' alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983 (Fourth Claim for Relief), for negligent training/supervision/retention pursuant to state tort law (Twelfth Claim for Relief), and for respondeat superior liability (Thirteenth Claim for Relief) on the erroneous grounds that Clark County is the employer of individual Defendants Fox, Kenyon, and Doninger. First, Plaintiff did not address the binding legal precedent that Clark County as a municipal entity cannot be liable under the doctrine of respondeat superior. *See Shaw v. State of Cal. Dep't of Alcoholic Bev. Control*, 788 F.2d 600, 610 (9th Cir. 1986). Thus, Plaintiff's Thirteenth Claim for Relief should be dismissed with prejudice. As to the Fourth and Twelfth Claims for Relief, Plaintiff's allegations are legally insufficient to support a claim against Clark County and the evidentiary support on which Plaintiff relies to attempt to place material facts in controversy fail to identify Clark County as the employer of Defendants Fox, Kenyon, and Doninger. Plaintiff ignores the paramount authority of the state judiciary in its employment of the individual defendants. As such, it would be futile to allow amendment to the Complaint as discovery, related legal decisions, and state law will not change the legal reality that Clark County is not the employer of Defendants Fox, Kenyon, and Doninger.

With regard to the alleged *Monell* claims against Clark County for the actions of the District Attorney and Child Protective Services (CPS), Plaintiff has failed to allege the necessary elements of such a claim, specifically a policy under which Clark County could be liable for the



4830-8377-7816.1                                     2

actions of the District Attorney's Office or CPS. Furthermore, the actions of the District Attorney's Office and CPS were discretionary actions of individuals, that should be afforded discretionary immunity, and thus there is no underlying actions to attach liability to Clark County.

## III. REPLY TO PLAINTIFF'S OPPOSITION

### A. Clark County is not the employer of Defendants Fox, Kenyon, and Doninger

Clark County does not define the responsibilities or role of the individual defendants as Court employees, and, thus, cannot be held liable for their actions. A simple review of the facts and law as presented in the instant motion to dismiss shows this.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Plaintiff points to Form 13 from the Federal Rules of Civil Procedure appendix, and FRCP 84 which states that the form's general allegation of employment is sufficient. While this form relates to a very different employment situation (Form 13 applies to claims of negligence under the Federal Employers' Liability Act) and the Ninth Circuit has not addressed the sufficiency of the forms in the appendix to the FRCP since *Iqbal/Twombly*, Plaintiff wholly mistakes the point. Plaintiff fails to address the statutory directives that clearly state that the state judiciary, not the County, is the employer of marshals and hearing masters.

Plaintiff raised the separation of powers doctrine in an attempt to argue that Clark County and the Eighth Judicial District Court (EJDC) offer overlapping or duplicative functions with regard to the employment of Defendants Fox, Kenyon, and Doninger. Plaintiff conflates the Memorandum of Understanding (MOU) between the EJDC and Clark County as overlapping or duplicative functions. When this function is traced back to its basic source of power, the power to implement personnel services comes from the EJDC, not Clark County.

Plaintiff seems to misinterpret the application of the separation of powers doctrine as applied in *City of Sparks v. Sparks Municipal Court*, 129 Nev. Adv. Op. No. 28, 302 P.3d 1118 (May 30, 2013) (hereinafter "*Sparks*"). This doctrine further shows how Clark County's

4830-8377-7816.1                                    3

entitlement to judgment at this early stage of litigation is clear.

Article 3, § 1 of the Nevada Constitution, reads,

> The Powers of the Government of the State of Nevada shall be divided into three separate departments, the Legislative, the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except on the cases expressly directed or permitted in this constitution.

Thus, the Nevada Constitution provides for three separate, but co-equal, branches of government, each branch having its own function and constitutional power. It is the role of the judiciary "to hear and determine justiciable controversies and includes within its scope the inherent or incidental authority to do that which is reasonably necessary to exercise the power conferred." *Azbarea v. City of N. Las Vegas*, 95 Nev. 109, 111, 590 P.2d 161 (1979). In line with this, the judiciary performs ministerial functions to accomplish or put into effect the basic function of its role in government. *See Galloway v. Truesdell*, 83 Nev. 13, 422 P.2d 237 (1967). In *Galloway*, the Court explained the import and effect of each department's inherent authority:

> Without the inherent powers of ministerial functions, each department . . . would be literally helpless. It is because of the inherent authority of ministerial functions that the three Departments are thus linked together and able to form a co-ordinated and interdependent system of government. . . .
> . . .
> It is in the area of ministerial functions of each Department where there frequently occurs an overlapping or even duplication of functions. However, the overlapping is more apparent than real. . . . Such overlapping or duplication of effort or function can be entirely valid so long as each can logically and legitimately trace its efforts or functions back to, and it is derived from, its basic source of power.

*Galloway*, 83 Nev. at 21-22, 422 P.2d at 243.

In Nevada, as elsewhere, the judicial branch of government possesses the inherent power to administer its affairs. This power includes all incidental powers reasonable and necessary to carry out its duties. See *Goldberg v. Eighth Jud. Dist. Ct*., 93 Nev. 614, 615-16, 572 P.2d 521, 522 (1977) (citing *City of N. Las Vegas v. Daines*, 92 Nev. 292, 294, 550 P.2d 399, 400 (1976); *Dunphy v. Sheehan*, 92 Nev. 259, 549 P.2d 332 (1976); *Sun Realty v. Dist. Ct.,* 91 Nev. 774, 542 P.2d 1072 (1975); *Young v. Bd. of County Comm'rs*, 92 Nev. 52, 530 P.2d 1203 (1975); *State ex*

*rel. Kitzmeyer v. Davis*, 26 Nev. 373, 68 P. 689 (1902)).

The inherent powers of courts "are by their nature impracticable if not impossible of all-inclusive enumeration." *State v. Moriwake*, 647 P.2d 705, 712 (Hawaii 1982). However, they surely include the authority necessary "to protect the dignity, independence and integrity of the court and the judicial process." *People ex rel. N.R.*, 139 P.2d 371, 380 (Colo. 2006). Bailiffs, marshals, and special masters perform functions that are necessary to protect the dignity, independence and integrity of the court and the judicial process. To allow these court officers to be employed by Clark County may violate the constitutional principle of separation of powers and thus violate the constitution.

In the *Sparks* case mentioned above, the Nevada Supreme Court recently held that a city's imposition of its influence on court personnel decisions violates the separation of powers doctrine found at Article 3, Section 1 of the Nevada Constitution. *Sparks, supra,* at 20-22. The Court was asked to review the validity of a district court order enjoining the city from interfering in personnel decisions, specifically the reduction of the salaries of its administrator and judicial assistant. *Id.* When the court pushed back against the directive and the parties could not otherwise resolve their differences, the court sought an injunction. *Id.* The Nevada Supreme Court upheld the injunction finding that the court was likely to prevail on the merits of its claim that the City's directive violated the separation of powers doctrine. In its opinion, the Supreme Court discussed the separation of powers doctrine as it applies to the judicial branch of government as outlined above and then went on to directly address the management and control of court employees,

> [T]he Municipal Court's express function is to decide controversies and enforce judgments. See Galloway, 83 Nev. at 539-40, 422 P.2d at 242. It would be impossible for the Municipal Court to exist and fulfill this role without employees to manage the docket, process paperwork, provide administrative assistance, and monitor compliance with its orders, among many other ministerial duties. [citation omitted] Furthermore, the Municipal Court must be able to exercise control over the employees who perform these tasks in order to ensure that the appropriate candidates are chosen for the jobs, the tasks are performed in a satisfactory manner, and proper sanctions and rewards are available when necessary. See State ex rel. Harvey v. Second Judicial Dist. Court, 117 Nev. 754, 770, 32 P.3d 1263, 1273 (2001) (recognizing that the provisions of the Nevada Constitutional providing for an independent judiciary "would be seriously undermined if the judiciary were prohibited,

under any circumstance, from exercising direct control over the personnel who were performing vital and essential court functions").

*Id.*

In light of the *Sparks* decision, Clark County does not have the constitutional authority to exercise any influence over court personnel like deputy marshals and hearing masters. This decision flows from the statutory authority of the state judiciary over marshals and hearing masters as presented in the motion to dismiss. Although Plaintiff Contreras chose to ignore Clark County's arguments, it is clear that the Nevada Revised Statutes govern the creation and administration of the judicial system in Nevada, including appointment of bailiffs, deputy marshals, and hearing masters. Every aspect of the appointment, supervision, training, and discipline of bailiffs, deputy marshals, and hearing masters is reserved to the judiciary by statute. For example, the judges of the individual courts appoint their own marshals (NRS 3.310(1); NRS 4.353(1)). The appointed marshals serve "at the pleasure of the judges he or she serves". (NRS 3.310(1); NRS 4.353(1)). The appointed marshals are directed to perform only court functions: maintaining order, attending upon the jury, opening and closing court, and most importantly, "other such duties as may be required" by judges. (NRS 3.310(3); NRS 4.353(3)). The appointed marshals are required to provide a bond that is approved by the judges. (NRS 3.310(4); NRS 4.353(4)). Apart from statutory duties, the appointed marshals cannot serve civil or criminal process unless so ordered by a judge. (NRS 3.310(7); NRS 4.353(7)). In addition, the judiciary reserves the right to determine their marshal's salary, merit increases, and entitlement to overtime.

The documents provided by Plaintiff with her Opposition do not controvert the EJDC's paramount authority over marshals and hearing masters.[1] These documents are the work product from the MOU that Clark County, the EJDC, and the marshals entered into for efficiently processing personnel services. The MOU does not change the fact that the EJDC has paramount authority over the employment situation.

---

[1] In fact, Plaintiff failed completely to address the employment situation of Hearing Master Doninger. Without such, her employment status as an EJDC employee alone is uncontroverted.

Furthermore, this issue has also been addressed by the State of Nevada Local Government Employee-Management Relations Board (EMRB). On January 27, 2014, the EMRB issued an Order finding that the marshals were EJDC employees, based on the same facts and law as outlined in this motion to dismiss. *See* Clark County's Exhibit C, attached hereto.  The EMRB held that the EJDC's control over the manner and method in which the marshals perform their duties was determinative of their status as court employees, even while a local government was responsible for payroll and other personnel services. *See id.*, at 5.

Integral to both of Plaintiff Contreras' claims is an underlying employment relationship between Clark County and the individual Defendants that does not and cannot exist.  This legal situation cannot be changed.  No amount of discovery or amendment of allegations will alter this legal relationship in which the EJDC is the employer with paramount authority over marshals and hearing masters.  Pursuant to the Nevada Constitution, Nevada statutes, and the contracts governing the relationship of the County, Courts, and court employees, Clark County is not the employer of Defendants Fox, Kenyon, or Doninger.  Clark County cannot be liable for Plaintiff's alleged civil rights violation or for the negligent supervision, training or retention of the individual Defendants and is entitled to judgment as a matter of law.

### A. **Plaintiffs fails to identify a policy or an official acting under any policy that could lead to liability for Clark County based on the actions of the District Attorney's Office or CPS.**

As laid out in the motion to dismiss, a *Monell* claim, i.e., the attachment of municipal liability under § 1983 to a municipal entity, requires a policy decision that leads to a violation of a plaintiff's constitutional rights. *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 644-45 (9th Cir. 1999).  Clark County, as a municipal entity, cannot therefore be liable "'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Id.* (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 477, 106 S. Ct. 1292, 1297 (1985) and *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978)).

Plaintiff completely fails to allege a *Monell* claim for the actions of the District Attorney's office or CPS.  First, Clark County cannot deny that the District Attorney's office or CPS is a final policy-maker capable of imputing liability to Clark County, because Plaintiff has failed to identify

an official with that capability. Following that, Plaintiff fails to identify any decision based on a specific policy at all on which liability would be founded. This pleading is utterly below the standard for a plausible claim for relief.

Even accepting that the wrongs alleged by Plaintiff were actionable, Clark County cannot be liable for the discretionary actions alleged by the District Attorney's Office and CPS. In the *Nash-Holmes* suit, the Court found that district attorneys that were alleged to have violated the plaintiff's rights did not in fact do so. *Nash-Holmes*, 169 F.3d at 645. Because no violation of the plaintiff's constitutional right could be found by the municipal official (there, the district attorney), the Court held that the municipal entity was also not liable. *Id.*

The situation here is identical to the *Nash-Holmes* case. The actions of the District Attorney's Office and CPS are discretionary functions, entitled to immunity under the argument as presented in the motion to dismiss. Even assuming that the alleged bad actors were final policy-makers (a bare, unsupported legal conclusion in Plaintiff's Complaint not entitled to belief), the bad actors would be entitled to immunity and no liability would attach to Clark County.

The discretionary nature of the alleged constitutional violations by the District Attorney and CPS will not be altered by amendment. It is the essence of those actions that no policy can dictate the results. The choice to prosecute a citation or remove a child from a guardian is not a clear directive from policy; it requires heavy personal deliberation and careful weighing of societal concerns, for which these actors would be immune from suit. Clark County cannot be liable for the discretionary acts within these County entities, and, thus, is entitled to dismissal with prejudice.

## IV. CONCLUSION

Pursuant to the Nevada Constitution, Nevada statutes, and the Memorandum of Understanding governing the relationship of Clark County, the EJDC, and court employees, Clark County is not the employer of Defendants Fox, Kenyon, or Doninger. In this circumstance, Clark County cannot be liable for Plaintiff alleged civil rights violation or for the negligent supervision, training or retention of the individual Defendants and is entitled to judgment as a matter of law.

Likewise, the factual allegations against the District Attorney and CPS should be accorded immunity as discretionary functions, leaving Clark County entitled to judgment as a matter of law.

Plaintiff has failed to state a claim upon which relief may be granted. Defendant Clark County is entitled to dismissal with prejudice of Plaintiff's First Amended Complaint in its entirety.

DATED this 18th day of February, 2014.

                LEWIS BRISBOIS BISGAARD & SMITH LLP

                /s/ *Cayla Witty*
                _____
                Robert W. Freeman, Jr., Esq.
                Nevada Bar No. 3062
                Cayla Witty, Esq.
                Nevada Bar No. 12897
                6385 S. Rainbow Blvd., Suite 600
                Las Vegas, Nevada 89118
                *Attorney for Defendant Clark County*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of February, 2014, I electronically filed **DEFENNDANT CLARK COUNTY'S REPLY TO PLAINTIFF'S OPPOSITION TO CLARK COUNTY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the Court through the Case Management/Electronic Filing System.

Ross C. Goodman, Esq.
GOODMAN LAW GROUP
520 S. Fourth Street, 4th Floor
Las Vegas, Nevada 89101
ross@goodmanlawgroup.com
*Attorneys for Plaintiffs*
*Monica Contreras and Andrea Paterna*

Tracy A. Eglet, Esq.
EGLET WALL CRISTIANSEN
400 South Seventh Street
Box 1, Suite 400
Las Vegas, Nevada 89101
eservice@egletwall.com
*Attorneys for Plaintiffs*
*Monica Contreras and Andrea Paterna*

Eva Garcia-Mendoza, Esq.
GARCIA-MENDOZA & SNAVELY
501 South Seventh Street
Las Vegas, Nevada 89101
evagm@gms4law.com
*Attorneys for Defendant Ronald D. Fox*

Walt R. Cannon, Esq.
OLSON, CANNON, GORMELY, ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
wcannon@ocgas.com
*Attorneys for Defendant Patricia Donniger*

/ / /

/ / /

/ / /

1 Lyssa S. Anderson, Esq,
KAEMPFER CROWELL RENSHAW GRONAUER & FIRENTINO
2 8345 W. Sunset Road, Suite 250
Las Vegas, Nevada 89113
3 landerson@kcnvlaw.com
*Attorneys for Defendant James Kenyon*
4

5
/s/ *Cayla Witty*
6 By_____
An Employee of
7 LEWIS BRISBOIS BISGAARD & SMITH LLP

4830-8377-7816.1                                    11