WALTER R. CANNON, ESQ.
Nevada Bar No. 001505
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 - Telephone
(702) 383-0701 - Fax
wcannon@ocgas.com
Attorneys for Patricia Doninger

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONICA CONTRERAS, individually, and in her capacity as natural mother and guardian of, and on behalf of, ANDREA PATERNA, a minor,<br><br>    Plaintiffs,<br><br>vs.<br><br>RONALD D. FOX; JAMES KENYON; GREGORY BRYANT; PATRICIA DONINGER; CLARK COUNTY, NEVADA; DOES 1-10; and ROE ENTITIES 11-20, inclusive,<br><br>    Defendants. | CASE NO. 2:13-cv-00591-JCM-PAL |

## DEFENDANT PATRICIA DONINGER'S REPLY IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant, Patricia Doninger, by and through her undersigned counsel, OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, and files the instant Reply Points and Authorities in Support of her Motion to Dismiss the claims against her in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiffs' failure to state a claim upon which relief can be granted.

. . .

. . .

. . .

# POINTS AND AUTHORITIES

## I. Introduction

The allegations set forth in Plaintiffs' Amended Complaint against Defendant Patricia Doninger, a Hearing Master for Family Court ("Hearing Master Doninger"), fail to state a claim upon which relief can be granted. Specifically, the allegations are barred by the doctrine of absolute judicial immunity. The entirety of the claims against Hearing Master Doninger stem from alleged actions–and inactions–taken in her capacity as a hearing master which are judicial or quasi-judicial functions. Because a judge, and those acting to perform duties directly related to the judicial function, are protected by absolute judicial immunity, no federal claims may be stated on the facts set forth in Plaintiffs' Amended Complaint against Hearing Master Doninger. Further, similar absolute judicial immunity under Nevada state law bars Plaintiffs' state law claim against Hearing Master Doninger.[1]

## II. Legal Argument

Plaintiffs asserted 20 causes of action in their First Amended Complaint, four (4) of which are alleged against Hearing Master Doninger. The causes of action against Hearing Master Doninger include: violation of 4th and 14th Amendment rights pursuant to 42 U.S.C. §1983 (First and Second Claims for Relief); supervisory liability pursuant to 42 U.S.C. §1983 (Third Claim for Relief); and negligent supervision under state law (Tenth Claim for Relief). Each allegation stems from an event on August 8, 2011 when Plaintiff Monica Contreras was appearing before Hearing Master Doninger as a litigant during a hearing for extension of a temporary restraining order previously filed against Plaintiff Monica Contreras by her ex-husband. According to Plaintiffs, after they left the courtroom at the conclusion of the hearing, Plaintiff Monica Contrera was approached by Defendant Marshal Fox who allegedly engaged in non-consensual, improper sexual contact with her while conducting a drug search in an anteroom of the courtroom. (Compl. ¶¶ 12-16). Plaintiffs returned to Hearing Master Doninger's courtroom and Plaintiff Monica Contreras informed the Hearing Master of Marshal Fox's alleged

---

[1] In addition, negligent supervision claims are barred by N.R.S. § 41.032, discretionary immunity. *See Neal-Lomas v. LVMPD*, 574 F.Supp.2d 1170, 1192 (D.Nev. 2008).

behavior. (Compl. ¶ 17). At this time, Defendant Marshal Kenyon (a senior Marshal at Family Court) was also in the courtroom. According to the Amended Complaint, both Marshals then arrested Plaintiff Monica Contreras for providing a false statement to the Court. (Compl. ¶ 19).

There are no allegations Hearing Master Doninger was involved in the drug search of Plaintiff Monica Contreras which occurred <u>outside</u> the courtroom. Further, no allegations exist that Hearing Master Doninger knew, or had reason to know, whether the basis for Defendants Fox and Kenyon's arrest of Plaintiff Monica Contreras was legitimate (*i.e.* whether the statement she provided regarding Marshal Fox's conduct was, indeed, false). Instead, Plaintiffs maintain Hearing Master Doninger's culpability lies in a failure to act at the time of Plaintiff Monica Contreras' arrest. More particularly, Plaintiffs assert that Hearing Master Doninger engaged in a "conscious disregard of Plaintiff's rights" by failing to intervene and stop the alleged unreasonable search and seizure committed by Defendants Fox and Kenyon (4th Amendment violation)[2] which eventually led to an alleged deprivation of Plaintiff's, and her daughter's, liberty interests in the familial relationship with each other (14th Amendment violation)[3] [4].

Plaintiffs further allege Hearing Master Doninger "knowingly failed to take actions"–within an incorrectly presumed administrative/supervisory capacity–which "would have prevented the alleged violations of Plaintiff's rights". (Compl. ¶¶ 48-49).[5] Plaintiffs' incorrect presumption that Hearing Master Doninger has supervisory control over the Marshals appearing

---

[2] Compl. ¶¶ 35-35A.

[3] Plaintiff's daughter, who accompanied Plaintiff to court the day of the subject incident, was taken into custody by Child Protective Services during the time Plaintiff was detained. (Compl. ¶ 22).

[4] Compl. ¶¶ 42-42A.

[5] Plaintiff maintains Hearing Master Doninger had an "administrative duty to supervise the conduct of the court staff, including the marshals." Defendant denies this allegation. However, the instant Motion seeks dismissal under F.R.C.P. 12(b)(6), which mandates the Court accept all factual allegations in Plaintiffs' Amended Complaint as true. As set forth in detail herein, whether Hearing Master Doninger had a right to exercise administrative control over the marshals appearing in her courtroom is of no moment to a determination of the instant Motion. The specific actions alleged by Plaintiffs are *judicial* in nature, not administrative, and absolute immunity bars recovery against Hearing Master Doninger stemming from the same.

in her courtroom also forms the basis for Plaintiffs' state law claim of negligent supervision. (Compl. ¶ 86-87).

### A. Plaintiffs Have Established No Basis to Preclude Application of Absolute Immunity for all Federal Claims Asserted Against Hearing Master Doninger

Judicial immunity has been recognized in the common law since 1872. Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. *Bradley v. Wall*, 13 Wall. 335, 20 L.Ed. 646 (1872). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, this absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith or corruption. *Forrester v. White*, 484 U.S. 219, 227-28 (1988).

Plaintiffs, in opposition to the current Motion to Dismiss, do not disagree that Hearing Master Doninger's role in the instant matter is functionally comparable to that of a judge for purposes of judicial immunity. She presides over adversary matters involving the issuance and extension of domestic violence protective orders. She acts as the trier of fact and the parties are entitled to present evidence during the hearings (pursuant to the traditional safeguards in place regarding the admission of evidence). Hearing Master Doninger's findings are reduced to a Recommendation which must be signed by a district court judge. Either party may file an objection to the Recommendation with the district court in an attempt to correct errors on appeal. She acts as an integral part of the judicial process and performs a valuable function in assisting the courts with evaluation and determination of restraining order matters. While acting in this capacity, Hearing Master Doninger is entitled to judicial immunity. *See Duff v. Lewis*, 114 Nev. 564, 958 P.2d 82 (1998).

Judicial immunity is overcome in only two sets of circumstances: (1) a judge is not immune from liability for non-judicial actions (*i.e.* actions not taken in the judge's judicial capacity); and (2) a judge is not immune for actions, though judicial in nature, taken in a complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). In their Opposition, Plaintiffs do **not** oppose application of absolute immunity on the grounds Hearing

Master Doninger's actions were taken in complete absence of all jurisdiction. They further do **not** oppose the fact Hearing Master Doninger was acting as an arm of the court and was performing a judicial function. Their sole challenge to absolute immunity rests on the argument these alleged actions were administrative, as opposed to judicial, in nature. Plaintiffs are incorrect.

Plaintiffs cite *Forrester* and *Antoine v. Byers & Anderson*, 508 U.S. 429 (1993) for the proposition that judicial immunity does not apply to administrative actions. Unfortunately, Plaintiffs fail to provide the Court with any analysis which applies the holdings of those cases to the instant facts. The reason for such failure is clear: the administrative action at issue in both cases bears no similarity to the actions of Hearing Master Doninger. In *Forrester*, the court refused to grant absolute immunity to a judge for allegations that he demoted and discharged an employee on account of her sex in violation of the Equal Protection Clause of the 14th Amendment. The *Forrester* court held the judge's <u>personnel decision</u> to demote and discharge the former employee was administrative rather than judicial in nature. 484 U.S. at 220. In *Antoine*, the court held the defendant <u>court reporters</u> were not entitled to absolute immunity for an alleged failure to provide complete transcripts of a criminal proceeding. The court stated: "In short, court reporters do not exercise the kind of judgment that is protected by the doctrine of judicial immunity." 508 U.S. at 437.

Conversely, the record clearly establishes the entirety of Plaintiffs' allegations against Hearing Master Doninger rest in actions (or inactions) taken in Hearing Master Doninger's quasi-judicial capacity. The determination of whether a function is "judicial" for purposes of immunity includes two factors: (1) whether the function is one normally performed by a judge; and (2) whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 357. The complained-of actions against Hearing Master Doninger fulfill both factors.

First, Plaintiff Monica Contreras' only interaction with Hearing Master Doninger was in the Hearing Master's judicial capacity. At all times relevant, Plaintiff Monica Contreras was a <u>litigant</u> appearing before Hearing Master Doninger within her assigned courtroom. Indeed, the precise action Plaintiffs allege should have occurred, *i.e.* that Hearing Master Doninger should

have intervened during Plaintiff Monica Contreras' arrest, could have only been undertaken in her judicial capacity. Plaintiffs are not employees or co-workers of Hearing Master Doninger and the allegations against Hearing Master Doninger cannot be deemed to involve personnel or "administrative" issues. All interaction between Plaintiff Monica Contreras and Hearing Master Doninger occurred as between a litigant and a judge.

Plaintiffs' argument that Hearing Master Doninger had a duty to intervene in the arrest of Plaintiff Monica Contreras because the Hearing Master was the "superior official present" is unavailing. Plaintiffs cite no authority in support of this statement. Further, Plaintiffs' attempted application of certain provisions within the Nevada Code of Judicial Conduct is equally unpersuasive. Nothing in the Amended Complaint references allegations that Hearing Master Doninger violated any Nevada Code of Judicial Conduct, particularly Cannon 1.2 (cited by Plaintiffs within their Opposition) which provides:

> *A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety.*

The allegations contained in the Amended Complaint against Hearing Master Doninger consist of civil rights violations under the Fourth and Fourteenth Amendment, and pendent state law negligent supervision claims. Plaintiffs' citation to the general expectations of judges to promote confidence in the judiciary, as set forth in Cannon 1.2, is confusing at best, and desperate at worst.

The same is true for Plaintiffs' citation to Cannon 2.12(A) which provides:

> *A judge shall require court staff, court officials, and others <u>subject to the judge's direction and control</u> to act in a manner consistent with the judge's obligations under this Code.*

(Emphasis added).

Noticeably absent in Plaintiffs' cited version of Cannon 2.12 is the underscored language above, *i.e.* "subject to the judge's direction and control". As stated in Hearing Master Doninger's Motion to Dismiss, and unrefuted by Plaintiffs, Hearing Master Doninger exercises no administrative direction or control over the Marshals who appear in her courtroom. She is not even entitled to request that a particular Marshal appear in her courtroom. The Family Court

Marshals decide which courtroom they will be working in on any particular day. Hearing Master Doninger is further not entitled to supervise any actions of the Marshals who appear in her courtroom. She has no supervision, direction, and/or control over the Marshals.

The third Cannon cited by Plaintiffs is also inapplicable and without merit for purposes of opposing Hearing Master Doninger's Motion to Dismiss. Cannon 2.3 prohibits judges from permitting court staff, court officials, or others <u>subject to the judge's direction and control</u> from engaging in harassment. Again, this Cannon is limited to those subject to the direction and control of Hearing Master Doninger (which does not include Marshals Fox or Kenyon). More importantly, there are no allegations of harassment contained in Plaintiffs' Amended Complaint.

The second prong of *Stump* is also fulfilled in this matter, *i.e.* the acts at issue are those normally performed by a judge. In *Chrzanowski v. Assad*, Case No.: 2:05-cv-00418-RLH-PAL (Dkt 25) Judge Hunt held the defendant Judge George Assad was entitled to judicial immunity for allegations that he wrongfully held a defendant's girlfriend in custody in an effort to pressure the boyfriend to appear in his court. (*See Order*, attached as Exhibit "A" to Hearing Master Doninger's Motion to Dismiss). Although the girlfriend was not the defendant and was not part of the criminal action, Judge Hunt determined that judicial immunity applied because the act of ordering someone in custody was judicial in nature (the act took place in Judge Assad's courtroom, the order arose from a pending case, and the order derived from a confrontation with the judge in his official capacity). *Id.*[6]

The Ninth Circuit held similarly in *Crooks v. Maynard*, 913 F.3d 699 (9th Cir. 1990) wherein it stated a judge was entitled to judicial immunity for the issuance of a contempt citation against a clerk of court and deputy clerk. The *Crooks* court rejected the plaintiffs' argument that the act at issue was administrative (as opposed to judicial) in nature, holding alternatively that the act was not a "personnel action" because the judge did not hire or fire the plaintiffs and was only exercising his judicial power. *Id.* at 700. The *Crooks*' holding is entirely applicable in the instant matter.

---

[6] This decision was affirmed in an unpublished decision by the Ninth Circuit Court of Appeals. 2008 WL 1829784 (9th Cir. 2008); 275 Fed.Appx. 661 (C.A.9 (Nev.)).

Actions taken by a judge in an effort to control his/her courtroom are consistently interpreted as judicial functions, thus entitling the judge to absolute immunity. *Mireles v. Waco*, 502 U.S. 9 (1991)(concluding that judge was immune from liability for allegedly authorizing police officers to use excessive force to hale an attorney into his courtroom); *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir.1986) (extending absolute judicial immunity to a judge who allegedly conspired with a prosecutor to predetermine the outcome of a proceeding); *King v. Myers*, 973 F.2d 354 (4th Cir.1992) (holding that magistrate judge was absolutely immune from civil liability for directing a police officer to effect warrantless arrest); *Green v. Maraio*, 722 F.2d 1013 (2d Cir.1983) (recognizing immunity where a judge instructed a court reporter to alter a trial transcript); *Sheppard v. Maxwell*, 384 U.S. 333 (1966)(a judge acts in a judicial capacity when exercising control of the judge's courtroom); *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir.1994)(state probate court judge's actions of not taking probate court employee's recommendations on disposition of juvenile cases, and barring employee's admittance into court were judicial acts and therefore subject to immunity despite the employee's allegations the judge made his decisions out of hostility arising from the employee's marriage to the judge's secretary).

<u>Because a judge is immune from suit for ordering a litigant to be taken into custody, the converse must also be true: a judge is immune from suit for an alleged failure to *stop* someone from being taken into custody, which is precisely the allegation against Hearing Master Doninger.</u> Plaintiffs may disagree with the judicial discretion exercised by Hearing Master Doninger, however, application of immunity is **not** dependent on the accuracy of the decision. Absolute immunity insulates judges from charges of erroneous acts or irregular action even when it is alleged that such action was driven by malice, bad faith or corruption. *Forrester*, 484 U.S. at 227-28. Furthermore, the absolute immunity is not pierced by allegations of judicial authority "flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

In the instant case, Plaintiffs' allegations against Hearing Master Doninger fall squarely in the ambit of the protection of absolute judicial immunity. The entirety of the allegations arise from events that occurred in Hearing Master Doninger's courtroom while she was acting in her

. . .

official capacity. This is plainly a case where immunity attaches and dismissal of Plaintiffs' allegations against Hearing Master Doninger is warranted.

### B. Hearing Master Doninger is Also Entitled to Judicial Immunity for Plaintiff's State Law Claims

Hearing Master Doninger is also immune from Plaintiffs' state law cause of action for negligent supervision. According to the Nevada Supreme Court in *State v. Second Judicial District Court*, 118 Nev. 609, 615, 55 P.3d 420 (2003), state-court judges have immunity from state law claims just as they do for federal causes of action. Plaintiffs do not separately oppose Hearing Master Doninger's right to judicial immunity from suit for the pending state law claim of negligent supervision.

Absolute judicial immunity attaches to Hearing Master Doninger's alleged conduct regardless of whether Plaintiffs file suit under federal law claims or state law claims. Plaintiffs' "negligent supervision" claim is legally deficient for the same reasons set forth above for the §1983 civil rights causes of action. Dismissal is thus warranted for any claims asserted under supplemental jurisdiction against Hearing Master Doninger.

### CONCLUSION

Based on the foregoing, Defendant Patricia Doninger respectfully requests that the entirety of Plaintiffs' claims made against her in the Amended Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

RESPECTFULLY SUBMITTED this 24th day of February, 2014.

OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI

By: /s/ Walter R. Cannon
WALTER R. CANNON
Nevada Bar No. 001505
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
PATRICIA DONINGER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of February, 2014, I served the above **DEFENDANT PATRICIA DONINGER'S REPLY IN SUPPORT OF MOTION TO DISMISS** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Ross C. Goodman, Esq.
Goodman Law Group, P.C.
520 So. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
Attorney for Plaintiff

Tracy A. Eglet, Esq.
Bradley J. Myers, Esq.
R. Todd Terry, Esq.
Eglet Wall Christiansen
400 South Seventh Street, Box 1, Suite 400
Las Vegas, Nevada 89101
Attorneys for Plaintiff

Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III, Esq.
501 South Seventh Street
Las Vegas, Nevada 89101
Attorney for Defendant Ronald D. Fox

Lyssa S. Anderson, Esq.
Kaempfer Crowell Renshaw Gronauer & Fiorentino
8345 W. Sunset Road, Suite 250
Las Vegas, Nevada 89113
Attorney for Defendant James Kenyon

Robert W. Freeman, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
6385 S. Rainbow Blvd., #600
Las Vegas, Nevada 89118
Attorney for Defendant Clark County

C. Wayne Howle, Esq.
Nevada Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
Attorney for Defendant State of Nevada

/s/ Nanette D. Langenderfer
An Employee of OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI